John Y. Bonds, III
TX 02589100 *(Admitted Bankr. N.D. Tex.)*
Roland P. Schafer
TX 24056271 *(Admitted Bankr. N.D. Tex.)*
Bryan C. Assink
TX 24089009 *(Admitted Bankr. N.D. Tex.)*
William R. Howell, Jr.
NY 5091269 *(Admitted Bankr. N.D. Tex.)*
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile

**ATTORNEYS FOR DEFENDANT JAMES DONDERO**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** § | | |
| § | | **Case No. 19-34054-sgj11** |
| **HIGHLAND CAPITAL** § | | |
| **MANAGEMENT, L.P.,** § | | **Chapter 11** |
| § | | |
| **Debtor.** § | | |

| | | |
|---|---|---|
| **OFFICIAL COMMITTEE OF** § | | |
| **UNSECURED CREDITORS,** § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | **Adversary No. 20-03195** |
| **vs.** § | | |
| § | | |
| **CLO HOLDCO, LTD., CHARITABLE** § | | |
| **DAF HOLDCO, LTD., CHARITABLE** § | | |
| **DAF FUND, LP, HIGHLAND DALLAS** § | | |
| **FOUNDATION, INC., THE DUGABOY** § | | |
| **INVESTMENT TRUST, GRANT JAMES** § | | |
| **SCOTT III IN HIS INDIVIDUAL** § | | |
| **CAPACITY, AS TRUSTEE OF THE** § | | |
| **DUGABOY INVESTMENT TRUST,** § | | |
| **AND AS TRUSTEE OF THE GET** § | | |
| **GOOD NONEXEMPT TRUST, AND** § | | |
| **JAMES D. DONDERO,** § | | |
| § | | |
| **Defendants.** § | | |

### RELIEF REQUESTED FROM DISTRICT COURT

### JURY TRIAL DEMANDED

### DEFENDANT JAMES DONDERO'S MOTION TO WITHDRAW THE REFERENCE AND JOINDER IN SUPPORT OF MOTIONS BY OTHER DEFENDANTS TO WITHDRAW THE REFERENCE

Defendant James Dondero ("Dondero") files this *Motion to Withdraw the Reference* (the "Motion") and joins Defendants CLO Holdco, Ltd., Highland Dallas Foundation, Inc., The Dugaboy Investment Trust, and The Get Good Nonexempt Trust in their motions to do the same. *See* Docket Nos. 24 & 33 (the "Other Motions"). This Motion incorporates by reference the Other Motions and their attached briefs in support, which address the District Court's jurisdiction, the statutes and rules governing this Motion, and the history of this matter. Dondero respectfully presents the following:

The Bankruptcy Court does not have constitutional authority to enter a final judgment here because the Plaintiff seeks money damages. *Stern v. Marshall*, 564 U.S. 462, 484 (2011).[1] When a party is seeking a claim for money damages, the claim is "unquestionably legal," *Dairy Queen, Inc. v.* Wood, 369 U.S. 469, 476 (1962), such that "the constitutional right to trial by jury cannot be made to depend upon the choice of words used in the pleadings." *Id.* at 477-78. Dondero has a 7th Amendment right to a jury trial and does not consent to the Bankruptcy Court conducting a jury trial in this adversary proceeding. Dondero does not consent to the Bankruptcy

---

[1] "Article III could neither serve its purpose in the system of checks and balances nor preserve the integrity of judicial decisionmaking if the other branches of the Federal Government could confer the Government's 'judicial Power' on entities outside Article III. That is why we have long recognized that, in general, Congress may not 'withdraw from judicial cognizance any matter which, from its nature, is the subject of a suit at the common law, or in equity, or admiralty.' When a suit is made of 'the stuff of the traditional actions at common law tried by the courts at Westminster in 1789,' and is brought within the bounds of federal jurisdiction, **the responsibility for deciding that suit rests with Article III judges in Article III courts**. The Constitution assigns that job--resolution of 'the mundane as well as the glamorous, matters of common law and statute as well as constitutional law, issues of fact as well as issues of law'--to the Judiciary." (bold emphasis added) (internal citations omitted).

Court entering final orders or judgments in this adversary proceeding. He has not waived his right to a jury trial or to Article III adjudication, and for the reasons set forth in this Motion and the Other Motions, Dondero asks that the reference of this adversary proceeding to the Bankruptcy Court be withdrawn.

Dated: May 10, 2021

Respectfully submitted,

*/s/ William R. Howell, Jr.*
John Y. Bonds, III
TX 02589100 *(Admitted Bankr. N.D. Tex.)*
Roland P. Schafer
TX 24056271 *(Admitted Bankr. N.D. Tex.)*
Bryan C. Assink
TX 24089009 *(Admitted Bankr. N.D. Tex.)*
William R. Howell, Jr.
NY 5091269 *(Admitted Bankr. N.D. Tex.)*
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: john@bondsellis.com
Email: roland@bondsellis.com
Email: bryan.assink@bondsellis.com
Email: william.howell@bondsellis.com

**ATTORNEYS FOR DEFENDANT JAMES DONDERO**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on May 10, 2021, this document was filed electronically via the Court's CM/ECF system which automatically provides notice to registered parties.

*/s/ William R. Howell, Jr.*
William R. Howell, Jr.