BTXN 138 (rev. 03/15)

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| In Re: | § | |
| Highland Capital Management, L.P. and CLO Holdco, Ltd. | § | |
| | § | Case No.:    19–34054–sgj11 |
| Debtor(s) | § | Chapter No.:   11 |
| Official Committee of Unsecured Creditors | § | |
| Plaintiff(s) | § | Adversary No.:   20–03195–sgj |
| vs. | § | |
| CLO Holdco, Ltd.  et al. | § | Civil Case No.: |
| Defendant(s) | § | |
| | § | |
| Official Committee of Unsecured Creditors | § | |
| Plaintiff(s) | § | |
| vs. | § | |
| CLO Holdco, Ltd., et al. | § | |
| Defendant(s) | § | |
| | § | |

# NOTICE OF TRANSMITTAL REGARDING WITHDRAWAL OF REFERENCE

I am transmitting:

☑ One copy of the Motion to Withdraw Reference (USDC Civil Action No. – DNC Case) **NOTE**: A Status Conference has been set for 6/3/2021 at 9:30a.m., in  via https://us–courts.webex.com/meet/jerniga  before U.S. Bankruptcy Judge  Stacy G. C. Jernigan . The movant/plaintiff, respondent/defendant or other affected parties are required to attend the Status Conference.

☐ One copy of:  .

**TO ALL ATTORNEYS:** Fed.R.Bankr.P. 5011(a) A motion for withdrawal of a case or proceeding shall be heard by a district judge, [*implied*] that any responses or related papers be filed likewise.

DATED:  5/17/21

FOR THE COURT:
Robert P. Colwell, Clerk of Court

by: /s/Sheniqua Whitaker, Deputy Clerk

BTXN 116 (rev. 07/08)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# WITHDRAWAL OF REFERENCE SERVICE LIST

## Transmission of the Record

BK Case No.:  19–34054–sgj11

Adversary No.:  20–03195–sgj

Received in District Court by: _____

Date: _____

Volume Number(s): _____

cc: Stacey G. Jernigan
    Robert (Bob) Schaaf
    Nathan (Nate) Elner
    Attorney(s) for Appellant
    US Trustee

**Plaintiff**   Official Committee of Unsecured Creditors

Paige Holden Montgomery
Sidley Austin LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
(214) 981–3300

**Defendant**   CLO Holdco, Ltd. and Highland Dallas Foundation, Inc.

Louis M. Phillips
KELLY HART & PITRE
301 Main Street, Suite 1600
Baton Rouge, LA 70801
(225) 381–9643

**Defendant**   Charitable DAF Holdco, Ltd. (Pro Se)

No contact information

**Defendant**   Charitable DAF Fund, LP (Pro Se)

No contact information

**Defendant**   The Dugaboy Investment Trust and The Get Good Nonexempt Trust

Douglas S. Draper
Heller, Draper & Horn, L.L.C.
650 Poydras St., Suite 2500
New Orleans, LA 70130
(504) 299–3300

**Defendant**   Grant James Scott III

John J. Kane
Kane Russell Coleman Logan PC
901 Main Street
Suite 5200
Dallas, TX 75202
(214) 777–4261

**Defendant**   James D. Dondero

Bryan C. Assink
Bonds Ellis Eppich Schafer Jones LLP
420 Throckmorton St., Suite 1000
Fort Worth, TX 76102
(817) 405–6900
Fax : (817) 405–6902

William R. Howell, Jr.
Bonds Ellis Eppich Schafer Jones LLP
420 Throckmorton Street, Suite 1000
Fort Worth, TX 76102
(817) 405–6900

BTXN 150 (rev. 11/10)

| | |
|---|---|
| In Re: | § |
| Highland Capital Management, L.P. and CLO Holdco, Ltd. | § |
| | § |
| Debtor(s) | § |
| | § |
| Official Committee of Unsecured Creditors | § |
| | § |
| Plaintiff(s) | § |
| | § |
| vs. | § |
| CLO Holdco, Ltd.  et al. | § |
| | § |
| Defendant(s) | § |

Case No.:    19–34054–sgj11
Chapter No.:   11

Adversary No.:   20–03195–sgj

# CIVIL CASE COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**I.** (a)  **PLAINTIFF**
Official Committee of Unsecured Creditors

(b)  County of Residence of First Listed Party:
(EXCEPT IN U.S. PLAINTIFF CASES)

(c)  Attorney's (Firm Name, Address, and Telephone Number)
Paige Holden Montgomery
Sidley Austin LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
(214) 981–3300

**DEFENDANT**
CLO Holdco, Ltd., et al.

County of Residence of First Listed Party:
(IN U.S. PLAINTIFF CASES ONLY)

Attorney's (If Known)
CLO Holdco, Ltd and Highland Dallas Foundation, Inc:

Louis M. Phillips
KELLY HART & PITRE
301 Main Street, Suite 1600
Baton Rouge, LA 70801
(225) 381–9643

Charitable DAF Holdco, Ltd (Pro Se):

Charitable DAF Holdco, Ltd (Pro Se):

Charitable DAF Fund, LP (Pro Se):

The Dugaboy Investment Trust and The Get Good Nonexempt Trust:

Douglas S. Draper
Heller, Draper & Horn, L.L.C.
650 Poydras St., Suite 2500
New Orleans, LA 70130

Grant James Scott III:

John J. Kane
Kane Russell Coleman Logan PC
901 Main Street
Suite 5200
Dallas, TX 75202
(214) 777–4261

James D. Dondero:

Bryan C. Assink
Bonds Ellis Eppich Schafer Jones LLP
420 Throckmorton St., Suite 1000
Fort Worth, TX 76102
(817) 405–6900

---

**II. BASIS OF JURISDICTION**

○ 1  U.S. Government
Plaintiff

○ 2  U.S. Government
Defendant

● 3  Federal Question
(U.S. Government
Not a Party)

○ 4  Diversity
(Indicate Citizenship
of Parties in Item III)

---

**III. CITIZENSHIP OF PRINCIPAL PARTIES**

| | | | | | |
|---|---|---|---|---|---|
| Citizen of This State | ○ 1 | ○ 1 | Incorporated *or* Principal Place of Business In This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated *and* Principal Place of Business In Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

---

**IV. NATURE OF SUIT**

○ 422 Appeal 28 USC 158    ● 423 Withdrawal 28 USC 157    ○ 890 Other Statutory Actions

**V. ORIGIN**

○ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened

○ 5 Transferred from another district    ○ 6 Multidistrict Litigation    ○ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
423 Withdrawal 28 USC 157

Brief description of cause:
Motion to withdraw the reference

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23    DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**
Judge:      Docket Number:

DATED: 5/17/21

FOR THE COURT:
Robert P. Colwell, Clerk of Court
by: /s/Sheniqua Whitaker, Deputy Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Case No. 19-34054-sgj11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, | § | |
| L.P., | § | Chapter 11 |
| | § | |
| Debtor | § | |

| | | |
|---|---|---|
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | Adversary No. 20-03195 |
| vs. | § | |
| | § | |
| CLO HOLDCO, LTD., CHARITABLE DAF HOLDCO, LTD., CHARITABLE DAF FUND, LP, HIGHLAND DALLAS FOUNDATION, INC., THE DUGABOY INVESTMENT TRUST, GRANT JAMES SCOTT III IN HIS INDIVIDUAL CAPACITY, AS TRUSTEE OF THE DUGABOY INVESTMENT TRUST, AND AS TRUSTEE OF THE GET GOOD NONEXEMPT TRUST, AND JAMES D. DONDERO, | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

