SIDLEY AUSTIN LLP
Penny P. Reid
Paige Holden Montgomery
Juliana L. Hoffman
2021 McKinney Ave., Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

Matthew A. Clemente (admitted pro hac vice)
Dennis M. Twomey (admitted pro hac vice)
Alyssa Russell (admitted pro hac vice)
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

*Counsel for the Official Committee of Unsecured Creditors*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) | |
| | ) | |
| Debtor, | ) | Case No. 19-34054-SGJ11 |
| | ) | |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 20-03195 |
| | ) | |
| CLO HOLDCO, LTD., CHARITABLE DAF HOLDCO, LTD., CHARITABLE DAF FUND, LP, HIGHLAND DALLAS FOUNDATION, INC., THE DUGABOY INVESTMENT TRUST, GRANT JAMES SCOTT III IN HIS INDIVIDUAL CAPACITY, AS TRUSTEE OF THE DUGABOY INVESTMENT TRUST, AND AS TRUSTEE OF | ) ) ) ) ) ) ) ) | |

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

| | |
|---|---|
| THE GET GOOD NONEXEMPT TRUST, AND<br>JAMES D. DONDERO, | )<br>) |
| Defendants. | )<br>) |
| | ) |

### THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' EMERGENCY MOTION TO STAY THE ADVERSARY PROCEEDING FOR NINETY DAYS

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtor and debtor in possession (the "Debtor") hereby moves the Court for entry of an order under section 105 of title 11 of the United States Code (the "Bankruptcy Code") to stay the above-captioned adversary proceeding for ninety (90) days (the "Motion").  In support of this Motion, the Committee respectfully states as follows:[2]

### Background

1.      On October 16, 2019, the Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code.  Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor is continuing to operate its businesses and manage its properties and assets as debtor in possession.

2.      On October 29, 2019, the Office of the United States Trustee held a meeting to appoint the Committee pursuant to section 1102 of the Bankruptcy Code (the "Formation Meeting").  At the Formation Meeting, the Committee selected Sidley Austin LLP as its counsel. At its formation, the Committee consisted of the following four members: (a) Redeemer Committee of Highland Crusader Fund ("Redeemer"); (b) Meta-E Discovery; (c) UBS Securities LLC and UBS AG London Branch (together, "UBS"); and (d) Acis Capital Management, L.P. and Acis Capital Management GP, LLP (together, "Acis").  Acis and Redeemer resigned from the Committee effective as of April 15, 2021 and April 30, 2021, respectively.  The Committee

---

[2] This Motion is supported by the Declaration of Marc S. Kirschner (the "Kirschner Decl."), attached hereto and incorporated herein as **Exhibit 2.**

therefore currently consists of Meta-E Discovery and UBS.

3.      On December 4, 2019, the Delaware Court entered an order transferring venue of the Debtor's Bankruptcy Case to this Court [Docket No. 186].

4.      On January 9, 2020, the Court approved the *Motion of the Debtor for Approval of Settlement with the Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course* [Docket. No. 28], approving a settlement between the Debtor and the Committee concerning, among other things, governance of the Debtor and the pursuit of claims held by the Debtor. The approved settlement was embodied in a term sheet filed on the docket [Docket No. 354] (the "Term Sheet"). Pursuant to the Term Sheet, the Committee was granted standing to pursue the "Estate Claims," defined as "any and all estate claims and causes of action against Mr. Dondero, Mr. Okada, other insiders of the Debtor, and each of the Related Entities, including promissory notes held by any of the foregoing." (Term Sheet at 4.)

5.      On December 17, 2020, pursuant to the Court's *Order Denying Motion for Remittance of Funds Held in Registry of Court* [Docket No. 825][3] and the Term Sheet, the Committee commenced the above-captioned adversary proceeding against defendants (the "Adversary Proceeding").

