SIDLEY AUSTIN LLP
Penny P. Reid
Paige Holden Montgomery
Juliana L. Hoffman
2021 McKinney Ave., Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

Matthew A. Clemente (admitted pro hac vice)
Dennis M. Twomey (admitted pro hac vice)
Alyssa Russell (admitted pro hac vice)
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

*Counsel for the Official Committee of Unsecured Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) ) ) | |
| Debtor, | ) ) | Case No. 19-34054-SGJ11 |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Adversary Proceeding No. 20-03195 |
| CLO HOLDCO, LTD., CHARITABLE DAF HOLDCO, LTD., CHARITABLE DAF FUND, LP, HIGHLAND DALLAS FOUNDATION, INC., THE DUGABOY INVESTMENT TRUST, GRANT | ) ) ) ) | |

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725).  The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

**Page 1**

| | |
|---|---|
| JAMES SCOTT III IN HIS INDIVIDUAL CAPACITY, AS TRUSTEE OF THE DUGABOY INVESTMENT TRUST, AND AS TRUSTEE OF THE GET GOOD NONEXEMPT TRUST, AND JAMES D. DONDERO, | ) ) ) ) ) ) |
| Defendants. | ) |

**MOTION FOR EXPEDITED CONSIDERATION ON
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' EMERGENCY
MOTION TO STAY THE ADVERSARY PROCEEDING FOR NINETY DAYS**

The Official Committee of Unsecured Creditors (the "Committee"), by and through its attorneys, hereby files this motion for expedited consideration on the "Motion for Expedited Consideration"), seeking immediate consideration of the *Official Committee of Unsecured Creditors' Emergency Motion to Stay the Adversary Proceeding for Ninety Days* (the "Motion to Stay the Adversary Proceeding"). In further support of this Motion for Expedited Consideration, the Committee respectfully states as follows:

**I. RELIEF REQUESTED**

1. By this Motion for Expedited Consideration, the Committee respectfully requests the Court enter an order authorizing the expedited consideration of the Motion to Stay the Adversary Proceeding on the next date the Court is available.

**II. BASIS FOR RELIEF**

2. Courts have authority to shorten time for "cause shown." *See* Fed. R. Bankr. P. 9006(c). Due to the delay of the effective date of the Plan,[2] the Committee filed its *Application*

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion to Stay the Adversary Proceeding.

Page 2

*for Order Pursuant to Section 1103 of the Bankruptcy Code Authorizing the Employment and Retention of Teneo Capital, LLC as Litigation Advisor to the Official Committee of Unsecured Creditors Effective April 15, 2021* [Docket No. 2306] to retain and employ the future Litigation Trustee[3] pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code to perform litigation advisory services for the Committee in this chapter 11 case, including services related to this Adversary Proceeding (the "Litigation Advisor") on May 14, 2021.  Because responsibility for the Adversary Proceeding will transfer to the Litigation Trustee upon the effective date of the Plan, the Committee filed the Motion to Stay the Adversary Proceeding, requesting a ninety (90) day stay of the Adversary Proceeding to allow the Litigation Advisor the necessary time to gain an understanding of the facts underlying the Adversary Proceeding, the Debtor's structure, and other issues pertinent to its role pursuing the Estate Claims on a go-forward basis.  In particular, the Litigation Advisor needs time to consider the issues raised in Defendants' pending Motions to Dismiss and Motions to Withdraw the Reference to determine how best to proceed.

3. Currently, the Committee's response deadlines to the Defendants' pending Motions to Dismiss and Motions to Withdraw the Reference are due on Friday, May 21, 2021.  The Committee requested an extension of these deadlines from Defendants to allow for the usual twenty-one (21) -day notice period for the Motion to Stay the Adversary Proceeding, but counsel

---

[3] Upon the effective date of the Plan, a Litigation Sub-Trust, created for the benefit of the holders of claims and interests in the Debtor, will be vested with certain claims and causes of action of the Debtor, including the Estate Claims (the "Causes of Action").  Pursuant to the Plan, Marc S. Kirschner, Senior Managing Director of Teneo, will be appointed as Litigation Trustee and will be tasked with, among other things, investigation and monetization of the Causes of Action, including the Adversary Proceeding.

for Defendants did not agree. Therefore, expedited consideration of the Motion to Stay the Adversary Proceeding is necessary.

4.  No party will be prejudiced by the immediate consideration and entry of an order approving the Motion to Stay the Adversary Proceeding. To the contrary, expedited consideration of the Motion to Stay the Adversary Proceeding is in the interest of all parties, as further delay will negatively impact the efficient adjudication of the Adversary Proceeding and could negatively impact the Committee or the Litigation Trustee's recovery on claims for the benefit of the Debtor's estate.

