KELLY HART PITRE
Louis M. Phillips (#10505)
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Telephone: (225) 381-9643
Facsimile: (225) 336-9763
Email: louis.phillips@kellyhart.com
Amelia L. Hurt (LA #36817, TX #24092553)
400 Poydras Street, Suite 1812
New Orleans, LA 70130
Telephone: (504) 522-1812
Facsimile: (504) 522-1813
Email: amelia.hurt@kellyhart.com

and

KELLY HART & HALLMAN
Hugh G. Connor II
State Bar No. 00787272
hugh.connor@kellyhart.com
Michael D. Anderson
State Bar No. 24031699
michael.anderson@kellyhart.com
Katherine T. Hopkins
Texas Bar No. 24070737
katherine.hopkins@kellyhart.com
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Telecopier: (817) 878-9280

ATTORNEYS FOR CLO HOLDCO, LTD. AND HIGHLAND DALLAS FOUNDATION, INC.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 19-34054-sgj11** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § § § | **Chapter 11** |
| | § | |
| **Debtor** | § | |

| | | |
|---|---|---|
| **OFFICIAL COMMITTEE OF UNSECURED CREDITORS,** | § § § | |
| **Plaintiff,** | § § § | **Adversary No. 20-03195** |
| vs. | § § | |
| **CLO HOLDCO, LTD., CHARITABLE DAF HOLDCO, LTD., CHARITABLE DAF FUND, LP, HIGHLAND DALLAS FOUNDATION, INC., THE DUGABOY INVESTMENT TRUST, GRANT JAMES SCOTT III IN HIS INDIVIDUAL CAPACITY, AS TRUSTEE OF THE DUGABOY INVESTMENT TRUST, AND AS TRUSTEE OF THE GET GOOD NONEXEMPT TRUST, AND JAMES D. DONDERO,** | § § § § § § § § § § § § § § § | |
| **Defendants.** | § | |



**RESPONSE IN OPPOSITION**

CLO HOLDCO, LTD. and Highland Dallas Foundation, Inc.[1] (the "Charitable Defendants") file this *Response in Opposition* (the "Response") to the *Emergency Motion to Stay the Adversary Proceeding for Ninety Days* (Dkt. No. 44) (the "Motion to Stay") filed by the Official Committee of Unsecured Creditors (the "Committee"). The Committees' request to stay the above-captioned adversary proceeding (the "Adversary Proceeding") is premised upon the need for the Litigation Advisor to "familiarize itself with the Adversary Proceeding so that it can adequately and efficiently defend the Motions to Withdraw the Reference, the Motions to Dismiss,

---

[1] CLO HOLDCO, LTD. and Highland Dallas Foundation, Inc. have filed a *Motion to Withdraw the Reference* [Dkt. No. 24], and nothing herein shall be deemed a waiver of their right to a trial by jury on all claims asserted in this Adversary Proceeding nor consent to the entry of final orders in this Adversary Proceeding by the Bankruptcy Court.

and to effectively manage the litigation of the Adversary Proceeding in its entirety." *See* Motion to Stay, ¶11 (all capitalized terms defined therein).

As set forth herein, the Committee's Motion to Stay comes on the heels of an already weeks long extension requested by the Committee without disclosure of any abatement and agreed to by all defendants. The Court has already stayed consideration of the Motions to Dismiss and the parties agreed to continue discovery based upon the pending Motions to Withdraw the Reference. Given that the Committee is represented by counsel who has undoubtedly familiarized themselves with the Adversary Proceeding, and that the Litigation Advisor has been actively engaged since April 15, 2021, such an extension has no basis and only serves to prejudice the defendants.

