**KELLY HART PITRE**

**Louis M. Phillips (#10505)**
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Telephone: (225) 381-9643
Facsimile: (225) 336-9763
Email: louis.phillips@kellyhart.com
Amelia L. Hurt (LA #36817, TX #24092553)
400 Poydras Street, Suite 1812
New Orleans, LA 70130
Telephone: (504) 522-1812
Facsimile: (504) 522-1813
Email: amelia.hurt@kellyhart.com

and

**KELLY HART & HALLMAN**
Hugh G. Connor II
State Bar No. 00787272
hugh.connor@kellyhart.com
Michael D. Anderson
State Bar No. 24031699
michael.anderson@kellyhart.com
Katherine T. Hopkins
Texas Bar No. 24070737
katherine.hopkins@kellyhart.com
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Telecopier: (817) 878-9280

ATTORNEYS FOR CLO HOLDCO, LTD. AND HIGHLAND DALLAS FOUNDATION, INC.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 19-34054-sgj11** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT,** | § | |
| **L.P.,** | § | **Chapter 11** |
| | § | |
|     **Debtor** | § | |

1

| | |
|---|---|
| **OFFICIAL COMMITTEE OF UNSECURED CREDITORS,** § § § § § § § § § § § § § § § § § § § § § § § § |  |
| Plaintiff, | |
| vs. | Adversary No. 20-03195 |
| **CLO HOLDCO, LTD., CHARITABLE DAF HOLDCO, LTD., CHARITABLE DAF FUND, LP, HIGHLAND DALLAS FOUNDATION, INC., THE DUGABOY INVESTMENT TRUST, GRANT JAMES SCOTT III IN HIS INDIVIDUAL CAPACITY, AS TRUSTEE OF THE DUGABOY INVESTMENT TRUST, AND AS TRUSTEE OF THE GET GOOD NONEXEMPT TRUST, AND JAMES D. DONDERO,** | |
| Defendants. | |

## POST HEARING MEMORANDUM SUGGESTING ERROR BY THE COURT

CLO HOLDCO, LTD. and Highland Dallas Foundation, Inc.[1] (the "Charitable Defendants") file this *Post Hearing Memorandum Suggesting Error by the Court*. On May 20, 2021, this Court held a hearing upon the Plaintiff's motion for a 90 day stay of this adversary proceeding (*see* Dkt. No. 44 -- the "Motion to Stay"). The Charitable Defendants filed an *Opposition* (Dkt. No. 50 -- the "Opposition")[2] and appeared through counsel at the hearing held upon the Motion to Stay. The Charitable Defendants also introduced 6 Exhibits at the hearing (*see* Dkt. No. 52).

After hearing the Court issued an oral ruling to grant the requested 90 day stay, and advised that it would issue an order providing for the stay upon submission by Plaintiff. The two primary

---

[1] CLO HOLDCO, LTD. and Highland Dallas Foundation, Inc. have filed a *Motion to Withdraw the Reference* [ECF No. 24], and nothing herein shall be deemed a waiver of their right to a trial by jury on all claims asserted in this Adversary Proceeding nor consent to the entry of final orders in this Adversary Proceeding by the Bankruptcy Court.

[2] Capitalized terms not otherwise defined herein take their meaning from the Opposition.

grounds used by the Court to justify its decision to grant a 90 day stay are clearly wrong, with one contrary to plain math, and the other contrary to the evidence and the entire underpinning of the Opposition filed by the Charitable Defendants.

First, the math. The Court says that the time it could take to get a ruling from the District Court on the pending Motions to Withdraw Reference would in effect give the Plaintiffs the requested stay, as it might take up to 90 days for the reference issues to be finally determined. Therefore, the Court found that there could be no prejudice to the Charitable Defendants, because the requested stay would in all likelihood be already baked in to the proceedings.  As a math problem this is wrong. The 90 day stay will in fact be a 180 day delay if the Court is correct that the natural process will take 90 days to conclusion of the reference withdrawal motions.  That would place the decision on the motions to withdraw reference somewhere close to mid-November, 2021, or some 10 plus months after the complaint initiating this proceeding was filed (the amended complaint, which is the first entry of the docket of this proceeding, was filed December 17, 2020).

