BTXN 138 (rev. 03/15)

## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| In Re:<br>Highland Capital Management, L.P. and CLO Holdco,<br>Ltd. | § § § |
| Debtor(s) | § Case No.:    19−34054−sgj11 |
| Official Committee of Unsecured Creditors | § Chapter No.:   11 |
| Plaintiff(s) | § Adversary No.:   20−03195−sgj |
| vs. | § |
| CLO Holdco, Ltd.  et al. | § Civil Case No.: |
| Defendant(s) | § |
| | § |
| Official Committee of Unsecured Creditors | § |
| Plaintiff(s) | § |
| vs. | § |
| CLO Holdco, Ltd., et al. | § |
| Defendant(s) | § |
| | § |

## NOTICE OF TRANSMITTAL REGARDING WITHDRAWAL OF REFERENCE

I am transmitting:

- ☑ One copy of the Motion to Withdraw Reference (USDC Civil Action No. − DNC Case) **NOTE**:
A Status Conference has been set for 6/3/2021 at 9:30a.m., in  via
https://us−courts.webex.com/meet/jerniga  before U.S. Bankruptcy Judge  Stacy G. C. Jernigan .
The movant/plaintiff, respondent/defendant or other affected parties are required to attend the
Status Conference.

- ☐ One copy of: _.

**TO ALL ATTORNEYS:** Fed.R.Bankr.P. 5011(a) A motion for withdrawal of a case or proceeding shall be heard by
a district judge, [*implied*] that any responses or related papers be filed likewise.

DATED:  5/17/21                    FOR THE COURT:
                                   Robert P. Colwell, Clerk of Court

                                   by: /s/Sheniqua Whitaker, Deputy Clerk

BTXN 116 (rev. 07/08)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

## WITHDRAWAL OF REFERENCE SERVICE LIST

### Transmission of the Record

BK Case No.:  19−34054−sgj11

Adversary No.:  20−03195−sgj

Received in District Court by: _____

Date: _____

Volume Number(s): _____

cc: Stacey G. Jernigan
   Robert (Bob) Schaaf
   Nathan (Nate) Elner
   Attorney(s) for Appellant
   US Trustee

**Plaintiff**   Official Committee of Unsecured Creditors

Paige Holden Montgomery
Sidley Austin LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
(214) 981−3300

**Defendant**   CLO Holdco, Ltd. and Highland Dallas Foundation, Inc.

Louis M. Phillips
KELLY HART & PITRE
301 Main Street, Suite 1600
Baton Rouge, LA 70801
(225) 381−9643

**Defendant**   Charitable DAF Holdco, Ltd. (Pro Se)

No contact information

**Defendant**  Charitable DAF Fund, LP (Pro Se)

No contact information

**Defendant**  The Dugaboy Investment Trust and The Get Good Nonexempt Trust

Douglas S. Draper
Heller, Draper & Horn, L.L.C.
650 Poydras St., Suite 2500
New Orleans, LA 70130
(504) 299−3300

**Defendant**  Grant James Scott III

John J. Kane
Kane Russell Coleman Logan PC
901 Main Street
Suite 5200
Dallas, TX 75202
(214) 777−4261

**Defendant**  James D. Dondero

Bryan C. Assink
Bonds Ellis Eppich Schafer Jones LLP
420 Throckmorton St., Suite 1000
Fort Worth, TX 76102
(817) 405−6900
Fax : (817) 405−6902

William R. Howell, Jr.
Bonds Ellis Eppich Schafer Jones LLP
420 Throckmorton Street, Suite 1000
Fort Worth, TX 76102
(817) 405−6900

BTXN 150 (rev. 11/10)

| | | |
|---|---|---|
| In Re:<br>Highland Capital Management, L.P. and CLO Holdco, Ltd. | § | Case No.: 19−34054−sgj11 |
| Debtor(s) | § | Chapter No.: 11 |
| Official Committee of Unsecured Creditors | § | |
| Plaintiff(s) | § | Adversary No.: 20−03195−sgj |
| vs. | § | |
| CLO Holdco, Ltd. et al. | § | |
| Defendant(s) | § | |

# CIVIL CASE COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**I.** (a) **PLAINTIFF**
Official Committee of Unsecured Creditors

(b) County of Residence of First Listed Party:
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Paige Holden Montgomery
Sidley Austin LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
(214) 981−3300

**DEFENDANT**
CLO Holdco, Ltd., et al.

County of Residence of First Listed Party:
(IN U.S. PLAINTIFF CASES ONLY)

Attorney's (If Known)
CLO Holdco, Ltd and Highland Dallas Foundation, Inc:

Louis M. Phillips
KELLY HART & PITRE
301 Main Street, Suite 1600
Baton Rouge, LA 70801
(225) 381−9643

Charitable DAF Holdco, Ltd (Pro Se):

Charitable DAF Holdco, Ltd (Pro Se):

Charitable DAF Fund, LP (Pro Se):

The Dugaboy Investment Trust and The Get Good Nonexempt Trust:

Douglas S. Draper
Heller, Draper & Horn, L.L.C.
650 Poydras St., Suite 2500
New Orleans, LA 70130

Grant James Scott III:

John J. Kane
Kane Russell Coleman Logan PC
901 Main Street
Suite 5200
Dallas, TX 75202
(214) 777−4261

James D. Dondero:

Bryan C. Assink
Bonds Ellis Eppich Schafer Jones LLP
420 Throckmorton St., Suite 1000
Fort Worth, TX 76102
(817) 405−6900

---

**II. BASIS OF JURISDICTION**

○ 1 U.S. Government Plaintiff   ○ 2 U.S. Government Defendant   ● 3 Federal Question (U.S. Government Not a Party)   ○ 4 Diversity (Indicate Citizenship of Parties in Item III)

---

**III. CITIZENSHIP OF PRINCIPAL PARTIES**

| | | | | | |
|---|---|---|---|---|---|
| Citizen of This State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business In This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business In Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

---

**IV. NATURE OF SUIT**

○ 422 Appeal 28 USC 158   ● 423 Withdrawal 28 USC 157   ○ 890 Other Statutory Actions

**V. ORIGIN**

○ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened

○ 5 Transferred from another district  ○ 6 Multidistrict Litigation  ○ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
423 Withdrawal 28 USC 157

Brief description of cause:
Motion to withdraw the reference

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23   DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**
Judge:                                    Docket Number:   3:21-cv-01112-C