**JURY TRIAL DEMANDED**

**MOTION TO WITHDRAW THE REFERENCE**

Defendants CLO Holdco, Ltd. ("CLO Holdco") and Highland Dallas Foundation, Inc. ("Dallas Foundation") (Dallas Foundation, together with CLO Holdco, "Defendants") in the above-captioned adversary proceeding (the "Adversary Proceeding") file this *Motion to Withdraw the Reference* (the "Motion") pursuant to pursuant to 28 U.S.C. § 157(d), Federal Rule of Bankruptcy Procedure 5011, Article III of the U.S. Constitution, and the Northern District of Texas

Local Bankruptcy Rule 5011-1(a), and, for the reasons set forth in the accompanying *Brief in Support*, respectfully move the District Court to withdraw the reference of this Adversary Proceeding to the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court"), so that the District Court can preside and Defendants can exercise their rights to trial by jury, should trial be necessary, and grant such other relief, at law or in equity, to which they may be entitled.[1]

<div style="margin-left:40%">

Respectfully submitted,

**KELLY HART PITRE**

*/s/ Louis M. Phillips*
**Louis M. Phillips (#10505)**
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Telephone: (225) 381-9643
Facsimile: (225) 336-9763
Email: louis.phillips@kellyhart.com

Amelia L. Hurt (LA #36817, TX #24092553)
400 Poydras Street, Suite 1812
New Orleans, LA 70130
Telephone: (504) 522-1812
Facsimile: (504) 522-1813
Email: amelia.hurt@kellyhart.com

**KELLY HART & HALLMAN**

Hugh G. Connor II
State Bar No. 00787272
hugh.connor@kellyhart.com
Michael D. Anderson
State Bar No. 24031699
michael.anderson@kellyhart.com
Katherine T. Hopkins
Texas Bar No. 24070737

</div>

---

[1]    Nothing herein shall be deemed a waiver of any right to a jury trial by the Defendants or Defendants' consent to the Bankruptcy Court entering final orders or judgments in this Adversary Proceeding.

katherine.hopkins@kellyhart.com
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Telecopier: (817) 878-9280

ATTORNEYS FOR CLO HOLDCO, LTD. AND HIGHLAND
DALLAS FOUNDATION, INC.

## CERTIFICATE OF SERVICE

I, undersigned counsel, hereby certify that a true and correct copy of the above and foregoing document and all attachments thereto were sent via electronic mail via the Court's ECF system to all parties authorized to receive electronic notice in this case on this April 14, 2021.

*/s/ Louis M. Phillips*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Bankruptcy Rule 7007-1(a),(b), and (f), I, undersigned counsel, hereby certify that counsel for Plaintiff was contacted via email and that Plaintiff opposes the relief requested in this motion.

*/s/ Louis M. Phillips*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO. 19-34054-sgj11** |
| **HIGHLAND CAPITAL** | § | |
| **MANAGEMENT, L.P.**[1], | § | **CHAPTER 11** |
| | § | |
| **DEBTORS** | § | |
| | § | |

| | | |
|---|---|---|
| **OFFICIAL COMMITTEE OF** | § | |
| **UNSECURED CREDITORS,** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | **ADVERSARY NO. 20-30195** |
| **V.** | § | |
| | § | |
| **CLO HOLDOC, LTD., CHARITABLE** | § | |
| **DAF HOLDCO, LTD., CHARITABLE** | § | |
| **DAF FUND, LP. HIGHLAND DALLAS** | § | |
| **FOUNDATION, INC., THE DUGABOY** | § | |
| **INVESTMENT TRUST, GRANT JAMES** | § | |
| **SCOTT III IN HIS INDIVIDUAL** | § | |
| **CAPACITY, AS TRUSTEE OF THE** | § | |
| **DUGABOY INVESTMENT TRUST,** | § | |
| **AND AS TRUSTEE OF THE GET GOOD** | § | |
| **NONEXEMPT TRUST, AND JAMES D.** | § | |
| **DONDERO** | § | |
| | § | |
| **DEFENDANTS.** | § | |

**RELIEF REQUESTED FROM DISTRICT COURT**

**JURY TRIAL RIGHT DEMANDED**

**BRIEF IN SUPPORT OF MOTION TO WITHDRAW THE REFERENCE**

---

[1]   The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201

## TABLE OF CONTENTS

*Page*

**I.    PRELIMINARY STATEMENT** ........................................................................5

**II.    BACKGROUND** ..........................................................................................6

   **A.    The Bankruptcy Case** ............................................................................6

   **B.    The CLO Holdco Proof of Claim** ..........................................................7

   **C.    This Adversary Proceeding** ...................................................................7

**III.    ARGUMENT AND AUTHORITIES** ............................................................8

   **A.    Defendants demand a jury trial and have the right to a jury trial.**............................10

      **i)    TUFTA Claims**........................................................................ 10

      **ii)    Conspiracy** ............................................................................. 10

      **iii)    Declaratory Judgment** ............................................................ 11

      **iv)    Money had and received** ......................................................... 13

   **B.    The CLO Holdco has not a waived its' jury trial right or right to Article III adjudication.**...............................................................................13

   **C.    The Bankruptcy Court does not have constitutional authority to enter a final judgment in this Adversary Proceeding.** ...............................20

   **D.    The remaining applicable *Holland* factors favor withdrawal.**...................21

   **VI.    CONCLUSION**........................................................................................24

**<u>TABLE OF AUTHORITIES</u>**

**Page(s)**

**Cases**

*In re Align Strategic Partners LLC*,
No. 16-35702, 2019 WL 2527221 (Bankr. S.D. Tex. Mar. 5, 2019).......................................24

*Beacon Theatres v. Westover*,
359 U.S. 500 (1959)...............................................................................................................11

*Bleecker v. Standard Fire Inc. Co.*,
130 F. Supp. 2d 726 (E.D.N.C. 2000)....................................................................................18

*Bowles v. Bennett*,
629 F.2d 1092 (5th Cir.1980) ................................................................................................20

*BP RE, L.P v. RML Waxahachie Dodge, L.L.P. (In re DP RE, L.P.)*,
735 F.3d 279 (5th Cir. 2013) .................................................................................................21

*Carroll v. Timmers Chevrolet, Inc.*,
592 S.W.2d 922 (Tex. 1979)..................................................................................................10

*Case Energy Servs., LLC v. Padco Energy Servs., LLC*,
No. CV 17-1043, 2017 WL 4544719 (W.D. La. Oct. 11, 2017) (interpreting
*U.S. Bank* and *Stern*)......................................................................................................16, 17

*In re CBI Holding Co.*,
529 F.3d 432 (2d Cir. 2008)...................................................................................................16

*Curriden v. Middleton*,
232 U.S. 633 (1914)...............................................................................................................11

*Dairy Queen, Inc. v. Wood*,
369 U.S. 469 (1962)..........................................................................................................13, 14

*Edwards v. Mid-Continent Office Distribs.*,
252 S.W.3d 833 (Tex. App.—Dallas 2008, pet. denied) ........................................................13

*Granfinanciera, S.A. v. Norberg*,
492 U.S. 33 (1989).......................................................................................................... *passim*

*In re Gulf States Long Term Acute Care of Covington, L.L.C.*, 455 B.R. 869 (E.D.
La. 2011) ................................................................................................................................24

*Holland Am. Ins. Co. v. Succession of Roy*,
777 F.2d 992 (5th Cir. 1985) ............................................................................................10, 22

*In re Jensen*, 946 F.2d 369 (5th Cir. 1991) (overruled on other grounds)...............................11, 12