6.      In a bench ruling issued on February 8, 2021, and supplemented by an order entered on February 22, 2021 [Docket No. 1943], the Court confirmed the Debtor's *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* (the "Plan").[4]

7.      Upon the effective date of the Plan, a Litigation Sub-Trust, created for the benefit

---

3   The Court ordered the Committee to commence an adversary proceeding against defendant CLO Holdco, Ltd. ("CLO Holdco") by December 17, 2020 in order to keep certain funds in the Court's registry from being disbursed to CLO Holdco, an entity that has been one of the main subjects of the Committee's Estate Claims investigation [Docket No. 825].
4   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

of the holders of claims and interests in the Debtor, will be vested with certain claims and causes of action of the Debtor, including the Estate Claims (the "Causes of Action"). Pursuant to the Plan, Marc S. Kirschner, Senior Managing Director of Teneo, will be appointed as Litigation Trustee (the "Future Litigation Trustee") and will be tasked with, among other things, investigation and monetization of the Causes of Action. Therefore, upon the effective date of the Plan, the responsibility for prosecution of this Adversary Proceeding will transfer to the Future Litigation Trustee.

8. On March 1, 2021, Highland Capital Management Fund Advisors, L.P. and NexPoint Advisors, L.P. (together, the "Advisors") filed a notice of appeal of the order confirming the Plan to the United States District Court of the Northern District of Texas (the "Confirmation Appeal") [Docket No. 1957]. On April 1, 2021, the Advisors filed the *Motion for Stay Pending Appeal* Civ. Act. No. 3:21-cv-00538-N, [Docket No. 3] and The Dugaboy Investment Trust ("Dugaboy") and Get Good Trust ("Get Good") filed the *Motion for Stay Pending Appeal*, Civ. Act. No. 3:21-cv-00550-L, [Docket No. 6] with the District Court for the Northern District of Texas, both seeking a stay of the effectiveness of the Plan pending resolution of the Confirmation Appeal (the "Stay Pending Appeal Motions"). The Confirmation Appeal remains pending.

9. On April 14, 2021 and April 26, 2021, the defendants in the Adversary Proceeding filed various motions to dismiss the Adversary Proceeding for failure to state a claim [A.P. Docket Nos. 22, 23, 25, 30, 32] (collectively the "Motions to Dismiss"). Defendants CLO Holdco, Highland Dallas Foundation, Inc., James D. Dondero, Get Good, and Dugaboy also filed motions to withdraw the reference [A.P. Docket Nos. 24, 33, 37] (collectively the "Motions to Withdraw the Reference"). The Committee's responses to the Motions to Dismiss and Motions to Withdraw the Reference are currently due on May 21, 2021, and a status conference for the Motions to Withdraw the Reference has been noticed for June 3, 2021 [A.P. Docket Nos. 28, 38, 39].

10. Because the effective date of the Plan and formation of the Litigation Sub-Trust has been delayed, on May 14, 2021, the Committee filed its *Application for Order Pursuant to Section 1103 of the Bankruptcy Code Authorizing the Employment and Retention of Teneo Capital, LLC as Litigation Advisor to the Official Committee of Unsecured Creditors Effective April 15, 2021* [Docket No. 2306] to retain and employ the future Litigation Trustee pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code to perform litigation advisory services for the Committee in this chapter 11 case, including this Adversary Proceeding (the "Litigation Advisor"). Given the statute of limitations for certain potential claims and the current status of the Adversary Proceeding, the Committee seeks to retain the Litigation Advisor until the effective date of the Plan to ensure that the Causes of Action, including those set forth the Adversary Proceeding, are investigated and pursued in a timely and efficient manner.

## Relief Requested

11. In order to protect all rights of the Litigation Sub-Trust, Future Litigation Trustee, and all unsecured creditors, by this Motion, the Committee seeks a stay of the entirety of the proceedings of the Adversary Proceeding for ninety (90) days pursuant to section 105 of the Bankruptcy Code, to provide the Litigation Advisor with the necessary time to familiarize itself with the Adversary Proceeding, so as to adequately and efficiently defend the Motions to Withdraw the References, the Motions to Dismiss, and to effectively manage the litigation of the Adversary Proceeding in its entirety.

## Argument and Authorities

12. Pursuant to section 105(a) of the Bankruptcy Code, the Court "may issue any order . . . that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Moreover, the Supreme Court has held:

[T]he power to stay proceedings is incidental to the power inherent in every court

to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Landis v. N. Am. Co.,* 299 U.S. 248, 254-55 (1936).