5.  Therefore, the Committee respectfully requests that the Court grant this Motion for Expedited Hearing and enter an order authorizing the expedited consideration of the Motion to Stay the Adversary Proceeding on the next date the Court is available. The Committee further respectfully requests an extension of their time to respond to the Defendants' Motions to Dismiss and Motions to Withdraw the Reference until the later of: (1) five business days after the Court enters an Order on the Motion to Stay the Adversary Proceeding; or (2) upon expiration of the 90-day stay of the Adversary Proceeding sought in the Committee's Motion to Stay the Adversary Proceeding.

### III. CONCLUSION

Accordingly, the Committee respectfully requests immediate consideration of the Court, and the entry of an order setting the Motion to Stay the Adversary Proceeding for hearing on the next date the court is available and granting the Committee such other relief to which it may be justly entitled at law or in equity.

[*Remainder of Page Intentionally Left Blank*]

Dated: May 18, 2021
      Dallas, Texas

SIDLEY AUSTIN LLP
/s/ *Paige Holden Montgomery*
Paige Holden Montgomery
Penny P. Reid
Juliana L. Hoffman
2021 McKinney Avenue
Suite 2000
Dallas, Texas 74201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

-and-

Matthew A. Clemente (admitted *pro hac vice*)
Dennis M. Twomey (admitted *pro hac vice*)
Alyssa Russell (admitted *pro hac vice*)
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

**CERTIFICATE OF CONFERENCE**

I hereby certify that, on May 17, 2021, counsel for the Official Committee of Unsecured Creditors has conferred with counsel for the Debtor, Grant James Scott III, CLO Holdco, Ltd., Highland Dallas Foundation, James D. Dondero, The Dugaboy Investment Trust, and the Get Good Nonexempt Trust regarding the expedited nature of the relief sought in this motion. Counsel for the Debtor does not object to the expedited consideration of the Motion to Stay the Adversary Proceeding. Counsel for CLO Holdco, Ltd., Highland Dallas Foundation, Inc., James D. Dondero, The Dugaboy Investment Trust, and the Get Good Nonexempt Trust object to the expedited consideration of the Motion to Stay the Adversary Proceeding. Counsel for Grant James Scott III deferred on the issue, expressing that their client neither agreed nor expressly opposed the requested relief.

/s/ *Chandler Rognes*  
Chandler Rognes  
*Counsel for the Official Committee*  
*of Unsecured Creditors*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document was sent via electronic mail via the Court's ECF system to all parties authorized to receive electronic notice in this case on May 18, 2021.

/s/ *Chandler Rognes*  
Chandler Rognes  
*Counsel for the Official Committee*  
*of Unsecured Creditors*

## **EXHIBIT 1**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) ) ) | Case No. 19-34054 (SGJ) |
| Debtor. | ) ) | |

**ORDER GRANTING THE MOTION FOR EXPEDITED HEARING ON THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' EMERGENCY MOTION TO STAY THE ADVERSARY PROCEEDING NINETY DAYS**

On this day, the Court considered the Official Committee of Unsecured Creditors' (the "Committee") *Motion for Expedited Hearing on the Official Committee of Unsecured Creditors' Emergency Motion to Stay the Adversary Proceeding Ninety Days* (the "Motion for Expedited

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

Hearing"). Based on the pleadings on file, the Court finds that good cause exists to grant the Motion for Expedited Hearing. Therefore, the Court GRANTS the Motion for Expedited Hearing.

**IT IS THEREFORE ORDERED** that the Motion for Expedited Hearing is **GRANTED**.

**IT IS FURTHER ORDERED** that, once provided, the Committee shall file with the Court a notice of hearing setting the date and time of the Motion to Stay the Adversary Proceeding.

**IT IS FURTHER ORDERED** that the Committee's response deadlines for the pending Motions to Dismiss[2] and Motions to Withdraw the Reference are stayed until the later of (1) five business days after the Court enters an order on the Motion to Stay the Adversary Proceeding or (2) upon expiration of the 90-day stay of the Adversary Proceeding sought in the Committee's Motion to Stay the Adversary Proceeding.

This Court shall retain jurisdiction over all matters arising from or relating to the interpretation or implementation of this Order.

### End of Order ###

---

[2] Capitalized terms used but not defined herein shall have the respective meanings given to them in the Motion to Stay the Adversary Proceeding.