### BACKGROUND

In the underlying bankruptcy case, Case No. 19-34054 (the "Bankruptcy Case"), on October 29, 2019, the Committee selected Sidley Austin LLP ("Sidley Austin") as counsel. *See* Bankruptcy Case, Dkt. No. 2306, ¶3. On December 17, 2020, the Committee through Sidley Austin commenced this Adversary Proceeding against the defendants (the "Defendants"). Dkt. No. 2. On April 14, 2021, the Charitable Defendants filed a *Motion to Dismiss, or in the alternative, Motion for More Definite Statement* (Dkt. No. 23) (the "Charitable Defendants Motion to Dismiss") and the *Motion to Withdraw the Reference* (Dkt. No. 24) (the "Charitable Defendants Motion to Withdraw the Reference"). Several other Defendants filed motions to dismiss (Dkt. Nos. 22, 25, 30, 32), collectively with the Charitable Defendants Motion to Dismiss, the "Motions to Dismiss"), and motion to withdraw the reference (Dkt. No. 33) (collectively, with the Charitable Defendants Motion to Withdraw the Reference, the "Motions to Withdraw the Reference").

Pursuant to Local Bankruptcy Rule 5011-1, on April 16, 20211, the Court provided a setting for a status conference on the Motions to Withdraw the Reference for **May 25, 2021** and

confirmed availability for a setting on the Motions to Dismiss at the same time. Before the Charitable Defendants filed notices of this setting, on April 16, 2021, the Committee requested an extension of time to oppose to the Motions to Dismiss and Motions to Withdraw the Reference to **May 21, 2021**. Noting that this extension would provide only four (4) days for Defendants to file replies, the Charitable Defendants agreed to the extension contingent upon the Court having another setting available the week after. The Court provided a setting for **June 3, 2021**, so the Charitable Defendants agreed to the requested extension, which was an over two-weeks long extension. At no time did the Committee disclose it would request a three-months long abatement after conclusion of the extension. The Court later decided it would not hear the Motions to Dismiss on June 3, 2021, and instead decided to take up the Motions to Withdraw the Reference first, effectively staying the proceedings pending disposition of the Motions to Withdraw the Reference. Additionally, the Court cancelled its status conference concerning this Adversary Proceeding on May 10, 2021. Following this decision, the Committee and Defendants agreed to cancel a proposed discovery conference.

The Committee filed its *Application to Employ Teneo* in the Bankruptcy Case on May 14, 2021. Bankruptcy Case, Dkt. No. 2306 (the "Application to Employ Teneo"). Therein, the Committee requested *nunc pro tunc* relief, as Teneo commenced work on **April 15, 2021**. Application to Employ Teneo, ¶ 15. In the Application to Employ Teneo, the Committee explained the Scope of Services to be provided by Teneo as:

> Scope of Services
>
> Teneo will provide such litigation support, investigation and advisory services to the Committee and its legal advisors as they deem appropriate and feasible in order to advise the Committee on the Causes of Action, including but not limited to the following:
>
> - Assistance in the investigation of business activities of insiders, related and affiliated parties;

- Assistance in forensic review of financial information of the Debtor;

- Assistance in the evaluation and analysis of the Causes of Action;

- Assistance in the development of complaints prosecuting the Causes of Action, including attendance at depositions and provision of expert reports/testimony on case issues as required by the Committee; and

- Render such other litigation advisory or such other financial advisory assistance as the Committee or its counsel may deem necessary that are consistent with the role of a litigation advisor and not duplicative of services provided by other professionals in this proceeding.

*Id*. at ¶17. Absent from the Scope of Services proposed purely legal defense of non-evidentiary motions, like the Motions to Withdraw the Reference or Motions to Dismiss. This role appears to be that of Sidley Austin, and according to the Committee, there is to be no duplication between professionals employed by the Committee (if Teneo is necessary to advise Sidley Austin, is Sidley Austin necessary??). The idea that Sidley Austin needs the services of Teneo, when the services of Teneo do not include providing advice as to how to approach the legal issues of withdrawal of reference or 12(b)(6) motions to dismiss (or motions for more definite statement) is ludicrous (would Sidley Austin put this disclaimer on its website??? - we think not).