Second, this Court improperly imputed ill motive to the Charitable Defendants because the Court decided, directly contrary to the evidence submitted and the argument of counsel, that the opposition to the stay was somehow grounded in a desire to impose upon Mr. Kirschner the obligation to work without being paid. Where that conclusion came from cannot be understood. The Charitable Defendants, in fact, introduced the employment application which expressly requests retroactive approval to the filing date. *See* Application to Employ, ¶10.  Second, the Charitable Defendants argued that the Committee had been utilizing the services of Kirschner since mid-April and therefore would not be prejudiced.  The underlying assumption of the Charitable Defendants is that Kirschner will be employed and the Court will approve the routine request that his employment (and therefore right to compensation) would commence as of the date

3

of his retention, in mid-April.  So, there is utterly no underpinning for the Court's erroneous imputation of bad motive on the part of the Charitable Defendants, which is clearly a primary ground for the Court's decision to stay this proceeding.  The Charitable Defendants want nobody to work without being paid, and this Court's imputation of this bad motive to the Charitable Defendants is clearly wrong.[3]

Simply put, there is no basis for defendants to have to be under the cloud of a multi-million dollar lawsuit for some 10 months (at least) before they know before what court they will be litigating.  This Court made the correct decision to set the Motions to Withdraw the Reference for the conference required by this Court's local rules on June 3, 2021.  The Court's math is not correct, the stay is not baked in, but rather would have the effect of adding another 90 days at least to the delay, which would mean 10 months before a Motions to Withdraw the Reference decision.  Also and again, there was no basis for the Court's imputation of bad motive or bad faith to the Charitable Defendants.  Finally, the idea that the Committee and counsel thereto needs further client advice as to the legal issue of withdrawal of the reference or that a new client will direct current litigation trust counsel as to the way to plead around a withdrawal of reference motion can in no way be seen as well founded.

This Court should consider this post-hearing memorandum and reconsider its determination to issue the stay, and should deny the requested stay.

Respectfully submitted,

**KELLY HART PITRE**

*/s/ Louis M. Phillips*
**Louis M. Phillips (#10505)**
One American Place
301 Main Street, Suite 1600

---

[3] The Court as well could not comprehend defendants wishing to prod a proceeding to conclusion.  The Charitable Defendants are not seeking expeditious determination, quite the opposite.  We seek, simply, normal process.

4

Baton Rouge, LA 70801-1916
Telephone: (225) 381-9643
Facsimile: (225) 336-9763
Email: louis.phillips@kellyhart.com

Amelia L. Hurt (LA #36817, TX #24092553)
400 Poydras Street, Suite 1812
New Orleans, LA 70130
Telephone: (504) 522-1812
Facsimile: (504) 522-1813
Email: amelia.hurt@kellyhart.com

and

**KELLY HART & HALLMAN**
Hugh G. Connor II
State Bar No. 00787272
hugh.connor@kellyhart.com
Michael D. Anderson
State Bar No. 24031699
michael.anderson@kellyhart.com
Katherine T. Hopkins
Texas Bar No. 24070737
katherine.hopkins@kellyhart.com
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Telecopier: (817) 878-9280

ATTORNEYS FOR CLO HOLDCO, LTD. AND HIGHLAND DALLAS FOUNDATION, INC.

5

**CERTIFICATE OF SERVICE**

I, undersigned counsel, hereby certify that a true and correct copy of the above and foregoing document and all attachments thereto were sent via electronic mail via the Court's ECF system to all parties authorized to receive electronic notice in this case on this May 21, 2021.

/s/ *Louis M. Phillips*
Louis M. Phillips