DATED:  5/17/21

FOR THE COURT:
Robert P. Colwell, Clerk of Court
by: /s/Sheniqua Whitaker, Deputy Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Case No. 19-34054-sgj11 |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | **Chapter 11** |
| Debtor | § | |
| | § | |

| | | |
|---|---|---|
| **OFFICIAL COMMITTEE OF UNSECURED CREDITORS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | **Adversary No. 20-03195** |
| vs. | § | |
| | § | |
| **CLO HOLDCO, LTD., CHARITABLE DAF HOLDCO, LTD., CHARITABLE DAF FUND, LP, HIGHLAND DALLAS FOUNDATION, INC., THE DUGABOY INVESTMENT TRUST, GRANT JAMES SCOTT III IN HIS INDIVIDUAL CAPACITY, AS TRUSTEE OF THE DUGABOY INVESTMENT TRUST, AND AS TRUSTEE OF THE GET GOOD NONEXEMPT TRUST, AND JAMES D. DONDERO,** | § | |
| | § | |
| Defendants. | § | |

---

### JURY TRIAL DEMANDED

---

### MOTION TO WITHDRAW THE REFERENCE

---

Defendants the Get Good Nonexempt Trust ("Get Good") and the Dugaboy Investment Trust ("Dugaboy" and together with Get Good, "Defendants") in the above-captioned adversary proceeding (the "Adversary Proceeding") file this *Motion to Withdraw the Reference* (the "Motion") pursuant to pursuant to 28 U.S.C. § 157(d), Federal Rule of Bankruptcy Procedure 5011, Article III of the U.S. Constitution, and the Northern District of Texas Local Bankruptcy

Rule 5011-1(a), and, for the reasons set forth in the accompanying *Brief in Support*, respectfully move the District Court to withdraw the reference of this Adversary Proceeding to the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court"), so that the District Court can preside and Defendants can exercise their rights to trial by jury, should trial be necessary, and grant such other relief, at law or in equity, to which they may be entitled.[1]

Respectfully submitted this 30th day of April, 2021,

> **HELLER, DRAPER, & HORN, LLC**
>
> */s/ Douglas S. Draper*
> Douglas S. Draper, La. Bar No. 5073
> ddraper@hellerdraper.com
> Leslie A. Collins, La. Bar No. 14891
> lcollins@hellerdraper.com
> Greta M. Brouphy, La. Bar No. 26216
> gbrouphy@hellerdraper.com
> 650 Poydras Street, Suite 2500
> New Orleans, LA 70130
> Telephone: (504) 299-3300
> Fax: (504) 299-3399
>
> **COUNSEL FOR THE**
> **DUGABOY INVESTMENT TRUST and**
> **THE GET GOOD NONEXEMPT TRUST**

---

[1]       Nothing herein shall be deemed a waiver of any right to a jury trial by the Defendants or Defendants' consent to the Bankruptcy Court entering final orders or judgments in this Adversary Proceeding.

## CERTIFICATE OF SERVICE

I, undersigned counsel, hereby certify that a true and correct copy of the above and foregoing document and all attachments thereto were sent via electronic mail via the Court's ECF system to all parties authorized to receive electronic notice in this case on this April 30, 2021.

*/s/ Douglas S. Draper*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO. 19-34054-sgj11** |
| **HIGHLAND CAPITAL** | § | |
| **MANAGEMENT, L.P.**[1], | § | **CHAPTER 11** |
| | § | |
| **DEBTORS** | § | |
| | § | |

| | | |
|---|---|---|
| **OFFICIAL COMMITTEE OF** | § | |
| **UNSECURED CREDITORS,** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | **ADVERSARY NO. 20-03195** |
| **V.** | § | |
| | § | |
| **CLO HOLDOC, LTD., CHARITABLE** | § | |
| **DAF HOLDCO, LTD., CHARITABLE** | § | |
| **DAF FUND, LP. HIGHLAND DALLAS** | § | |
| **FOUNDATION, INC., THE DUGABOY** | § | |
| **INVESTMENT TRUST, GRANT JAMES** | § | |
| **SCOTT III IN HIS INDIVIDUAL** | § | |
| **CAPACITY, AS TRUSTEE OF THE** | § | |
| **DUGABOY INVESTMENT TRUST,** | § | |
| **AND AS TRUSTEE OF THE GET GOOD** | § | |
| **NONEXEMPT TRUST, AND JAMES D.** | § | |
| **DONDERO** | § | |
| | § | |
| **DEFENDANTS.** | § | |

**RELIEF REQUESTED FROM DISTRICT COURT**

**JURY TRIAL RIGHT DEMANDED**

**BRIEF IN SUPPORT OF MOTION TO WITHDRAW THE REFERENCE**

---

[1]     The Debtor's last four digits of its taxpayer identification number are (6725).  The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201

{00375607-2}

## TABLE OF CONTENTS

*Page*

I.    PRELIMINARY STATEMENT ...................................................................................1

II.    BACKGROUND ........................................................................................................2

   A.    The Bankruptcy Case ......................................................................................2

   B.    The Get Good Proofs of Claim ........................................................................3

   C.    The Dugaboy Proofs of Claim ..........................................................................3

   D.    This Adversary Proceeding ..............................................................................4

III.    ARGUMENT AND AUTHORITIES ..........................................................................4

   A.    Defendants demand a jury trial and have the right to a jury trial...............................6

      i)    TUFTA Claims ........................................................................................ 6

      ii)    Conspiracy ............................................................................................ 7

   B.    Get Good and Dugaboy have not a waived their jury trial right or right to Article
   III adjudication. ..................................................................................................7

   C.    The Bankruptcy Court does not have constitutional authority to enter a final
   judgment in this Adversary Proceeding .................................................................13

   D.    The remaining applicable *Holland* factors favor withdrawal......................................14

IV.    CONCLUSION ........................................................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Align Strategic Partners LLC*,
No. 16-35702, 2019 WL 2527221 (Bankr. S.D. Tex. Mar. 5, 2019)......................................16

*Beacon Theatres v. Westover*,
359 U.S. 500 (1959).............................................................................................................7

*Bleecker v. Standard Fire Inc. Co.*,
130 F. Supp. 2d 726 (E.D.N.C. 2000)..................................................................................11

*Bowles v. Bennett*,
629 F.2d 1092 (5th Cir.1980) ..............................................................................................12

*BP RE, L.P v. RML Waxahachie Dodge, L.L.P. (In re DP RE, L.P.)*,
735 F.3d 279 (5th Cir. 2013) ...............................................................................................14

*Carroll v. Timmers Chevrolet, Inc.*,
592 S.W.2d 922 (Tex. 1979)..................................................................................................6