*Johnson v. Williamson (In re British American Properties III, Ltd.)*,
    369 B.R. 322 (Bankr. S.D. Tex. 2007) ....................................................................................23

*Katchen v. Landy*, 382 U.S. 323 (1966)....................................................................................14, 15

*In re Lapeyre*, No. CIV. A. 99-1312, 1999 WL 486888 (E.D. La. July 8, 1999).........................22

*McAfee v. U.P. Martin*,
    63 F.3d 436 (5th Cir.1995) .....................................................................................................20

*Mirant Corp. v. The Southern Co*.,
    337 B.R. 107 (N.D. Tex. Jan. 10, 2006) .................................................................................23

*In re MPF Holding US LLC*,
    No. 08-36084-H4-11, 2013 WL 12146958 (Bankr. S.D. Tex. Apr. 26, 2013).......................10

*Nu Van Tech., Inc. v. Cottrell, Inc. (In re Nu Van Tech., Inc.)*,
    No. 01-49589-DML-11, 2003 WL 23785355 (Bankr. N.D. Tex. Oct. 14,
    2003) .......................................................................................................................................22

*Owens-Illinois v. Lake Shore Land Co., Inc*.,
    610 F.2d 1185 (3d Cir. 1979)..................................................................................................12

*Palmer & Palmer, P.C. v. US Trustee (In re Hargis)*,
    146 B.R. 173 (N.D. Tex. 1992)................................................................................................23

*In re Parkway Sales & Leasing, Inc*.,
    411 B.R. 337 (Bankr. E.D. Tex. 2009) ...................................................................................12

*Perlman v. Wells Fargo Bank, N.A*.,
    No. 10-81612-CV, 2012 WL 12854876 (S.D. Fla. Apr. 3, 2012) ...........................................18

*In re Royce Homes, L.P*.,
    No. 09-32467-H4-7, 2011 WL 13340482 (Bankr. S.D. Tex. Oct. 13, 2011) ...................12, 22

*Schott, Tr. for Est. of InforMD, LLC v. Massengale*,
    618 B.R. 444 (M.D. La. 2020)................................................................................................17

*In re Sentry Operating Co. of Texas, Inc*.,
    273 B.R. 515 (Bankr. S.D. Tex. 2002) ...................................................................................18

*Simler v. Conner*,
    372 U.S. 221 (1963)...........................................................................................................12, 13

*Terrell v. DeConna*,
    877 F.2d 1267 (5th Cir.1989) .................................................................................................12

*Tex. Capital Bank, N.A. v. Dallas Roadster, Ltd. (In re Dallas Roadster, Ltd.)*,
    Case No. 11-43725, Adv. No. 13-40332013 ........................................................23

*Veldekens v. GE HFS Holdings, Inc.*,
    362 B.R. 762 (S.D. Tex. 2007) ...........................................................................24

*Wellness Int'l Network, Ltd. v. Sharif*,
    575 U.S. 665, 135 S.Ct. 1932, 191 L.Ed.2d 911 (2015)......................................21

**Statutes**

28 U.S.C. § 157(a) .......................................................................................................7

28 U.S.C. § 157(b) .....................................................................................................23

28 U.S.C. § 157(d) ..................................................................................................6, 9

28 U.S.C. § 157(e) .....................................................................................................20

28 U.S.C. §§ 1331, 1334.............................................................................................23

28 U.S.C. § 1334(a), (b)...............................................................................................7

11 U.S.C. § 502(d) .....................................................................................................16

11 U.S.C. § 544(b) ..................................................................................................9, 22

Tex. Commerce Code §§ 24.008, 24.013 ...............................................................10

Tex. Civ. Prac. & Rem. Code §§ 37.009, 37.011 .................................................10

TUFTA....................................................................................................................*passim*

**Rules**

Seventh Amendment .............................................................................................*passim*

Federal Rule of Bankruptcy Procedure 9033(a), (d)................................................24

Federal Rule of Bankruptcy Procedure 5011 .............................................................6

Federal Rule of Bankruptcy Procedure 5011(a) ........................................................6

Local Bankruptcy Rule 5011-1(a) ........................................................................6, 10

*Ord. Of Reference Of Bankr. Cases And Proc. Nunc Pro Tunc, In re Misc. Ord.*
    *No. 33, No. 3:04-MI-00033* ....................................................................................7

**BRIEF IN SUPPORT**

**NOW INTO COURT**, through undersigned counsel, comes CLO Holdco, Ltd., and Highland Dallas Foundation, Inc.  (collectively, "Defendants"), which are certain of the defendants in the above-captioned adversary proceeding (the "Adversary Proceeding") filed by the Plaintiff Official Committee of Unsecured Creditors (the "Committee") constituted in the above-captioned bankruptcy case (the "Bankruptcy Case").  Defendants file this *Brief in Support* of their *Motion to Withdraw the Reference* (the "Motion") pursuant to 28 U.S.C. § 157(d), Federal Rule of Bankruptcy Procedure 5011, Article III of the U.S. Constitution, and the Northern District of Texas Local Bankruptcy Rule 5011-1(a).  Defendants seek to have the honorable District Court withdraw the reference of this Adversary Proceeding to the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court"), so that the District Court can preside and Defendants can exercise their rights to trial by jury, should trial be necessary.  In support thereof, Defendants respectfully show as follows:

## I.    PRELIMINARY STATEMENT

1.      Pursuant to 28 U.S.C. § 157(d), Federal Rule of Bankruptcy Procedure 5011(a) and the Northern District of Texas Local Bankruptcy Rule 5011-1(a), Defendants respectfully move for an Order of the District Court of the Northern District of Texas, Dallas Division withdrawing the reference to the Bankruptcy Court of the Adversary Proceeding for all purposes, including all pre-trial matters.

2.      Defendants have a constitutional right under the Seventh Amendment to a jury trial of this Adversary Proceeding, if trial is necessary.  Defendants do not consent to the Bankruptcy

Court conducting a jury trial in this matter and do not consent to the Bankruptcy Court entering final orders or judgments in this matter.

3.       Federal district courts have original and exclusive jurisdiction of civil cases under title 11 and original but not exclusive jurisdiction of proceedings arising under title 11 or arising in or related to cases under title 11. 28 U.S.C. § 1334(a), (b). District courts can refer these cases and proceedings to the bankruptcy court within that district. 28 U.S.C. § 157(a). Pursuant to Local Order, this Adversary Proceeding is referred to the Bankruptcy Court. *Ord. Of Reference Of Bankr. Cases And Proc. Nunc Pro Tunc, In re Misc. Ord*. No. 33, No. 3:04-MI-00033 (N.D. Tex. Oct. 4, 1982) (the "Reference Order").

## II.    BACKGROUND

### A.  The Bankruptcy Case

4.       On October 16, 2019, Highland Capital Management, L.P. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") commencing this Bankruptcy Case in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court").  On October 29, 2019, the Delaware U.S. Trustee appointed the Committee.  On December 4, 2019, the Delaware Bankruptcy Court entered the order transferring venue of this Bankruptcy Case to the United States Bankruptcy Court for the Northern District of Texas.

5.       On November 24, 2020, the Debtor filed the *Disclosure Statement* (Dkt. No. 1473) (the "Disclosure Statement") for the *Fifth Amended Plan of Reorganization* (Dkt. No. 1472, as modified Dkt. No. 1808) (the "Plan").  The Bankruptcy Court approved the Disclosure Statement on November 24, 2020 (Dkt. No. 1476).  The Bankruptcy Court set a hearing to consider the confirmation of the Plan on January 14, 2021 which was continued to January 26, 2021 and then

again to February 2, 2021.  Thereafter, on February 22, 2021, the Bankruptcy Court entered the *Order Confirming the Plan* (Dkt. No. 1943) (the "Confirmation Order").  The Confirmation Order is currently on appeal and is subject to proceedings seeking a stay of effectiveness of the Plan, pending appeal.