13.     Here, a stay of the Adversary Proceeding is in the interests of judicial economy and efficiency, and in the interests of the Debtor's estate. (*See* Kirschner Decl. ¶¶ 6–8.) The Committee filed the Adversary Proceeding with the intent and understanding that, pursuant to the terms of the Plan, the proceeding would transfer to the Future Litigation Trustee upon the effective date of the Plan. (*Id.* at ¶ 4.) While it was anticipated that the effective date of the Plan would have already occurred, it has been delayed as a result of, among other things, the Confirmation Appeal and the Stay Pending Appeal Motions initiated by certain defendants in this Adversary Proceeding. In fact, due to the delay of the effective date of the Plan and the fast approaching expiry of certain statutes of limitations, the Committee has recently sought to retain the Future Litigation Trustee as the current Litigation Advisor to the Committee, in order to protect all rights and claims of the Litigation Sub-Trust and ensure that the Causes of Action, including the Adversary Proceeding, are properly and efficiently investigated and prosecuted. (*Id.* at ¶ 5.)

14.     As this Court is aware, the Debtor's byzantine structure and its transactions amongst Related Entities—many of which are subject of the Committee's Estate Claims investigation—are extremely complex. Retention of the Litigation Advisor at this time, in advance of its role as Litigation Trustee, and imposition of a brief ninety (90) day stay of the Adversary Proceeding, will provide the Litigation Advisor the necessary time it needs to gain an understanding of the facts underlying the Adversary Proceeding, the Debtor's structure, and other issues pertinent to its role pursuing all of the Estate Claims on a go-forward basis, and to enable it to best protect all rights of the Litigation Sub-Trust and maximize claims for the benefit of all

creditors.  (*See id.* at ¶¶ 6–8.)

15.     Because responsibility for the Adversary Proceeding will transfer to the Litigation Trustee upon the effective date of the Plan, it is important for the Litigation Advisor to be involved in the Adversary Proceeding at this time.  (*Id.* at ¶ 6.)  This is especially true given the pending Motions to Withdraw the Reference and Motions to Dismiss the Adversary Proceeding, adjudication of which may significantly change the trajectory of this Adversary Proceeding and may potentially affect others that the Litigation Trustee may decide to pursue. (*Id.* at ¶ 7.)  Because the Litigation Advisor should be involved in the defense of the Motions to Dismiss and Motions to Withdraw the Reference, the Committee respectfully moves for a short ninety (90) day stay of the entirety of the Adversary Proceeding, to allow the Litigation Advisor time to consider the issues before the Court and determine how best to proceed.

16.     This short stay is in the interests of judicial economy, will ensure the most efficient execution of the Adversary Proceeding, and is in the best interests of the Debtor's estate and ultimate potential recovery for the Debtor's creditors.  The Committee's Motion is not submitted for purposes of delay, but rather so that justice may be served.

## REQUESTED RELIEF

For the foregoing reasons, the Committee respectfully requests the Court grant an Order staying all proceedings in the Adversary Proceeding for ninety (90) days, including, without limitation, any response deadlines and pending hearing dates, and grant the Committee such other and further relief as to which it may be justly entitled.

Dated: May 18, 2021                                    SIDLEY AUSTIN LLP


                                                       */s/ Paige Holden Montgomery*
                                                       _____

                                                       Penny P. Reid
                                                       Paige Holden Montgomery

Juliana L. Hoffman
2021 McKinney Avenue, Suite 2000
Dallas, Texas 74201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

Matthew A. Clemente (admitted pro
hac vice)
Dennis M. Twomey (admitted pro
hac vice)
Alyssa Russell (admitted pro hac
vice)
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

*Counsel for the Official Committee
of Unsecured Creditors*

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that, on May 17, 2021, counsel for the Official Committee of Unsecured Creditors conferred with counsel for the Debtor, Grant James Scott III, CLO Holdco, Ltd., Highland Dallas Foundation, James D. Dondero, The Dugaboy Investment Trust, and the Get Good Nonexempt Trust regarding the relief sought in this motion. Counsel for the Debtor does not oppose the relief sought in this motion. Counsel for CLO Holdco, Ltd., Highland Dallas Foundation, Inc., James D. Dondero, The Dugaboy Investment Trust, and the Get Good Nonexempt Trust oppose the relief sought in this motion. Counsel for Grant James Scott III deferred on the issue, expressing that their client neither agreed nor expressly opposed the requested relief.