Now at the expiration of the May 21, 2021 response deadline, the Committee seeks to stay the Adversary Proceeding for ninety (90) days because the Teneo needs time to "familiarize itself with the Adversary Proceeding, so as to adequately and efficiently defend the Motions to Withdraw the References, the Motions to Dismiss, and to effectively manage the litigation of the Adversary Proceeding in its entirety." *See* Motion to Stay, ¶11.

Prior to filing the Motion to Stay, the Committee sought consent.[2] Undersigned counsel responded twice, as follows:

---

[2] Counsel's message stated: "All,

Response 1: "Chandler and counsel,

On behalf of Highland Dallas Foundation and CLO HoldCo, we oppose the requested stay. First, we granted an extension until May 21 by which the UCC is to respond to the motions to withdraw reference and to dismiss, and to the UCC exceeding the page limit. Second, the UCC and its very capable counsel cannot need oversight to deal with the Motion to Withdraw Reference. We think the withdrawal motions should be considered by the Court on June 3, and then send her recommendation thereafter. As you know, the Court has pushed our motions to dismiss, without date, so no stay is really necessary now. We have no idea as to how long the Court will take with its recommendation, but we need to get the court in which the litigation will take place to get set. In fact, nothing will really happen until the District Court rules, as all parties will have the right to respond to the bankruptcy court's recommendation. The point here is that there is a long extension already built into our situation, and we all need the withdrawal motions resolved. We would consider a stay involving any matter other than the withdrawal motions, but that is not what you requested. There is utterly no reason for an extension of the response deadline. None at all. Also, utterly no reason to postpone the withdrawal process.

Please advise that we are opposed to the stay as described in the message below.

Response Number 2: Chandler,

Also, and I came late to the bankruptcy case and related matters, but wasn't any Committee litigation to be initiated within 90 days of the registry order? I have seen that this deadline was extended to accommodate discovery but there was that

---

On Friday, the Committee filed an application to retain Teneo (the future litigation trustee under the terms of the Plan) as litigation advisor to the Committee for the interim time period before the Plan goes effective. Because this adversary proceeding will transfer to the litigation trustee upon effective date of the Plan, we plan to file a motion to stay the adversary proceeding, including the response deadlines and hearings set for the pending motions to dismiss and motions to withdraw the reference, for 90 days, to allow Teneo sufficient time to acquaint itself with the status of the adversary proceeding and the pending motions, and to determine how to proceed.

Given our Friday (May 21) response deadlines for the pending motions to dismiss and motions to withdraw the reference, and the status conference for the motions to withdraw the reference set for June 3, we plan to file the motion on an emergency and expedited basis. Of course, if you would agree that our response deadlines and the June 3 status conference could be postponed until the Court rules on the motion to stay the adversary proceeding, we would file the motion with the normal 21-day notice period.

Can you please let us know if the defendants oppose either: (1) a 90 day stay of the adversary proceeding and/or (2) an expedited hearing on the motion to stay? Given the tight turnaround, we would appreciate a response as soon as possible. We plan to file our motions this evening. "

extension.  Also, it seems as though the UCC refrained from serving parties, which generated further delay. We did ask for a short extension for a long time to respond so that all responses for my two clients would be filed together, but the extension was very short.  As mentioned below we granted your requested extension, which you mad without any mention of a further extension caused by a "stay."  I reiterate the message below

Although the Committee was well-aware of the Motions to Withdraw Reference and Motions to Dismiss, and had already engaged in Teneo when it requested its initial extension, it did not disclose to the Defendants that upon expiration of the extension, it would then move to stay the Adversary Proceeding for ninety (90) days.  Nonetheless, given that the Court has already deferred consideration of the Motions to Dismiss and the parties agreed to wait on discovery pending the disposition of the Motions to Withdraw the Reference, the Defendants informed the Committee that the Defendants would consider a stay for matters other than the Motions to Withdraw the Reference, but would not agree to a ninety (90) stay of all matters.  Committee counsel did not respond to the proposal to discuss an agreed stay and the Committee filed its Motion to Stay.