*Case Energy Servs., LLC v. Padco Energy Servs., LLC*,
No. CV 17-1043, 2017 WL 4544719 (W.D. La. Oct. 11, 2017) (interpreting
*U.S. Bank* and *Stern*)...........................................................................................................10

*In re CBI Holding Co.*,
529 F.3d 432 (2d Cir. 2008)...................................................................................................9

*Curriden v. Middleton*,
232 U.S. 633 (1914).............................................................................................................7

*Granfinanciera, S.A. v. Norberg*,
492 U.S. 33 (1989)........................................................................................................ *passim*

*In re Gulf States Long Term Acute Care of Covington, L.L.C.*, 455 B.R. 869 (E.D.
La. 2011) .........................................................................................................................16

*Holland Am. Ins. Co. v. Succession of Roy*,
777 F.2d 992 (5th Cir. 1985) .........................................................................................5, 6, 14

*In re Jensen*, 946 F.2d 369 (5th Cir. 1991) (overruled on other grounds)....................................7

*Johnson v. Williamson (In re British American Properties III, Ltd.)*,
369 B.R. 322 (Bankr. S.D. Tex. 2007) ................................................................................15

*Katchen v. Landy*, 382 U.S. 323 (1966)..............................................................................7, 8

*In re Lapeyre*, No. CIV. A. 99-1312, 1999 WL 486888 (E.D. La. July 8, 1999)..........................14

*McAfee v. U.P. Martin*,
    63 F.3d 436 (5th Cir.1995) ...................................................................................12

*Mirant Corp. v. The Southern Co.*,
    337 B.R. 107 (N.D. Tex. Jan. 10, 2006) .................................................................15

*In re MPF Holding US LLC*,
    No. 08-36084-H4-11, 2013 WL 12146958 (Bankr. S.D. Tex. Apr. 26, 2013)..........................6

*Nu Van Tech., Inc. v. Cottrell, Inc. (In re Nu Van Tech., Inc.)*,
    No. 01-49589-DML-11, 2003 WL 23785355 (Bankr. N.D. Tex. Oct. 14,
    2003) ....................................................................................................................14

*Palmer & Palmer, P.C. v. US Trustee (In re Hargis)*,
    146 B.R. 173 (N.D. Tex. 1992)...............................................................................15

*In re Parkway Sales & Leasing, Inc.*,
    411 B.R. 337 (Bankr. E.D. Tex. 2009) ....................................................................7

*Perlman v. Wells Fargo Bank, N.A.*,
    No. 10-81612-CV, 2012 WL 12854876 (S.D. Fla. Apr. 3, 2012) ...........................11

*In re Royce Homes, L.P.*,
    No. 09-32467-H4-7, 2011 WL 13340482 (Bankr. S.D. Tex. Oct. 13, 2011) ...............7, 14, 16

*Schott, Tr. for Est. of InforMD, LLC v. Massengale*,
    618 B.R. 444 (M.D. La. 2020) ...............................................................................10

*In re Sentry Operating Co. of Texas, Inc.*,
    273 B.R. 515 (Bankr. S.D. Tex. 2002) ...................................................................11

*Tex. Capital Bank, N.A. v. Dallas Roadster, Ltd. (In re Dallas Roadster, Ltd.)*,
    Case No. 11-43725, Adv. No. 13-40332013 .........................................................16

*Veldekens v. GE HFS Holdings, Inc.*,
    362 B.R. 762 (S.D. Tex. 2007) ..............................................................................16

*Wellness Int'l Network, Ltd. v. Sharif*,
    575 U.S. 665, 135 S.Ct. 1932, 191 L.Ed.2d 911 (2015)........................................14

**Statutes**

28 U.S.C. § 157(a) .........................................................................................................2

28 U.S.C. § 157(b) .......................................................................................................15

28 U.S.C. § 157(d) ....................................................................................................1, 4

28 U.S.C. § 157(e) ................................................................................................12

28 U.S.C. §§ 1331, 1334 .......................................................................................15

28 U.S.C. § 1334(a), (b) ..........................................................................................2

11 U.S.C. § 502(d) ..................................................................................................9

11 U.S.C. § 544(b) ........................................................................................4, 9, 15

TEX. COMMERCE CODE §§ 24.008, 24.013 ..............................................................6

TEX. CIV. PRAC. & REM. CODE §§ 37.009, 37.011 ...................................................6

TUFTA ........................................................................................................... *passim*

**Rules**

Seventh Amendment ................................................................................... *passim*

Federal Rule of Bankruptcy Procedure 9033(a), (d) ...........................................16

Federal Rule of Bankruptcy Procedure 5011 .......................................................1

Federal Rule of Bankruptcy Procedure 5011(a) ...................................................1

Local Bankruptcy Rule 5011-1(a) .....................................................................1, 5

*Ord. Of Reference Of Bankr. Cases And Proc. Nunc Pro Tunc, In re Misc. Ord.
No. 33, No. 3:04-MI-00033* ..................................................................................2

# BRIEF IN SUPPORT

**NOW INTO COURT**, through undersigned counsel, come defendants, the Get Good Nonexempt Trust ("Get Good") and the Dugaboy Investment Trust ("Dugaboy" and, together with Get Good, "Defendants"), which are certain of the defendants in the above-captioned adversary proceeding (the "Adversary Proceeding") filed by the Plaintiff, Official Committee of Unsecured Creditors (the "Committee") constituted in the above-captioned bankruptcy case (the "Bankruptcy Case").  Defendants file this *Brief in Support* of their *Motion to Withdraw the Reference* (the "Motion") pursuant to 28 U.S.C. § 157(d), Federal Rule of Bankruptcy Procedure 5011, Article III of the U.S. Constitution, and the Northern District of Texas Local Bankruptcy Rule 5011-1(a). Defendants seek to have the honorable District Court withdraw the reference of this Adversary Proceeding to the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court"), so that the District Court can preside and Defendants can exercise their rights to trial by jury, should trial be necessary.  In support thereof, Defendants respectfully show as follows:

## I.   PRELIMINARY STATEMENT

1.      Pursuant to 28 U.S.C. § 157(d), Federal Rule of Bankruptcy Procedure 5011(a) and the Northern District of Texas Local Bankruptcy Rule 5011-1(a), Defendants respectfully move for an Order of the District Court of the Northern District of Texas, Dallas Division withdrawing the reference to the Bankruptcy Court of the Adversary Proceeding for all purposes, including all pre-trial matters.