### B.  The CLO Holdco Proof of Claim

6.      On April 8, 2020, CLO Holdco, Ltd. ("CLO Holdco") filed Proof of Claim No. 133 asserting a claim consisting of participation interests and tracking interests in the Debtor's participation interests in shares of certain funds.  Thereafter, on October 21, 2021 CLO Holdco filed an amended Proof of Claim No. 198, which amended Proof of Claim No. 133 (the "Amended Proof of Claim").  In the Amended Proof of Claim, CLO Holdco explained that  as a result of certain proceedings that effectuated a termination of the Debtor's participation interests in the funds referred to in the CLO Holdco proof of claim, such termination served to cancel the CLO Holdco interests, as well, as the CLO Holdco interests were in effect derivative of the Debtor's interests.   Accordingly, the Amended Proof of Claim reflected that the CLO Holdco claim was reduced to $0.00, and therefore resolved.  CLO Holdco no longer holds a claim against the estate. Defendant Highland Dallas Foundation, Inc. did not file a proof of claim in the Bankruptcy Case.

7.      Highland Dallas Foundation, Inc. did not file a proof of claim and did not otherwise participate in the Bankruptcy Case.

### C.  This Adversary Proceeding

8.      On December 30, 2020, the Committee filed the complaint initiating the Adversary Proceeding against multiple defendants, including the Defendants (the "Complaint").   In the Complaint, the Committee seeks monetary damages for actual and constructive fraudulent transfer, alter ego liability, money had and received, and conspiracy.  Dkt. No. 6.

9.    The Committee asserts purported causes of action under the Texas Uniform Fraudulent Transfer Act ("TUFTA") (Causes of Action One and Two); Declaratory Judgment Finding Alter Ego Liability (Cause of Action Three); Money Had and Received (Cause of Action Four); and Conspiracy (Cause of Action Five).  *Id*  The Committee has not alleged a cause of action arising under the Bankruptcy Code, except that implicitly the Committee relies upon section 544(b) of the Bankruptcy Code—which authorizes the estate representative to bring state law avoidance claims—to assert the TUFTA claims for the benefit of the bankruptcy estate. The claims asserted by the Committee, therefore, arise under state law.

### III.    ARGUMENT AND AUTHORITIES

10.    Under the Reference Order, "any and all cases under Title 11 and any all proceedings arising under Title 11 or arising in or related to a case under Title 11 … which may be filed herein hereafter … be and they hereby are referred to the Bankruptcy Judges of this district for consideration and resolution consistent with law."

11.    28 U.S.C. § 157(d) provides for the withdrawal of the reference by the district court. "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."

12.    This Motion is timely, as it is filed by the agreed upon deadline for responses by the Defendants to the Complaint.  Highland Dallas Foundation, Inc. was served on February 25, 2021,and CLO Holdco was served on March 15, 2021.  Counsel for Defendants and counsel for the Committee agreed to an April 14, 2021 response deadline for both Defendants.

13.    The Fifth Circuit has set forth a number of factors to consider in determining whether to withdraw the reference for cause, including:

      i)    whether the proceeding involves core or non-core issues;

      ii)    whether a party has demanded a jury trial;

iii) whether the withdrawal would promote uniformity in bankruptcy administration;

iv) whether the withdrawal reduces forum shopping;

v) whether the withdrawal would foster the economical use of the debtors' and creditors' resources; and

vi) whether the withdrawal would expedite the bankruptcy process.

*Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998-99 (5th Cir. 1985).[2]

14. Here, the Bankruptcy Court does not have constitutional authority to enter a final judgment in this action without the consent of Defendants. More importantly, Defendants have a right to a jury trial. While the *Holland* factors militate in favor of withdraw of the reference, courts within this Circuit recognize that the right to a jury trial should be given substantial weight in undertaking an analysis of withdrawal of the reference. *In re MPF Holding US LLC,* No. 08-36084-H4-11, 2013 WL 12146958, at *3 (Bankr. S.D. Tex. Apr. 26, 2013).

---

[2]    Northern District of Texas Local Bankruptcy Rule 5011-1(a) provides that the Bankruptcy Court conduct a status conference upon motions to withdraw reference and after such conference shall prepare a report and recommendation to the District Court. At the status conference the Bankruptcy Court shall consider:

(1) whether any response to the motion to withdraw the reference was filed;

(2) whether a motion to stay the proceeding pending the district court's decision on the motion to withdraw the reference has been filed, in which court the motion was filed, and the status (pending, granted or denied) of the motion;

(3) whether the proceeding is core or non-core, or both and with regard to the noncore and mixed issues, whether the parties consent to entry of a final order by the bankruptcy judge;

(4) whether a jury trial has been timely requested, and if so, whether the parties consent to the bankruptcy judge conducting a jury trial, and whether the district court is requested to designate the bankruptcy judge to conduct a jury trial;

(5) if a jury trial has not been timely requested or if the proceeding does not involve a right to jury trial;

(6) whether a scheduling order has been entered in the proceeding;

(7) whether the parties are ready for trial;

(8) whether the bankruptcy judge recommends that

(A) the motion be granted,

(B) the motion be granted upon certification by the bankruptcy judge that the parties are ready for trial,

(C) the motion be granted but that pre-trial matters be referred to the bankruptcy judge, or

(D) the motion be denied; and

(9) any other matters relevant to the decision to withdraw the reference.

### A.  Defendants demand a jury trial and have the right to a jury trial.

15.    Under applicable law, the Defendants clearly have a right to a jury trial on all of the Committee's claims.[3]  The Seventh Amendment provides the right to a jury trial in cases where the amount in controversy exceeds twenty dollars and the cause of action is to enforce statutory rights that are at least analogous to one which was tried at law (as opposed to equitable suits) in the late 18th century English courts.  *Granfinanciera, S.A. v. Norberg*, 492 U.S. 33, 41 (1989). This analysis requires (1) a comparison of the statutory action to 18th century actions brought in the courts of England prior to the merger of the courts of law and equity and (2) a determination as to whether the remedy sought is legal or equitable in nature. *Id.* at 42. The second prong is considered to be the more significant of the two. *Id.*

### i)    TUFTA Claims

16.    The Supreme Court in *Granfinanciera* has held that defendants that have no claims against the estate are entitled to jury trials in fraudulent transfer actions brought by the trustee.  492 U.S. at 58–59.  The Committee purports to be acting as the representative of the estate and if it has such authority, is acting in the same capacity as the *Granfinanciera* trustee.[4]

### ii)   Conspiracy

17.    Many years ago, the Supreme Court ruled that a claim for damages based on an alleged conspiracy was a legal right that to tried by a jury and not in equity.  *Curriden v. Middleton*, 232 U.S. 633, 635–36, (1914).  Years later, Justice Stewart in his dissent in *Beacon Theatres* stated that civil conspiracy was clearly triable by as of right by a jury. *Beacon Theatres v. Westover*, 359

---

[3]    All of Committee's pled causes of action predominately carry legal remedies (i.e., monetary damages). *Carroll v. Timmers Chevrolet, Inc.*, 592 S.W.2d 922, 925 (Tex. 1979) (noting conspiracy is merely a way to assert joint and several liability against multiple parties for the other tort claims (i.e., fraud, monetary damages)); Tex. Bus. & Commerce Code §§ 24.008, 24.013 (TUFTA allows "any other relief the circumstance may require," attorneys' fees and court costs). Tex. Civ. Prac. & Rem. Code §§ 37.009, 37.011 (UDJA essentially the same as TUFTA).
[4]    Defendants reserve all rights on this score.