/s/ *Chandler Rognes*
Chandler Rognes

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document was sent via electronic mail via the Court's ECF system to all parties authorized to receive electronic notice in this case on May 18, 2021.

/s/ *Chandler Rognes*
Chandler Rognes

## **EXHIBIT 1**

PROPOSED ORDER

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) |  |
|  | ) |  |
| Debtor, | ) | Case No. 19-34054-SGJ11 |
|  | ) |  |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, | ) |  |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Adversary Proceeding No. 20-03195 |
|  | ) |  |
| CLO HOLDCO, LTD., CHARITABLE DAF HOLDCO, LTD., CHARITABLE DAF FUND, LP, HIGHLAND DALLAS FOUNDATION, INC., THE DUGABOY INVESTMENT TRUST, GRANT JAMES SCOTT III IN HIS INDIVIDUAL CAPACITY, AS TRUSTEE OF THE DUGABOY INVESTMENT TRUST, AND AS TRUSTEE OF | ) | |
|  | ) | |

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

THE GET GOOD NONEXEMPT TRUST, AND   )
JAMES D. DONDERO,   )
           Defendants.

---

### ORDER GRANTING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' EMERGENCY MOTION TO STAY THE ADVERSARY PROCEEDING FOR NINETY DAYS

Upon consideration of the official committee of unsecured creditors' (the "Committee")

*Emergency Motion to Stay the Adversary Proceeding for Ninety Days* (the "Motion"),

**IT IS HEREBY ORDERED** that:

1. The Motion is **GRANTED.**

2. The Adversary Proceeding,[2] including any current response deadlines and hearing dates, is stayed for ninety days after the issuance of this Order.

3. This Court shall retain jurisdiction over all matters arising from or relating to the interpretation or implementation of this Order.

### End of Order ###

---

[2] Capitalized terms used but not defined herein shall have the respective meanings given to them in the Motion.

13

## **EXHIBIT 2**

DECLARATION OF MARC S. KIRSCHNER

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) |
| | ) |
| Debtor, | ) |
| | ) |
| OFFICIAL COMMITTEE OF UNSECURED | ) |
| CREDITORS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| CLO HOLDCO, LTD., CHARITABLE DAF | ) |
| HOLDCO, LTD., CHARITABLE DAF FUND, LP, | ) |
| HIGHLAND DALLAS FOUNDATION, INC., THE | ) |
| DUGABOY INVESTMENT TRUST, GRANT | ) |
| JAMES SCOTT III IN HIS INDIVIDUAL | ) |
| CAPACITY, AS TRUSTEE OF THE DUGABOY | ) |
| INVESTMENT TRUST, AND AS TRUSTEE OF | ) |
| THE GET GOOD NONEXEMPT TRUST, AND | ) |
| JAMES D. DONDERO, | ) |
| | ) |
| Defendants. | ) |

Chapter 11

Case No. 19-34054-SGJ11

Adversary Proceeding No. 20-03195

**DECLARATION OF MARC S. KIRSCHNER IN SUPPORT OF**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' EMERGENCY**
**MOTION TO STAY THE ADVERSARY PROCEEDING FOR NINETY DAYS**

Pursuant to 28 U.S.C. Section 1746, Marc S. Kirschner declares as follows:

1.      I am a Senior Managing Director with Teneo Capital, LLC ("Teneo"), an

international consulting and advisory firm.  I submit this Declaration on behalf of Teneo (the

"Declaration") in support of the motion to stay the adversary proceeding for ninety days (the

"Motion to Stay the Adversary Proceeding") of the Official Committee of Unsecured Creditors

---

1 The Debtor's last four digits of its taxpayer identification number are (6725).  The headquarters and service
address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

(the "<u>Committee</u>") of Highland Capital Management, L.P., the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "<u>Debtor</u>"). Except as otherwise noted, I have personal knowledge of the matters set forth herein.