## OPPOSITION

Bankruptcy Rule 5011 is clear that the filing of a motion to withdraw the reference does not stay an adversary proceeding, but the bankruptcy court may, as this Court has, stay, on such terms and conditions as are proper, proceedings pending disposition of the motion. FED. R. CIV. P. 5011(c).  Here, the Court has already exercised this power and essentially stayed further proceedings pending disposition of the Motions to Withdraw the Reference.  But the Committee urges that this is not enough, as it demands a ninety (90) day stay of all proceedings, including the Motions to Withdraw the Reference, because of the April 15, 2021 retention of the Litigation Advisor.

While this Court certainly has discretion to stay proceedings, the party moving for a stay bears a "heavy burden" to demonstrate that it is appropriate. *See Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co.*, 761 F.2d 198, 203 n.6 (5th Cir. 1985); *Mott's LLP v. Comercializadora Eloro, S.A.*, No. 5:20-CV-651-DAE, 2020 WL 8454920, at *2 (W.D. Tex. Dec. 14, 2020). Courts recognize that they must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay. *Schobert v. CSX Transportation Inc.,* No. 1:19-CV-76, 2020 WL 7028468, at *39 (S.D. Ohio Nov. 30, 2020)(citing to *Ohio Env't Council v. U.S. Dist. Ct., S. Dist. of Ohio, E. Div.,* 565 F.2d 393, 396 (6th Cir. 1977)). Moreover, even when a court determines a stay is appropriate, the court must only impose a stay that is reasonable in length. *Clinton v. Jones*, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997)).

> **i)** ***Counsel for the Committee is certainly familiar with the Adversary Proceeding and can provide competent representation***

As set forth herein, counsel for the Committee has been involved in the Bankruptcy Case since October of 2019. Sidley Austin was required to investigate the facts underlying this Adversary Proceeding before it commenced it. *See* FED. R. P. BANKR. 9011(b) (requiring a reasonable inquiry before presenting a petition to the court). The invoices filed in the Bankruptcy Case by Sidley Austin shows that counsel has spent a great deal of time working on the Bankruptcy Case and Adversary Proceeding and has been compensated millions of dollars for doing so. *See* Dkt. No. 2328 ("Prior Monthly Applications Filed" -- totaling $9,146,297.85); Dkt. No. 2328 (numerous time entries regarding the Adversary Proceeding); Dkt. No. 2160 (same); Dkt. No. 1963 (same); Dkt. No. 1842 (same). As such, counsel for the Committee is certainly familiar with Adversary Proceeding and able to defend the Motions to Withdraw the Reference and Motions to Dismiss. Moreover, as explained herein, Teneo has been retained to provide "litigation support,

investigation, and advisory services." The Scope of Services does not include purely legal responses to non-evidentiary motions, nor could it because that role would fall to Sidley Austin and according to the Committee, there can be no duplication of services provided by other professionals.

Additionally, the Committee retained Teneo on April 15, 2021. This is one day after the Charitable Defendants Motion to Withdraw the Reference and Motion to Dismiss were filed. Given that the Charitable Defendants already agreed to an over two (2) week extension for a response deadline, there can be no prejudice to Teneo. Teneo has had weeks longer than any plaintiff would normally have to respond to the Charitable Defendants Motion to Withdraw the Reference and Motion to Dismiss. The Committee points to the "complexities" of the Adversary Proceeding, but there is no precedent for the idea that because a case is deemed complex a plaintiff should be given a three months stay to respond to motions to withdraw the reference and motions to dismiss. Also, there are no complexities regarding the Motions to Withdraw Reference that the requested stay could even assist. The arguments are legal and counsel for Committee is in as good a position to know how to respond as it ever will be. The requested is a smokescreen for delay without basis. In fact, Teneo cannot "supplement" Sidley Austin's response to Motions to Withdraw the Reference because doing so would be a duplication of services. We ask whether the counsel really is considering consenting to withdrawal of the reference of this Adversary Proceeding. We think this is not likely. There is no need for delay.

ii) **_Defendants will be unnecessarily prejudiced by the requested stay._**

A party has a right to a determination of its rights and liabilities without undue delay. Schobert, 2020 WL 7028468, at *39. So in that way, a stay is always prejudicial. But worse, here, the Committee created the situation which it now attempts to leverage into a litigation advantage.