2.      Defendants have a constitutional right under the Seventh Amendment to a jury trial of this Adversary Proceeding, if trial is necessary.  Defendants do not consent to the Bankruptcy

Court conducting a jury trial in this matter and do not consent to the Bankruptcy Court entering final orders or judgments in this matter.

3.　　Federal district courts have original and exclusive jurisdiction of civil cases under title 11 and original but not exclusive jurisdiction of proceedings arising under title 11 or arising in or related to cases under title 11. 28 U.S.C. § 1334(a), (b). District courts can refer these cases and proceedings to the bankruptcy court within that district. 28 U.S.C. § 157(a). Pursuant to Local Order, this Adversary Proceeding is referred to the Bankruptcy Court. *Ord. Of Reference Of Bankr. Cases And Proc. Nunc Pro Tunc, In re Misc. Ord*. No. 33, No. 3:04-MI-00033 (N.D. Tex. Oct. 4, 1982) (the "Reference Order").

## II.　BACKGROUND

### A.　The Bankruptcy Case

4.　　On October 16, 2019, Highland Capital Management, L.P. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") commencing this Bankruptcy Case in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court").  On October 29, 2019, the Delaware U.S. Trustee appointed the Committee.  On December 4, 2019, the Delaware Bankruptcy Court entered the order transferring venue of this Bankruptcy Case to the United States Bankruptcy Court for the Northern District of Texas.

5.　　On November 24, 2020, the Debtor filed the *Disclosure Statement* (Dkt. No. 1473) (the "Disclosure Statement") for the *Fifth Amended Plan of Reorganization* (Dkt. No. 1472, as modified Dkt. No. 1808) (the "Plan").  The Bankruptcy Court approved the Disclosure Statement on November 24, 2020 (Dkt. No. 1476).  The Bankruptcy Court set a hearing to consider the confirmation of the Plan on January 14, 2021 which was continued to January 26, 2021 and then

again to February 2, 2021. Thereafter, on February 22, 2021, the Bankruptcy Court entered the *Order Confirming the Plan* (Dkt. No. 1943) (the "Confirmation Order"). The Confirmation Order is currently on appeal and is subject to proceedings seeking a stay of effectiveness of the Plan, pending appeal.

### B. The Get Good Proofs of Claim

6.      On April 8, 2020, Get Good filed Proofs of Claim Nos. 120, 128, and 129. Get Good is a limited partner in the Debtor and the Debtor may be liable to Get Good based on the audit of the Debtor's 2008 tax return and the fact that the Debtor has failed to make any distributions to the limited partners from 2004 through 2018.

7.      The Get Good claims are unrelated to the CLO Holdco Transaction described in paragraphs 30–36 of the Committee's Complaint which forms the basis of this Adversary Proceeding.

### C. The Dugaboy Proofs of Claim

8.      On April 8, 2020, Dugaboy filed Proof of Claim No. 131 based on a Master Securities Lending Agreement with Highland Select Equity Master Fund ("Select") whereby Dugaboy loaned money on behalf of Select. It is estimated that the current amount of Claim No. 131 is approximately $4 million.

9.      On April 23, 2020, Dugaboy filed Proof of Claim No. 177 based on Dugaboy's status as an investor in certain funds managed by the Debtor and potential post-petition actions or inactions of the fund investment manager.

10.     Neither Proof of Claim Nos. 131 nor 177 relate to the CLO Holdco Transaction, which forms the basis of this Adversary Proceeding.

### D. This Adversary Proceeding

11.     On December 30, 2020, the Committee filed the complaint initiating the Adversary Proceeding against multiple defendants, including Get Good and Dugaboy (the "Complaint"). In the Complaint, the Committee seeks monetary damages for actual and constructive fraudulent transfer, alter ego liability, money had and received, and conspiracy. Dkt. No. 6.

12.     As against Get Good, the Committee asserts purported causes of action under the Texas Uniform Fraudulent Transfer Act ("TUFTA") (Causes of Action One and Two); and Conspiracy (Cause of Action Five). *Id.* As against Dugaboy, the Committee has only asserted a cause of action for state law Conspiracy (Cause of Action Five). *Id.* The Committee has not alleged a cause of action arising under the Bankruptcy Code, except that implicitly the Committee relies upon section 544(b) of the Bankruptcy Code—which authorizes the estate representative to bring state law avoidance claims—to assert the TUFTA claims for the benefit of the bankruptcy estate. The claims asserted by the Committee, therefore, arise under state law.

### III.    ARGUMENT AND AUTHORITIES

13.     Under the Reference Order, "any and all cases under Title 11 and any all proceedings arising under Title 11 or arising in or related to a case under Title 11 … which may be filed herein hereafter … be and they hereby are referred to the Bankruptcy Judges of this district for consideration and resolution consistent with law."

14.     28 U.S.C. § 157(d) provides for the withdrawal of the reference by the district court. "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."

15.     This Motion is timely, as it is filed by the agreed upon deadline for responses by the Defendants to the Complaint. Get Good and Dugaboy were served on March 2, 2021. Counsel

for Defendants and counsel for the Committee agreed to an April 30, 2021 response deadline for

both Defendants.

16.     The Fifth Circuit has set forth a number of factors to consider in determining

whether to withdraw the reference for cause, including:

|      |                                                                                              |
|------|----------------------------------------------------------------------------------------------|
| i)   | whether the proceeding involves core or non-core issues;                                     |
| ii)  | whether a party has demanded a jury trial;                                                    |
| iii) | the promotion of uniformity in bankruptcy administration;                                     |
| iv)  | reducing forum shopping;                                                                       |
| v)   | whether the withdrawal would foster the economical use of the debtors' and creditors' resources; and |
| vi)  | whether the withdrawal would expedite the bankruptcy process.                                  |

*Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998-99 (5th Cir. 1985).[2]

17.     Here, the Bankruptcy Court does not have constitutional authority to enter a final

judgment in this action without the consent of Defendants. More importantly, Defendants have a