U.S. 500, 512-13, (1959). The primary reason is that conspiracy has its roots in criminal conspiracy which was of course "triable before a jury in a court of law. *Id.; see also In re Jensen*, 946 F.2d 369, 371 (5th Cir. 1991) (overruled on other grounds).

18.     Likewise, bankruptcy courts in Texas and the Fifth Circuit have ruled that a conspiracy cause of action is a claim for which a party has a Seventh Amendment right to a jury trial. *In re Parkway Sales & Leasing, Inc*., 411 B.R. 337, 351 (Bankr. E.D. Tex. 2009); *see also In re Jensen*, 946 F.2d at 371 (overruled on other grounds); *see In re Royce Homes, L.P*., No. 09-32467-H4-7, 2011 WL 13340482, at *2 (Bankr. S.D. Tex. Oct. 13, 2011).

   **iii)    Declaratory Judgment**

19.     The Committee's Complaint seeks a judgment that defendants Charitable DAF Holdco, Ltd. ("DAF Holdco"), Charitable DAF Fund, LP. ("DAF"),[5] and CLO Holdco are corporate fictions of Dondero and the Debtor, were allegedly used to perpetrate a fraud and that certain defendants are liable for damages pursuant to alter ego theory. *See* Complaint, ¶ 80.

20.     In essence, the Committee is attempting to obtain monetary damages from DAF Holdco, DAF, and CLO Holdco through a declaratory judgment cause of action. "[A]n action for declaratory relief can be either legal or equitable, depending upon whether the action is simply an inverted lawsuit for legal relief or the counterpart of a suit in equity." *Terrell v. DeConna*, 877 F.2d 1267, 1273 (5th Cir.1989). Jury trials are available in declaratory judgment actions if the action would have come to court as a legal action if there were no declaratory judgment procedure. *See Simler v. Conner*, 372 U.S. 221, 223 (1963); *Owens-Illinois v. Lake Shore Land Co., Inc*., 610 F.2d 1185 (3d Cir. 1979).

---

[5]     These two defendants have not been served, according to the docket sheet of this proceeding.

21.     While declaratory actions are typically equity in nature, the Committee's declaratory judgment cause of action is an inverted lawsuit for alter ego seeking money damages against defendants DAF Holdco, the DAF, and Defendant CLO Holdco.  It is in essence nothing more than a disguised cause of action for money damages which entitles the Defendant CLO Holdco (and should the other two defendants be served, those defendants also) to their the Seventh Amendment right to a jury trial.

22.     Here, the remedy sought by the Committee is legal in nature. When a party is seeking a claim for money damages, their claim is a legal one.  *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 476, (1962). In *Dairy Queen*, the court stated that "insofar as the complaint requests a money judgement it presents a claim which is unquestionably legal." *Id*. The Supreme Court further reasoned that "the constitutional right to trial by jury cannot be made to depend upon the choice of words used in the pleadings." *Id*. at 478. Likewise in *Granfinanciera*, the court noted that the monetary nature of a the relief sought strongly indicated the claim should be denoted as legal as opposed to equitable. 492 U.S. at 47,

23.     In *Simler*, the Supreme Court addressed whether or not a declaratory judgment action that sought to adjudicate the amount of fees owing to a lawyer by a client under a contingent fee contract was legal or equitable for the purposes of determining whether a claimant had a right to a jury trial. 372 U.S. at 221.  While the case was based on federal law, the Supreme Court held the action was legal in nature and the claimant was entitled to a jury trial. *Id*. The Court reasoned that the fact that the action was in "form a declaratory judgment case should not obscure the essentially legal nature of the action. The questions involved are traditional common-law issues which can be and should have been submitted to a jury under appropriate instructions as petitioner requested." *Id*. at 223.

24.     Therefore since this declaratory judgment seeks to obtain a money judgment it is legal in nature and Defendants are likewise entitled to a trial by jury.

**iv)     Money had and received**

25.     Money had and received is recognized under Texas law as an equitable doctrine to prevent unjust enrichment. *Edwards v. Mid-Continent Office Distribs.*, 252 S.W.3d 833, 837 (Tex. App.—Dallas 2008, pet. denied). However, as detailed in both the Supreme Court cases of *Dairy Queen* and *Granfinanciera*, the relief sought by the Committee for monetary damages is legal in nature. *Dairy Queen,* 369 U.S. at 476; *Granfinanciera*, 492 at 47.  If the "complaint requests a money judgment it presents a claim which is unquestionably legal." *Dairy Queen*, 369 U.S. at 476.  Here, of course, the money had and retained claim is a mere add-on, seeking the same relief on account of the same transaction as the purely legal claims.

**B.   CLO Holdco has not a waived its' jury trial right or right to Article III adjudication.**

26.     As set forth herein, Highland Dallas Foundation, Inc. has never participated in the Bankruptcy Case and therefore clearly has not waived any right to a jury trial or right to Article III adjudication.

27.     In the Bankruptcy Case, CLO Holdco filed a proof of claim, but the Amended Proof of Claim resolved the proof of claim such that the claim amount is $00.00.

28.     CLO Holdco acknowledges that proceedings involving the allowance of proofs of claim are equitable in nature, because the claim is transformed into an equitable share of the bankruptcy res.  *Katchen v. Landy*, 382 U.S. 323, 336 (1966) (citation omitted).

29.     The facts of *Katchen* are that Katchen, an officer of a corporate bankrupt, had personally guaranteed two notes of the corporation.  Prior to the corporation's filing for bankruptcy, Katchen made payments from corporate funds, as well as personal funds, on the notes

he had guaranteed.  Subsequently, the corporation filed for bankruptcy. Katchen filed claims in bankruptcy court to recover monies he had paid on the notes out of his personal funds and rent he had paid on behalf of the corporation.  In response, the trustee in bankruptcy filed a counterclaim asserting that the payments made from company funds on the notes were voidable preferences and demanded judgment against Katchen for the amount of the payments.  *Id*. at 325.  Katchen claimed a right to a jury trial.

30.     The Supreme Court held there was no Seventh Amendment right to jury trial on the trustee's counterclaim. The Court explained that if Katchen had not filed a claim against the estate, the trustee would have had to pursue a separate plenary action to recover the preference. In such an action, Katchen would be entitled to a jury trial. However, because Katchen sought a claim against the estate in the bankruptcy court, the Court held that the preference action arose as part of the "process of allowance and disallowance of claims" and was, therefore, triable in equity. *Id*. at 336.

31.     Here, of course, CLO Holdco's proof of claim has been fully resolved and thus, there is no allowance or disallowance of its claim for the Committee's alleged causes of action to be a part of.  For this reason *Langenkamp v. Culp* is similarly inapposite.  498 U.S. 42, 44–45, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990).  In *Langenkamp*, a debtor paid prepetition debts to creditors that the trustee attempted to recover as avoidable transfers made within ninety days of the debtor's bankruptcy.  *Id*. at 43, 111 S.Ct. 330. The issue before the Supreme Court was whether other creditors who had filed proofs of claim against the debtor were entitled to a jury trial to resolve their claims. *Id*. at 44, 111 S.Ct. 330. The Supreme Court held that by seeking claims against the bankruptcy estate, the creditors availed themselves to the "equitable jurisdiction of the Bankruptcy Court" and were not entitled to a jury trial.  *Id*. at 45, 111 S.Ct. 330. However, the Court applied

this conclusion to a situation in which a creditor filed a claim against a bankruptcy estate and the "creditor is met, in turn, with a preference action from the trustee[.]" *Id*. at 44, 111 S.Ct. 330. In that case, the "creditor's claim and the ensuing preference action by the trustee become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's equity jurisdiction." *Langenkamp*, 498 U.S. at 44, 111 S.Ct. 330 (citing *Granfinanciera,* 492 U.S. at 58–59).