2.      My firm and I have a wealth of experience in providing litigation support, investigation and advisory services in restructurings and reorganizations and enjoy an excellent reputation for services it has rendered in chapter 11 cases on behalf of debtors, creditors and trusts throughout the United States. I have decades of experience as a bankruptcy and restructuring lawyer, distressed debt investor, financial advisor and fiduciary. I founded and led for 15 years the bankruptcy department in the New York office of the global law firm, Jones Day, until my retirement from the private practice of law. Thereafter, I was appointed by SDNY Bankruptcy Judge Robert Drain as Chapter 11 Trustee of Refco Capital Markets, a global securities and derivatives dealer, which was one of the largest cases ever for which a Chapter 11 Trustee was appointed and continued post confirmation as Litigation Trustee for two trusts formed under Refco's Plan. I am recognized as a leading authority in pursuing billion dollar fraudulent conveyance and other claims on behalf of litigation trusts, and am currently serving as Litigation Trustee for Tribune, Nine West and Millennium Health. I am a Fellow of the American College of Bankruptcy. The Court has previously reviewed my curriculum vitae and concluded that I have "substantial experience in bankruptcy litigation matters, particularly with respect to [my] prior experience as a litigation trustee for several litigation trusts as set forth on the record of the Confirmation Hearing and in the Confirmation Brief." [Docket No. 1943 at ¶ 45].

3.      On February 22, 2021 [Docket No. 1943], the Court confirmed the Debtor's *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* (the "<u>Plan</u>").

4.      Upon the effective date of the Plan, a Litigation Sub-Trust, created for the benefit of the holders of claims and interests in the Debtor, will be vested with certain claims and causes of action of the Debtor, including this Adversary Proceeding[3] (the "Causes of Action").  Upon the effective date of the Plan, Teneo will become the trustee of the Litigation Sub-Trust.

5.      Due to the delay in the effective date of the Plan, on Friday, May 14, 2021, the Committee filed its *Application for Order Pursuant to Section 1103 of the Bankruptcy Code Authorizing the Employment and Retention of Teneo Capital, LLC as Litigation Advisor to the Official Committee of Unsecured Creditors Effective April 15, 2021* [Docket No. 2306] to retain and employ my firm pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code to perform litigation advisory services for the Committee in this chapter 11 case, including this Adversary Proceeding (the "Litigation Advisor"), until the effective date of the Plan and creation of the Litigation Sub-Trust.

6.      Given the recently filed application to retain my firm as Litigation Advisor to the Committee, and because responsibility for the Adversary Proceeding will transfer to the Litigation Trustee post-effective date of the Plan, it is necessary that my firm and I are involved in the prosecution of the Adversary Proceeding going forward.

7.      In order to provide adequate time for myself and my firm to gain an understanding of the complex transactions described in the Adversary Proceeding, particularly in connection with the Motions to Dismiss and Motions to Withdraw the Reference, and the complex issues before the Court, I am requesting a ninety day stay of the Adversary Proceeding.  This stay is necessary

---

3  Capitalized terms used but not defined herein shall have the respective meanings given to them in the Motion to Stay the Adversary Proceeding.

Page 17

the Motions to Dismiss and Motions to Withdraw the Reference, and the complex issues before the Court, I am requesting a ninety day stay of the Adversary Proceeding. This stay is necessary and critically important, especially because of the pending Motions to Withdraw the Reference and Motions to Dismiss. Because responsibility for the Adversary Proceeding (and any other Causes of Action seeking recovery on behalf of the Debtor's creditors) will transfer to the Litigation Trustee in the near future, it is important that my firm and myself are involved in directing the strategy and approach to responding to both the Motions to Withdraw the Reference and the Motions to Dismiss to best serve the interests of the Debtor's estate, and maximize recovery of unsecured creditors. Further, the adjudication of these motions will not only have an impact on this Adversary Proceeding, but may also impact future Causes of Action that the Litigation Trustee may bring. As such, a brief stay of the Adversary Proceeding to allow for an orderly transition of responsibilities and knowledge, as well as investigation of claims, is in the best interests of the Debtor's estate and the potential recoveries for the Debtor's creditors.

8. For all of these reasons, Teneo respectfully requests the Court grant a ninety day stay of the Adversary Proceeding, as set forth fully in the Motion to Stay the Adversary Proceeding.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this _18th_ day of May, 2021

_____
Marc Kirschner
Senior Managing Director
Teneo Capital, LLC