The Committee filed this Adversary Proceeding in December 2020. The Committee implies it was forced to due to the fast expiry of certain statutes of limitations. But the Committee did not move to stay the Adversary Proceeding from the outset, even though it knew by, at the absolute latest, January 22, 2021 that the claims underlying the Adversary Proceeding would be transferred to the Litigation Sub-Trust upon the Effective Date. Dkt. No. 1811 (Plan Supplement, Litigation Trust Form). Also, undersigned counsel has no idea when the Effective Date will occur (or if it will occur) but believes it could not occur until late-June Even after the Plan was confirmed on February 8, 2021, the Committee did nothing. Only after the Defendants filed their Motions to Withdraw the Reference and Motions to Dismiss, and the Committee and counsel smelled that there might be a litigation advantage to be had, did the Committee move to stay the Adversary Proceeding based upon the all same information it had since at least January 2021.

## Conclusion

Here, the Court has already exercised its authority to stay matters pending disposition of the Motions to Withdraw the Reference, and the Committee has already benefited from the extensions the Defendants agreed to. Undersigned counsel has offered discussions on further stay after withdrawal of the reference has been decided, which is under the control of this Court, and not the litigants (such that a stay might already extend as to matters other than withdrawal of the reference, for more than 90 days). Undersigned counsel agreed to a material extension for the Committee, which withheld filing its proceeding and then took an overlong time within which to serve it. Given that the Committee has already had far more time to defend the Motions to Withdraw the Reference and the Motions to Dismiss than the applicable rules provide, and only need file basically legal responses to the two pending motions, there is nothing Teneo can offer. The request is without merit, and must be made to avoid having to file a response to the pending

motions.. The Committee has known of all the purported grounds for its Motion to Stay for months, but did nothing, until the last minute. And, for no reason, as the purported grounds are not grounds for delay in responding to and consideration of the Motions to Withdraw the Reference. The Committee cannot meet its heavy burden to show a stay of the Adversary Proceeding for ninety (90) days is appropriate. The Motion to Stay must be denied.

Dated: May 19, 2021

Respectfully submitted,

**KELLY HART PITRE**

*/s/ Louis M. Phillips*
**Louis M. Phillips (#10505)**
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Telephone: (225) 381-9643
Facsimile: (225) 336-9763
Email: louis.phillips@kellyhart.com

Amelia L. Hurt (LA #36817, TX #24092553)
400 Poydras Street, Suite 1812
New Orleans, LA 70130
Telephone: (504) 522-1812
Facsimile: (504) 522-1813
Email: amelia.hurt@kellyhart.com

and

**KELLY HART & HALLMAN**
Hugh G. Connor II
State Bar No. 00787272
hugh.connor@kellyhart.com
Michael D. Anderson
State Bar No. 24031699
michael.anderson@kellyhart.com
Katherine T. Hopkins
Texas Bar No. 24070737
katherine.hopkins@kellyhart.com
201 Main Street, Suite 2500
Fort Worth, Texas 76102

Telephone: (817) 332-2500
Telecopier: (817) 878-9280

ATTORNEYS FOR CLO HOLDCO, LTD. AND HIGHLAND DALLAS FOUNDATION, INC.

**CERTIFICATE OF SERVICE**

I, undersigned counsel, hereby certify that a true and correct copy of the above and foregoing document and all attachments thereto were sent via electronic mail via the Court's ECF system to all parties authorized to receive electronic notice in this case on this May 19, 2021.

*/s/ Louis M. Phillips*
Louis M. Phillips