---

[2]     Northern District of Texas Local Bankruptcy Rule 5011-1(a) provides that the Bankruptcy Court conduct a status conference upon motions to withdraw reference and after such conference shall prepare a report and recommendation to the District Court.  At the status conference the Bankruptcy Court shall consider:
(1) whether any response to the motion to withdraw the reference was filed;
(2) whether a motion to stay the proceeding pending the district court's decision on the motion to withdraw the reference has been filed, in which court the motion was filed, and the status (pending, granted or denied) of the motion;
(3) whether the proceeding is core or non-core, or both and with regard to the noncore and mixed issues, whether the parties consent to entry of a final order by the bankruptcy judge;
(4) whether a jury trial has been timely requested, and if so, whether the parties consent to the bankruptcy judge conducting a jury trial, and whether the district court is requested to designate the bankruptcy judge to conduct a jury trial;
(5) if a jury trial has not been timely requested or if the proceeding does not involve a right to jury trial;
(6) whether a scheduling order has been entered in the proceeding;
(7) whether the parties are ready for trial;
(8) whether the bankruptcy judge recommends that
        (A) the motion be granted,
        (B) the motion be granted upon certification by the bankruptcy judge that the
        parties are ready for trial,
        (C) the motion be granted but that pre-trial matters be referred to the
        bankruptcy judge, or
        (D) the motion be denied; and
(9) any other matters relevant to the decision to withdraw the reference.

right to a jury trial. While the *Holland* factors militate in favor of withdraw of the reference, courts within this Circuit recognize that the right to a jury trial should be given substantial weight in undertaking an analysis of withdrawal of the reference. *In re MPF Holding US LLC,* No. 08-36084-H4-11, 2013 WL 12146958, at *3 (Bankr. S.D. Tex. Apr. 26, 2013).

### A. Defendants demand a jury trial and have the right to a jury trial.

18.     Under applicable law, the Defendants clearly have a right to a jury trial on all of the Committee's claims.[3] The Seventh Amendment provides the right to a jury trial in cases where the amount in controversy exceeds twenty dollars and the cause of action is to enforce statutory rights that are at least analogous to one which was tried at law (as opposed to equitable suits) in the late 18th century English courts. *Granfinanciera, S.A. v. Norberg*, 492 U.S. 33, 41 (1989). This analysis requires (1) a comparison of the statutory action to 18th century actions brought in the courts of England prior to the merger of the courts of law and equity and (2) a determination as to whether the remedy sought is legal or equitable in nature. *Id*. at 42. The second prong is considered to be the more significant of the two. *Id*.

### i) TUFTA Claims

19.     The Supreme Court in *Granfinanciera* has held that defendants that have no claims against the estate are entitled to jury trials in fraudulent transfer actions brought by the trustee. 492 U.S. at 58–59. The Committee purports to be acting as the representative of the estate and if it has such authority, is acting in the same capacity as the *Granfinanciera* trustee.[4]

---

[3]     All of Committee's pled causes of action predominately carry legal remedies (i.e., monetary damages). *Carroll v. Timmers Chevrolet, Inc.*, 592 S.W.2d 922, 925 (Tex. 1979) (noting conspiracy is merely a way to assert joint and several liability against multiple parties for the other tort claims (i.e., fraud, monetary damages)); TEX. BUS. & COMMERCE CODE §§ 24.008, 24.013 (TUFTA allows "any other relief the circumstance may require," attorneys' fees and court costs). TEX. CIV. PRAC. & REM. CODE §§ 37.009, 37.011 (UDJA essentially the same as TUFTA).

[4]     Defendants reserve all rights on this score.

ii)    **Conspiracy**

20.    Many years ago, the Supreme Court ruled that a claim for damages based on an alleged conspiracy was a legal right to be tried by a jury and not in equity. *Curriden v. Middleton*, 232 U.S. 633, 635–36, (1914).  Years later, Justice Stewart in his dissent in *Beacon Theatres* stated that civil conspiracy was clearly triable by a jury as of right. *Beacon Theatres v. Westover*, 359 U.S. 500, 512-13, (1959). The primary reason is that conspiracy has its roots in criminal conspiracy which was of course "triable before a jury in a court of law. *Id.; see also In re Jensen*, 946 F.2d 369, 371 (5th Cir. 1991) (overruled on other grounds).

21.    Likewise, bankruptcy courts in Texas and the Fifth Circuit have ruled that a conspiracy cause of action is a claim for which a party has a Seventh Amendment right to a jury trial. *In re Parkway Sales & Leasing, Inc.*, 411 B.R. 337, 351 (Bankr. E.D. Tex. 2009); *see also In re Jensen*, 946 F.2d at 371 (overruled on other grounds); *see In re Royce Homes, L.P.*, No. 09-32467-H4-7, 2011 WL 13340482, at *2 (Bankr. S.D. Tex. Oct. 13, 2011).

**B.  Get Good and Dugaboy have not a waived their jury trial right or right to Article III adjudication.**

22.    In the Bankruptcy Case, both Get Good and Dugaboy filed proofs of claim.

23.    Defendants acknowledge that proceedings involving the allowance of proofs of claim are equitable in nature, because the claim is transformed into an equitable share of the bankruptcy res. *Katchen v. Landy*, 382 U.S. 323, 336 (1966) (citation omitted).

24.    In *Katchen*, an officer of a corporate bankrupt personally guaranteed two notes of the corporation.  Prior to the corporation filing for bankruptcy, Katchen (the officer) made payments from corporate funds, as well as personal funds, on the notes he guaranteed.  After the corporation filed for bankruptcy, Katchen filed claims in bankruptcy court to recover monies he paid on the notes out of his personal funds and rent he paid on behalf of the corporation.  In

response, the trustee in bankruptcy filed a counterclaim asserting that the payments made from company funds on the notes were voidable preferences and demanded judgment against Katchen for the amount of the payments. *Id*. at 325. Katchen claimed a right to a jury trial.

25.     The Supreme Court held there was no Seventh Amendment right to jury trial on the trustee's counterclaim. The Court explained that if Katchen had not filed a claim against the estate, the trustee would have had to pursue a separate plenary action to recover the preference. In such an action, Katchen would be entitled to a jury trial. However, because Katchen sought a claim against the estate in the bankruptcy court, the Court held that the preference action arose as part of the "process of allowance and disallowance of claims" and was, therefore, triable in equity. *Id*. at 336.

26.     In *Langenkamp v. Culp*, a debtor paid prepetition debts to creditors that the trustee attempted to recover as avoidable transfers made within ninety days of the debtor's bankruptcy. 498 U.S. 42, 43, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990). The issue before the Supreme Court was whether other creditors who had filed proofs of claim against the debtor were entitled to a jury trial to resolve their claims. *Id*. at 44, 111 S.Ct. 330. The Supreme Court held that by seeking claims against the bankruptcy estate, the creditors availed themselves to the "equitable jurisdiction of the Bankruptcy Court" and were not entitled to a jury trial. *Id*. at 45, 111 S.Ct. 330. However, the Court applied this conclusion to a situation in which a creditor filed a claim against a bankruptcy estate and the "creditor is met, in turn, with a preference action from the trustee[.]" *Id*. at 44, 111 S.Ct. 330. In that case, the "creditor's claim and the ensuing preference action by the trustee become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's equity jurisdiction." *Langenkamp*, 498 U.S. at 44, 111 S.Ct. 330 (citing *Granfinanciera*, 492 U.S. at 58–59).