32.     In *Langenkamp*, the trustee's action was filed as a direct response on the creditor's proof of claim, and resolving one would necessarily resolve the other. *Id*. at 45, 111 S.Ct. 330. Similarly, the Fifth Circuit explained in *U.S. Bank Nat. Ass'n v. Verizon Commc'ns, Inc*., that where the resolution of the fraudulent transfer claims will directly determine the allowability of a claim within the claims-allowance process (because, under section 502(d) of the Bankruptcy Code, a creditor against whom an avoidance action has been filed cannot have an allowable claim until the avoidance action is resolved, and if resolved against the creditor, the creditor has paid back the avoidable transfer[6]), the creditor did not have a right to a jury trial.  761 F.3d 409, 420 (5th Cir. 2014), *as revised* (Sept. 2, 2014).

33.     However, the mere filing of a proof of claim does not constitute a waiver of the right to trial by jury.  Filing "a proof of claim is a necessary but not sufficient condition to forfeiting a creditor's right to a jury trial." *In re CBI Holding Co*., 529 F.3d 432, 460 (2d Cir. 2008).  "Rather, a creditor loses its jury trial right **only with respect to claims whose resolution affects the allowance or disallowance of the creditor's proof of claim**." *Id*. (emphasis added); *accord Stern,*

---

[6]     Section 502(d) of the Bankruptcy Code reads:  Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title.

564 U.S. 462, 499, 131 S.Ct. 2594 (stating in the Article III context that "Congress may not bypass Article III simply because a proceeding may have some bearing on a bankruptcy case; the question is whether the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process."); *see also U.S Bank*, 761 F.3d at 418 (the right to a jury is waived where the resolution of a creditor's a claim "[would] necessarily require resolution" of a creditor's claims against the debtor). As a court in this Circuit recently explained, the Fifth Circuit has interpreted *Stern* not to mean that a chapter 5 cause of action was integrally related to the restructuring of the debtor-creditor relationship simply because the creditor filed a claim. *Case Energy Servs., LLC v. Padco Energy Servs., LLC*, No. CV 17-1043, 2017 WL 4544719, at *5 (W.D. La. Oct. 11, 2017) (interpreting *U.S. Bank* and *Stern*). Rather, "to decide whether a creditor is entitled to a jury trial, courts must examine whether the resolution of the creditor's proofs of claim will necessarily require the resolution of the debtor's claims against the creditor." *Id*. (citing to *U.S. Bank*, 761 F.3d at 418-19).

34.     Therefore, applying this precedent, to determine if a jury right was extinguished with the filing of a proof of claim, courts within this circuit consider "in relevant part: whether the proofs of claim had been resolved, and, if not, whether their resolution would necessarily require the resolution of the debtor's fraudulent transfer claims (asserted by the Trustee)." *Schott, Tr. for Est. of InforMD, LLC v. Massengale*, 618 B.R. 444, 451–52 (M.D. La. 2020) (citing to *U.S. Bank*, 761 F.3d at 418).

35.     Here, while CLO Holdco filed the proof of claim and the Amended Proof of Claim, the proof of claim has been already been fully resolved and therefore, resolution of the Committee's affirmative claims against Defendants cannot involve the allowance of claims process, so that the CLO Holdco proof of claim can have no effect upon this Adversary Proceeding.

36.     Similarly, CLO Holdco's participation in the Bankruptcy Case cannot be deemed to be a waiver of its right to a jury trial on these distinct, unrelated claims.  First, CLO Holdco has ***expressly*** from the outset of the Bankruptcy Case asserted that its participation in the Bankruptcy Case is ***not*** a waiver of its jury trial rights or consent to adjudication by the Bankruptcy Court.  *See* Dkt. No. 152.[7]  In fact, CLO Holdco expressly reserved its rights to withdraw the reference on any matter subject to discretionary withdrawal.  *Id*.

37.     But more importantly, the right to a jury trial is evaluated claim by claim rather than for a case in its entirety.  *See, e.g., Bleecker v. Standard Fire Inc. Co*., 130 F. Supp. 2d 726, 737 (E.D.N.C. 2000); *Perlman v. Wells Fargo Bank, N.A*., No. 10-81612-CV, 2012 WL 12854876, at \*3 (S.D. Fla. Apr. 3, 2012); *In re Sentry Operating Co. of Texas, Inc*., 273 B.R. 515 (Bankr. S.D. Tex. 2002) (explaining that a creditor retains a jury trial right "with respect to any issue" not part of its filed pleading).

38.     The pleadings filed by CLO Holdco were limited to discrete issues that have no bearing on the claims asserted by the Committee, and all involve proceedings that arose in the conduct of the administration of the Bankruptcy Case, over which the Bankruptcy Court had authority to finally adjudicate, involved questions of (i) the rights to parties (including the Debtor) to funds as part of the bankruptcy estate or not, (ii) the rights of the Debtor to take actions involving the interests of other parties in connection with the Debtor's operations regarding estate property while debtor in possession, or (iii) the authority of the Bankruptcy Court over its own docket.  *See*

---

[7]      "Please take notice that the undersigned intends that neither this appearance and request for copies nor any later appearance, pleading, claim, or suit shall waive: (i) the right to have final orders in non-core matters entered only after de novo review by a district judge; (ii) **_the right to trial by jury in any proceeding so triable in this case, controversy, or proceeding related to this case_**; (iii) **_the right to have the district court withdraw the reference in any matter subject to mandatory or discretionary withdrawal_**; or (iv) any other rights, claims, actions, defenses, setoffs, or recoupments to which the Creditor is or may be entitled under agreements, in law or in equity, all of which rights, claims, actions, defenses, setoffs, and recoupments the Creditor expressly reserve.

*Motion for Remittance of Funds* (Dkt. No. 590) (requesting remittance of Dynamic and AROF funds held in registry of court - and the question of the Debtor's rights to the funds); *Reply in Support of Motion for Remittance of Funds* (Dkt. No. 630) (same); *Notice of Hearing* (Dkt. No. 635 (same); *Subpoenas* (Dkt. Nos. 729, 780) (same); *Witness and Exhibit List* (Dkt. No. 782) (same); *Certain Sealed Exhibits* (Dkt. Nos. 783-788) (same); *Notice of Video Conference* (Dkt. No. 790) (same); *Limited Objection to Committee Motion to Compel Production* (Dkt. No. 846) (CLO Holdco has attorney client privilege in some of Debtor's documents*); Motion for Clarification* (Dkt. No. 914) (same); R*eservation of Rights and Response to Debtor's Motion for Entry of Order Approving Settlement with (A) Acis Capital Management, L.P. and Acis Capital Management GP LLC; (B) Joshua N. Terry and Jennifer G. Terry; and (C) Acis Capital Management, LP* (Dkt. No. 1177) (CLO Holdco has/had a material interest in some of the funds managed by Acis, and therefore was required to assert its rights in connection with the postpetition settlement between the Debtor and ACIS, over which the Bankruptcy Court had authority); *Joinder to Objection to Confirmation* (Dkt. No. 1675) (CLO Holdco owns interests in certain funds managed by the Debtor pursuant to portfolio management and servicing agreements and therefore had no other avenue by which to seek to protect its interests, and the Bankruptcy Court had authority over plan confirmation); *Objection to HarbourVest Settlement* (Dkt. No. 1707) (CLO Holdco owns shares in Highland CLO Funding, Ltd. (HCLOF), as does HarbourVest and HCLOF is governed by a Member Agreement which contains a Right of First Refusal to other members; again the Bankruptcy Court had authority over the Debtor's interests in such agreements); *Sealed Exhibit* (Dkt. No. 1708) (Same); *Witness and Exhibit List* (same); Sealed Exhibit (Dkt. No. 1717) (same); *Exhibit and Witness List* (Dkt. No. 1797) (regarding assumption list); *Sealed Exhibits* (Dkt. No. 1810-1821) (same).