27. In *Langenkamp*, as in *Katchen*, the trustee's action was filed as a direct response on the creditor's proof of claim, and resolving one would necessarily resolve the other. *Id*. at 45, 111 S.Ct. 330. Similarly, the Fifth Circuit explained in *U.S. Bank Nat. Ass'n v. Verizon Commc'ns, Inc*., that where the resolution of the fraudulent transfer claims will directly determine the allowability of a claim within the claims-allowance process (because, under section 502(d) of the Bankruptcy Code, a creditor against whom an avoidance action has been filed cannot have an allowable claim until the avoidance action is resolved, and if resolved against the creditor, the creditor has paid back the avoidable transfer[5]), the creditor did not have a right to a jury trial. 761 F.3d 409, 420 (5th Cir. 2014), *as revised* (Sept. 2, 2014). That is not the case here as the Committee's Complaint and the claims asserted therein against Get Good and Dugaboy are not in response, and are wholly unrelated, to the Defendants' proofs of claim.

28. What is evident from *Katchen* and *Langenkamp*, and the way courts have interpreted those cases, is that the mere filing of a proof of claim does not *de facto* constitute a waiver of the right to trial by jury. Rather, filing "a proof of claim is a necessary but not sufficient condition to forfeiting a creditor's right to a jury trial." *In re CBI Holding Co*., 529 F.3d 432, 460 (2d Cir. 2008). As the Second Circuit put it, "a creditor loses its jury trial right **only with respect to claims whose resolution affects the allowance or disallowance of the creditor's proof of claim**." *Id*. (emphasis added); *accord Stern*, 564 U.S. 462, 499, 131 S.Ct. 2594 (stating in the Article III context that "Congress may not bypass Article III simply because a proceeding may have some bearing on a bankruptcy case; the question is whether the action at issue stems from

---

[5]       Section 502(d) of the Bankruptcy Code reads:  Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title.

the bankruptcy itself or would necessarily be resolved in the claims allowance process."); *see also U.S Bank*, 761 F.3d at 418 (the right to a jury is waived where the resolution of a creditor's a claim "[would] necessarily require resolution" of a creditor's claims against the debtor). As a court in this Circuit recently explained, the Fifth Circuit has interpreted *Stern* not to mean that a chapter 5 cause of action was integrally related to the restructuring of the debtor-creditor relationship simply because the creditor filed a claim. *Case Energy Servs., LLC v. Padco Energy Servs., LLC*, No. CV 17-1043, 2017 WL 4544719, at *5 (W.D. La. Oct. 11, 2017) (interpreting *U.S. Bank* and *Stern*). Rather, "to decide whether a creditor is entitled to a jury trial, courts must examine whether the resolution of the creditor's proofs of claim will necessarily require the resolution of the debtor's claims against the creditor." *Id*. (citing to *U.S. Bank*, 761 F.3d at 418-19).

29.     Thus, to determine if a jury right was extinguished with the filing of a proof of claim, courts within this circuit consider "in relevant part: whether the proofs of claim had been resolved, and, if not, whether their resolution would necessarily require the resolution of the debtor's fraudulent transfer claims (asserted by the Trustee)." *Schott, Tr. for Est. of InforMD, LLC v. Massengale*, 618 B.R. 444, 451–52 (M.D. La. 2020) (citing to *U.S. Bank,* 761 F.3d at 418).

30.     Here, while Defendants filed the proofs of claim, the Committee's state law claims against Defendants are wholly unrelated to the resolution of the Defendants' respective claims against the estate. Get Good's proofs of claim are based on its status as a limited partner in the Debtor and Dugaboy's proofs of claim are based on its status as a lender and investor in the Debtor. The Committee's claims, in contrast, are based on the transfers of the Debtor's assets and have nothing to do with either Defendant's proofs of claims. As such, resolution of the Committee's affirmative claims against Defendants will not affect the allowance of claims process, and the Defendants' proofs of claim will not affect this Adversary Proceeding. Accordingly, the

Committee's Complaint cannot extinguish the Defendants' Seventh Amendment right to a jury trial.

31.     More importantly, the right to a jury trial is evaluated claim by claim rather than for a case in its entirety.  *See, e.g., Bleecker v. Standard Fire Inc. Co.*, 130 F. Supp. 2d 726, 737 (E.D.N.C. 2000); *Perlman v. Wells Fargo Bank, N.A.*, No. 10-81612-CV, 2012 WL 12854876, at *3 (S.D. Fla. Apr. 3, 2012); *In re Sentry Operating Co. of Texas, Inc.*, 273 B.R. 515 (Bankr. S.D. Tex. 2002) (explaining that a creditor retains a jury trial right "with respect to any issue" not part of its filed pleading).

32.     The pleadings filed by Defendants were limited to discrete issues that have no bearing on the claims asserted by the Committee, and all involve proceedings that arose in the conduct of the administration of the Bankruptcy Case, over which the Bankruptcy Court had authority to finally adjudicate.  *See Objection to Confirmation of the Debtor's Fifth Amended Plan of Reorganization* [Dkt. No. 1667] (the Defendants objected to the Debtor's Fifth Amended Plan of Reorganization based on the Plan not complying with 11 U.S.C. § 1129(a)(1) in that the proposed plan contained various impermissible provisions that violated section 1122 and 1123 of the Bankruptcy Code);[6] *Objection to Debtor's Motion for Entry of an Order Approving Settlement with Harbourvest (Claims Nos. 143, 147, 149, 150, 153, 154) and Authorizing Actions Consistent Therewith* [Dkt. No. 1706] (the Defendants question the motives behind the settlement with Harbourvest given the Debtor's complete reversal of position with respect to the Harbourvest claims);[7] *Motion to Appoint Examiner Pursuant to 11 U.S.C. § 1104(c)* [Dkt. No. 1745] (The Committee voiced concerns (also shared by the Bankruptcy Court) regarding the propriety of the

---

[6]     The Bankruptcy Court has since confirmed a plan of reorganization for the Debtor, thereby resolving this issue.

[7]     The Bankruptcy Court approved the settlement over the Defendants' objection and the matter is currently pending on appeal before the United States Court of Appeals for the Fifth Circuit.