39.    These pleadings were filed regarding discrete matters upon which the Bankruptcy Court did have authority to enter final orders, and on which no party would have a right to trial by jury, as they "integral to the restructuring of the debtor-creditor relationship."

40.    These matters have no bearing on the Committee's claim against the Defendants as set forth in the Complaint.  The closest relationship between any pleading filed by CLO Holdco in the Bankruptcy Case and the Committee's claims in this Adversary Proceeding was CLO Holdco's *Objection to the Committee's Motion to Extend Time to File an Adversary Proceeding* (Dkt. No. 1141).

41.    But of course, the Bankruptcy Court surely has authority to enter orders regarding its own docket.  "Maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care."  *Bowles v. Bennett*, 629 F.2d 1092, 1095 (5th Cir.1980) (quoting *Dimick v. Schiedt*, 293 U.S. 474, 486, 55 S.Ct. 296, 301, 79 L.Ed. 603 (1935)). Thus, courts should "indulge every reasonable presumption against waiver." *McAfee v. U.P. Martin*, 63 F.3d 436, 437 (5th Cir.1995) (quoting Bowles, 629 F.2d at 1095). Waiver should not be found in a "doubtful situation." *Id*.

42.    Bearing this in mind and that CLO Holdco has from the outset expressly reserved its right to a jury trial and Article III adjudication, a motion regarding a mere extension of time cannot be construed to a waiver of such right.

43.    Defendants have a right to a jury trial and do no consent to the Bankruptcy Court conducting a jury trial.  28 U.S.C. § 157(e) (permitting a bankruptcy judge to conduct a jury trial if the judge is specifically designated to exercise such authority by the district court, but only with

the express consent of all the parties). Defendants as well have not waived their right to Article III adjudication.

### C. The Bankruptcy Court does not have constitutional authority to enter a final judgment in this Adversary Proceeding.

44. The Bankruptcy Court does not have the constitutional authority to enter a final judgment in this action because determination of the Committee's claims cannot be involved in the claims-allowance process.

45. In *Stern v. Marshall*, the United States Supreme Court held that even though bankruptcy courts are statutorily authorized to enter final judgment on certain types of bankruptcy related claims, Article III of the Constitution prohibits bankruptcy courts from finally adjudicating certain of those claims. 564 U.S. 462.

46. Because there is no claim allowance or disallowance process related to CLO Holding's proof of claim, the Committee's claims are *Stern*-type claims. *Id. Stern* clarified that "*Langenkamp* ... explained ... that a preferential transfer claim can be heard in bankruptcy when the allegedly favored creditor has filed a claim, because then the ensuing preference action by the trustee become[s] integral to the restructuring of the debtor-creditor relationship." *Id*. But, in *Stern*, "there was never any reason to believe that the process of adjudicating [the creditor's] proof of claim would necessarily resolve [the debtor's] counterclaim." *Id*. In fact, in *Stern* the non-estate party had filed a claim that had been resolved by summary judgment (against the claimant); in this case the CLO Holdco proof of claim was likewise determined to be in an amount of $00.00. The *Stern* court maintained the rights of the party against whom the estate representative was proceeding to Article III adjudication, which is what Defendants here seek.

47. Here, the Committee pleads state law claims at common law which are not integral to the restructuring of debtor-creditor relations. *Granfinanciera*, 492 U.S. at 58-59.

48.     While the claims would augment the bankruptcy estate, the claims will not necessarily be resolved in the claims allowance process and therefore, the Bankruptcy Court is constitutionally prohibited from entering a final judgment. *BP RE, L.P v. RML Waxahachie Dodge, L.L.P. (In re DP RE, L.P.)*, 735 F.3d 279, 286 (5th Cir. 2013) (quoting *Waldman v. Stone*, 698 F.3d 910, 919 (6th Cir. 2012)).

49.     The Defendants do not consent to the Bankruptcy Court entering final orders on these claims. *See Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 135 S.Ct. 1932, 191 L.Ed.2d 911 (2015) (explaining that "consent—whether express or implied—must still be knowingly and voluntary"). And as set forth herein, the pleadings filed by CLO Holdco in the Bankruptcy Case were limited to discrete issues on which the Bankruptcy Court did have constitutional authority to enter final orders. But as expressly reserved by CLO Holdco from the outset of the Bankruptcy Case, CLO Holdco has not "waive[ed] right to have final orders in non-core matters entered only after de novo review by a district judge." (Dkt. No. 152). There has been no knowingly and voluntary consent by any of the Defendants, and as such, the Bankruptcy Court cannot enter final orders on the Committee's claims.

### D.  The remaining applicable *Holland* factors favor withdrawal.

50.     As set forth herein, the Defendants advise that if answer is required, they demand a jury trial, and Article III adjudication.  Therefore, this factor mandates withdrawal of the reference. *See e.g. Nu Van Tech., Inc. v. Cottrell, Inc. (In re Nu Van Tech., Inc.)*, No. 01-49589-DML-11, 2003 WL 23785355, at *4 (Bankr. N.D. Tex. Oct. 14, 2003) ("[T]his court is convinced that Plaintiff's claims must be heard by an Article III court and that the reference must be withdrawn."); *Tow v. Speer (In re Royce Homes, L.P.)*, No. 09-32467-H4-7, 2011 WL 13340482, at *5 (Bankr. S.D. Tex. Oct. 13, 2011) (noting that a valid jury demand is a "crucial factor" in a

*Holland* analysis); *In re Lapeyre*, No. CIV. A. 99-1312, 1999 WL 486888, at *3 (E.D. La. July 8, 1999) ("[T]he inability of a bankruptcy court to hold a jury trial in a related matter is sufficient ground for a district court to withdraw reference…").  Nevertheless, analysis of the other factors support withdrawal, even if it is not required.

51.     While the Committee is relying on section 544(b) of the Bankruptcy Code to assert its TUFTA claims, the Committee has only asserted state law causes of action.  These matters could not "only arise in bankruptcy case" (i.e., arising in), nor are they "substantive rights provided by title 11" (i.e., arising under), they are claims based on Texas state substantive law.  *Id.* (discussing 28 U.S.C. §§ 1331, 1334).  Therefore, these matters could have proceeded in state court and are only "related to" the bankruptcy proceeding, making them non-core. *Id.*[8]  While avoidance actions are designated as "core" proceedings under 28 U.S.C. § 157(b), *Granfinanciera* and *Stern* make clear that such a designation by congress cannot preclude adjudication by the District Court nor can it affect a party's right to trial by jury.

52.     Here, the Plan has been confirmed.  As such, the "expediting-the-bankruptcy-process factor" is irrelevant.  *Mirant Corp. v. The Southern Co*., 337 B.R. 107, 123 (N.D. Tex. Jan. 10, 2006) (where the bankruptcy judge had already confirmed the reorganization plan, the "expediting-the-bankruptcy-process factor" was not relevant to the withdrawal decision).