Debtor's post-petition operations); and *Supplemental Objection to Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (As Modified)* [Dkt. No. 1868].[8]

33.     These pleadings were filed regarding discrete matters upon which the Bankruptcy Court had authority to enter final orders, and on which no party would have a right to trial by jury, as they were "integral to the restructuring of the debtor-creditor relationship."

34.     These matters have no bearing on the Committee's claim against the Defendants as set forth in the Complaint.

35.     "Maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Bowles v. Bennett*, 629 F.2d 1092, 1095 (5th Cir.1980) (quoting *Dimick v. Schiedt*, 293 U.S. 474, 486, 55 S.Ct. 296, 301, 79 L.Ed. 603 (1935)). Thus, courts should "indulge every reasonable presumption against waiver." *McAfee v. U.P. Martin*, 63 F.3d 436, 437 (5th Cir.1995) (quoting Bowles, 629 F.2d at 1095). Waiver should not be found in a "doubtful situation." *Id.*

36.     Bearing this in mind and that the Defendants have from the outset expressly reserved their right to a jury trial and Article III adjudication, motions regarding the propriety of certain plan provisions and management of the Debtor's operations within the Bankruptcy context cannot be construed as a waiver of such a right.

37.     Defendants have a right to a jury trial and do no consent to the Bankruptcy Court conducting a jury trial. 28 U.S.C. § 157(e) (permitting a bankruptcy judge to conduct a jury trial if the judge is specifically designated to exercise such authority by the district court, but only with

---

[8]      *See* note 6, *supra*.

the express consent of all the parties). Defendants as well have not waived their right to Article III adjudication.

### C. The Bankruptcy Court does not have constitutional authority to enter a final judgment in this Adversary Proceeding

38.     The Bankruptcy Court does not have the constitutional authority to enter a final judgment in this action because determination of the Committee's claims cannot be involved in the claims-allowance process.

39.     In *Stern v. Marshall*, the United States Supreme Court held that even though bankruptcy courts are statutorily authorized to enter final judgment on certain types of bankruptcy related claims, Article III of the Constitution prohibits bankruptcy courts from finally adjudicating certain of those claims. 564 U.S. 462.

40.     Because the Defendant's claims against the estate are entirely unrelated to and unaffected by the Committee's claims, the Committee's claims are *Stern*-type claims. *Id.* *Stern* clarified that "*Langenkamp* ... explained ... that a preferential transfer claim can be heard in bankruptcy when the allegedly favored creditor has filed a claim, because then the ensuing preference action by the trustee become[s] integral to the restructuring of the debtor-creditor relationship." *Id*. But, in *Stern*, "there was never any reason to believe that the process of adjudicating [the creditor's] proof of claim would necessarily resolve [the debtor's] counterclaim." *Id*. In this case, resolution of the Defendants' proofs of claim will not resolve the Debtor's claims in this Adversary Proceeding. The *Stern* court maintained the rights of the party against whom the estate representative was proceeding to Article III adjudication, which is what Defendants here seek.

41.     Here, the Committee pleads state law claims at common law which are not integral to the restructuring of debtor-creditor relations. *Granfinanciera*, 492 U.S. at 58-59.

42.     While the claims would augment the bankruptcy estate, the claims will not necessarily be resolved in the claims allowance process and therefore, the Bankruptcy Court is constitutionally prohibited from entering a final judgment. *BP RE, L.P v. RML Waxahachie Dodge, L.L.P. (In re DP RE, L.P.)*, 735 F.3d 279, 286 (5th Cir. 2013) (quoting *Waldman v. Stone*, 698 F.3d 910, 919 (6th Cir. 2012)).

43.     The Defendants do not consent to the Bankruptcy Court entering final orders on these claims. *See Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 135 S.Ct. 1932, 191 L.Ed.2d 911 (2015) (explaining that "consent—whether express or implied—must still be knowingly and voluntary"). And as set forth herein, the pleadings filed by the Defendants in the Bankruptcy Case were limited to discrete issues on which the Bankruptcy Court did have constitutional authority to enter final orders. There has been no knowingly and voluntary consent by any of the Defendants, and as such, the Bankruptcy Court cannot enter final orders on the Committee's claims.

### D.  The remaining applicable *Holland* factors favor withdrawal

44.     As set forth herein, the Defendants advise that if answer is required, they demand a jury trial, and Article III adjudication. Therefore, this factor mandates withdrawal of the reference. *See e.g. Nu Van Tech., Inc. v. Cottrell, Inc. (In re Nu Van Tech., Inc.)*, No. 01-49589-DML-11, 2003 WL 23785355, at *4 (Bankr. N.D. Tex. Oct. 14, 2003) ("[T]his court is convinced that Plaintiff's claims must be heard by an Article III court and that the reference must be withdrawn."); *Tow v. Speer (In re Royce Homes, L.P.)*, No. 09-32467-H4-7, 2011 WL 13340482, at *5 (Bankr. S.D. Tex. Oct. 13, 2011) (noting that a valid jury demand is a "crucial factor" in a *Holland* analysis); *In re Lapeyre*, No. CIV. A. 99-1312, 1999 WL 486888, at *3 (E.D. La. July 8, 1999) ("[T]he inability of a bankruptcy court to hold a jury trial in a related matter is sufficient

ground for a district court to withdraw reference…").  Nevertheless, analysis of the other factors support withdrawal, even if it is not required.

45.     While the Committee is relying on section 544(b) of the Bankruptcy Code to assert its TUFTA claims, the Committee has only asserted state law causes of action.  These matters could not "only arise in bankruptcy case" (i.e., arising in), nor are they "substantive rights provided by title 11" (i.e., arising under), they are claims based on Texas state substantive law.  *Id.* (discussing 28 U.S.C. §§ 1331, 1334).  Therefore, these matters could have proceeded in state court and are only "related to" the bankruptcy proceeding, making them non-core. *Id.[9]*  While avoidance actions are designated as "core" proceedings under 28 U.S.C. § 157(b), *Granfinanciera* and *Stern* make clear that such a designation by congress cannot preclude adjudication by the District Court nor can it affect a party's right to trial by jury.

46.     Here, the Plan has been confirmed.  As such, the "expediting-the-bankruptcy-process factor" is irrelevant.  *Mirant Corp. v. The Southern Co.*, 337 B.R. 107, 123 (N.D. Tex. Jan. 10, 2006) (where the bankruptcy judge had already confirmed the reorganization plan, the "expediting-the-bankruptcy-process factor" was not relevant to the withdrawal decision).