53.     Additionally, uniformity in the bankruptcy administration is similarly inapposite.  "If a bankruptcy court is already familiar with the facts of the underlying action, then allowing the court to adjudicate the proceeding will promote uniformity in the bankruptcy administration."  *Johnson v. Williamson (In re British American Properties III, Ltd.)*, 369 B.R. 322, 327 (Bankr.

---

[8]     TUFTA claims are clearly Texas state law cause of action.  Money had and received is also a Texas state law cause of action.  Conspiracy is a derivative tort and therefore must be a Texas state law cause of action. It is unclear from the Complaint if the Committee is asserting alter ego under Texas or federal common law.

S.D. Tex. 2007); *Palmer & Palmer, P.C. v. US Trustee (In re Hargis),* 146 B.R. 173, 176 (N.D. Tex. 1992). Here, while the Bankruptcy Court may be familiar with certain of the parties, and of the business of the Debtor, it is not familiar with the facts of this Adversary Proceeding. As of the date of this filing, no hearings have been held in this matter; no scheduling orders have been issued. Not even all defendants have been served. No evidentiary hearings have been held or motions on the merits of the claims in the Adversary Proceeding have been filed to allow the Bankruptcy Court to gain familiarity with the underlying facts in the Adversary Proceeding. S*ee Tex. Capital Bank, N.A. v. Dallas Roadster, Ltd. (In re Dallas Roadster, Ltd.),* Case No. 11-43725, Adv. No. 13-40332013 WL 5758632, at *2 (E.D. Tex. Bankr. Sept. 27, 2013), report and recommendation adopted, 11-43725, 2013 WL 5769916 (E.D. Tex. Oct. 21, 2013) ("[t]he claims in the Adversary Proceeding are predominantly based on state law, and there are no claims under federal bankruptcy law. Thus, the District Court's determination of the merits of these claims should not undermine any concerns for the uniformity of bankruptcy administration.")

54.     Concerns of judicial efficiency weigh in favor of withdrawing the reference. First, because there will be a jury trial, it will be more efficient for this Court to handle pretrial matters so as to be fully acquainted with the case as it makes it way to trial in this Court. *In re Gulf States Long Term Acute Care of Covington, L.L.*C., 455 B.R. 869, 878 (E.D. La. 2011). Second, because of the jury trial rights of Defendants, the bankruptcy court cannot hear the *Stern*-claims presented in the Adversary Proceeding, as proposed findings of fact and conclusions of law on the merits is antithetical to the right to trial by jury. FED. R. BANKR. P. 9033(a), (d).

55.     Finally, "[i]n some sense, any party who objects to Bankruptcy Court adjudication is forum shopping." *Veldekens v. GE HFS Holdings, Inc*., 362 B.R. 762 (S.D. Tex. 2007) (quoted in Royce Homes, Adv. No. 11–03191. Adv. Doc. No. 201, p. 7, ¶ 3). "A good faith claim of right

... should not on that basis alone be denied as forum shopping." *Id.* Here, the Defendants have a good faith right to a jury trial in the District Court *In re Align Strategic Partners LLC*, No. 16-35702, 2019 WL 2527221, at *4 (Bankr. S.D. Tex. Mar. 5, 2019). All Defendants have the express right to seek an Article III forum for adjudication of claims over which the Bankruptcy Court has authority only with consent of all parties, and to seek to exercise the right to trial by jury.

## IV.   CONCLUSION

**WHEREFORE**, the Defendants respectfully request that the honorable District Court grant its Motion and withdraw the reference of the Adversary Proceeding from the Bankruptcy Court. As set forth herein, Defendants have the right to a jury trial and to Article III adjudication. Highland Dallas Foundation, Inc. has never participated in the Bankruptcy Case whatsoever and as detailed herein, CLO Holdco's limited participation cannot be construed as a waiver any right to a jury trial or right to Article III adjudication.

Respectfully submitted,

**KELLY HART PITRE**

*/s/ Louis M. Phillips*
**Louis M. Phillips (#10505)**
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Telephone: (225) 381-9643
Facsimile: (225) 336-9763
Email: louis.phillips@kellyhart.com

Amelia L. Hurt (LA #36817, TX #24092553)
400 Poydras Street, Suite 1812
New Orleans, LA 70130
Telephone: (504) 522-1812
Facsimile: (504) 522-1813
Email: amelia.hurt@kellyhart.com

**KELLY HART & HALLMAN**

Hugh G. Connor II
State Bar No. 00787272
hugh.connor@kellyhart.com
Michael D. Anderson
State Bar No. 24031699
michael.anderson@kellyhart.com
Katherine T. Hopkins
Texas Bar No. 24070737
katherine.hopkins@kellyhart.com
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Telecopier: (817) 878-9280

ATTORNEYS FOR CLO HOLDCO, LTD. AND HIGHLAND
DALLAS FOUNDATION, INC.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 19-34054-sgj11** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT,** | § | |
| **L.P.,** | § | **Chapter 11** |
| | § | |
| **Debtor** | § | |

---

| | | |
|---|---|---|
| **OFFICIAL      COMMITTEE      OF** | § | |
| **UNSECURED CREDITORS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Adversary No. 20-03195** |
| **vs.** | § | |
| | § | |
| **CLO HOLDCO, LTD., CHARITABLE** | § | |
| **DAF HOLDCO, LTD., CHARITABLE** | § | |
| **DAF FUND, LP, HIGHLAND DALLAS** | § | |
| **FOUNDATION, INC., THE DUGABOY** | § | |
| **INVESTMENT TRUST, GRANT JAMES** | § | |
| **SCOTT   III   IN   HIS   INDIVIDUAL** | § | |
| **CAPACITY,  AS  TRUSTEE  OF  THE** | § | |
| **DUGABOY INVESTMENT TRUST, AND** | § | |
| **AS  TRUSTEE  OF  THE  GET  GOOD** | § | |
| **NONEXEMPT TRUST, AND JAMES D.** | § | |
| **DONDERO,** | § | |
| | § | |
| **Defendants.** | § | |

---

**ORDER SETTING STATUS CONFERENCE**

Having considered Defendants CLO Holdco, Ltd. ("CLO Holdco") and Highland Dallas Foundation, Inc.'s ("Dallas Foundation") (Dallas Foundation, together with CLO Holdco, "Defendants") *Motion to Withdraw the Reference* (the "Motion"), pursuant to Local Bankruptcy Rule 5011-1(d), a status conference on the Motion is hereby set for _____.

# # # END OF ORDER # # #

Order Submitted and Prepared By:

**KELLY HART PITRE**

*/s/ Louis M. Phillips*
**Louis M. Phillips (#10505)**
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Telephone: (225) 381-9643
Facsimile: (225) 336-9763
Email: louis.phillips@kellyhart.com

and

Amelia L. Hurt (LA #36817, TX #24092553)
400 Poydras Street, Suite 1812
New Orleans, LA 70130
Telephone: (504) 522-1812
Facsimile: (504) 522-1813
Email: amelia.hurt@kellyhart.com

**KELLY HART & HALLMAN**

Hugh G. Connor II
State Bar No. 00787272
hugh.connor@kellyhart.com
Michael D. Anderson
State Bar No. 24031699
michael.anderson@kellyhart.com
Katherine T. Hopkins
Texas Bar No. 24070737
katherine.hopkins@kellyhart.com
201 Main Street, Suite 2500
Fort Worth, Texas 76102

Telephone: (817) 332-2500
Telecopier: (817) 878-9280

ATTORNEYS FOR CLO HOLDCO, LTD. AND HIGHLAND
DALLAS FOUNDATION, INC.