47.     Additionally, uniformity in the bankruptcy administration is similarly inapposite. "If a bankruptcy court is already familiar with the facts of the underlying action, then allowing the court to adjudicate the proceeding will promote uniformity in the bankruptcy administration." *Johnson v. Williamson (In re British American Properties III, Ltd.)*, 369 B.R. 322, 327 (Bankr. S.D. Tex. 2007); *Palmer & Palmer, P.C. v. US Trustee (In re Hargis),* 146 B.R. 173, 176 (N.D. Tex. 1992).  Here, while the Bankruptcy Court may be familiar with certain of the parties, and of

---

[9]     TUFTA claims are clearly Texas state law cause of action.  Conspiracy is a derivative tort and therefore must be a Texas state law cause of action.

the business of the Debtor, it is not familiar with the facts of this Adversary Proceeding. As of the date of this filing, no hearings have been held in this matter; no scheduling orders have been issued. Not even all defendants have been served. No evidentiary hearings have been held or motions on the merits of the claims in the Adversary Proceeding have been filed to allow the Bankruptcy Court to gain familiarity with the underlying facts in the Adversary Proceeding. S*ee Tex. Capital Bank, N.A. v. Dallas Roadster, Ltd. (In re Dallas Roadster, Ltd.),* Case No. 11-43725, Adv. No. 13-40332013 WL 5758632, at *2 (E.D. Tex. Bankr. Sept. 27, 2013), report and recommendation adopted, 11-43725, 2013 WL 5769916 (E.D. Tex. Oct. 21, 2013) ("[t]he claims in the Adversary Proceeding are predominantly based on state law, and there are no claims under federal bankruptcy law. Thus, the District Court's determination of the merits of these claims should not undermine any concerns for the uniformity of bankruptcy administration.")

48.     Concerns of judicial efficiency weigh in favor of withdrawing the reference. First, because there will be a jury trial, it will be more efficient for this Court to handle pretrial matters so as to be fully acquainted with the case as it makes it way to trial in this Court. *In re Gulf States Long Term Acute Care of Covington, L.L.C*., 455 B.R. 869, 878 (E.D. La. 2011). Second, because of the jury trial rights of Defendants, the bankruptcy court cannot hear the *Stern*-claims presented in the Adversary Proceeding, as proposed findings of fact and conclusions of law on the merits is antithetical to the right to trial by jury. FED. R. BANKR. P. 9033(a), (d).

49.     Finally, "[i]n some sense, any party who objects to Bankruptcy Court adjudication is forum shopping." *Veldekens v. GE HFS Holdings, Inc*., 362 B.R. 762 (S.D. Tex. 2007) (quoted in Royce Homes, Adv. No. 11–03191. Adv. Doc. No. 201, p. 7, ¶ 3). "A good faith claim of right ... should not on that basis alone be denied as forum shopping." *Id.* Here, the Defendants have a good faith right to a jury trial in the District Court. *In re Align Strategic Partners LLC*, No. 16-

35702, 2019 WL 2527221, at *4 (Bankr. S.D. Tex. Mar. 5, 2019). All Defendants have the express

right to seek an Article III forum for adjudication of claims over which the Bankruptcy Court has

authority only with consent of all parties, and to seek to exercise the right to trial by jury.

## IV.   CONCLUSION

**WHEREFORE**, the Defendants respectfully request that the honorable District Court

grant its Motion and withdraw the reference of the Adversary Proceeding from the Bankruptcy

Court. As set forth herein, Defendants have the right to a jury trial and to Article III adjudication.

The Defendants' limited participation cannot be construed as a waiver of any right to a jury trial

or right to Article III adjudication.

Respectfully submitted,

**HELLER, DRAPER, & HORN, LLC**

*/s/ Douglas S. Draper*
Douglas S. Draper, La. Bar No. 5073
ddraper@hellerdraper.com
Leslie A. Collins, La. Bar No. 14891
lcollins@hellerdraper.com
Greta M. Brouphy, La. Bar No. 26216
gbrouphy@hellerdraper.com
650 Poydras Street, Suite 2500
New Orleans, LA 70130
Telephone: (504) 299-3300
Fax: (504) 299-3399

**COUNSEL FOR THE
DUGABOY INVESTMENT TRUST and
THE GET GOOD NONEXEMPT TRUST**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Case No. 19-34054-sgj11 |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT,** | § | |
| **L.P.,** | § | **Chapter 11** |
| | § | |
| **Debtor** | § | |

| | | |
|---|---|---|
| **OFFICIAL       COMMITTEE       OF** | § | |
| **UNSECURED CREDITORS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Adversary No. 20-03195** |
| **vs.** | § | |
| | § | |
| **CLO   HOLDCO,   LTD.,   CHARITABLE** | § | |
| **DAF   HOLDCO,   LTD.,   CHARITABLE** | § | |
| **DAF   FUND,   LP,   HIGHLAND   DALLAS** | § | |
| **FOUNDATION,   INC.,   THE   DUGABOY** | § | |
| **INVESTMENT TRUST, GRANT JAMES** | § | |
| **SCOTT   III   IN   HIS   INDIVIDUAL** | § | |
| **CAPACITY,   AS   TRUSTEE   OF   THE** | § | |
| **DUGABOY INVESTMENT TRUST, AND** | § | |
| **AS   TRUSTEE   OF   THE   GET   GOOD** | § | |
| **NONEXEMPT TRUST, AND JAMES D.** | § | |
| **DONDERO,** | § | |
| | § | |
| **Defendants.** | § | |

**ORDER SETTING STATUS CONFERENCE**

{00375641-1}

Having considered Defendants Get Good Nonexempt Trust and Dugaboy Investment Trust (together, "Defendants") *Motion to Withdraw the Reference* (the "Motion"), pursuant to Local Bankruptcy Rule 5011-1(d), a status conference on the Motion is hereby set for _____.

# # # END OF ORDER # # #

Order Submitted and Prepared By:

**HELLER, DRAPER, & HORN, LLC**

*/s/ Douglas S. Draper*
Douglas S. Draper, La. Bar No. 5073
ddraper@hellerdraper.com
Leslie A. Collins, La. Bar No. 14891
lcollins@hellerdraper.com
Greta M. Brouphy, La. Bar No. 26216
gbrouphy@hellerdraper.com
650 Poydras Street, Suite 2500
New Orleans, LA 70130
Telephone: (504) 299-3300
Fax: (504) 299-3399

**COUNSEL FOR THE DUGABOY
INVESTMENT TRUST**