

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed May 27, 2021**

_____
United States Bankruptcy Judge
_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | Case No. 19-34054 (SGJ) |
| | § | |
| Debtor. | § | |
| | § | |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Adversary No. 20-03195 |
| | § | |
| CLO HOLDCO, LTD., CHARITABLE DAF HOLDCO, LTD., CHARITABLE DAF FUND, LP, HIGHLAND DALLAS FOUNDATION, INC., THE DUGABOY INVESTMENT TRUST, GRANT JAMES SCOTT III IN HIS INDIVIDUAL CAPACITY, AS TRUSTEE OF THE | § | |

| | |
|---|---|
| DUGABOY INVESTMENT TRUST, AND AS TRUSTEE OF THE GET GOOD NONEXEMPT TRUST, AND JAMES D. DONDERO, | § § § § § § |
| Defendants. | |

## ORDER ADDRESSING POST HEARING MEMORANDUM SUGGESTING ERROR BY THE COURT [DE # 57]

The court previously held a hearing on the Official Committee of Unsecured Creditors' *Emergency Motion to Stay the Adversary Proceeding for Ninety Days* [DE #46] on May 20, 2021. The court heard arguments from the Plaintiff, the Unsecured Creditors Committee (the "UCC"), in support, and opposing arguments from counsel representing the various Defendants CLO Holdco, Ltd., Highland Dallas Foundation, Inc., the Dugaboy Investment Trust, the Get Good Nonexempt Trust, and James Dondero. The court issued an oral ruling at the Hearing granting the UCC's Motion for a 90-day stay of the Adversary Proceeding. On May 24, 2021, the *Order Granting the Official Committee of Unsecured Creditors' Emergency Motion to Stay the Adversary Proceeding for Ninety Days* [DE # 62] was entered.

Prior to the Order being uploaded, on May 21, 2021, counsel for CLO Holdco, Ltd. and Highland Dallas Foundation, Inc. filed a *Post Hearing Memorandum Suggesting Error by the Court* [DE # 57]. While the filing was not labeled as a motion for reconsideration or a motion for rehearing, the conclusion of the Post-Hearing Memorandum essentially states a request that the court reconsider its determination and deny the stay granted to the UCC.

Under Rule 59 of the Federal Rules of Civil Procedure a court may order a new trial or amend its judgment upon a motion. Rule 59 is made applicable to the Adversary Proceeding through Bankruptcy Rule 9023, applying Rule 59 to cases under the Bankruptcy Code. Rule 59 motions "serve [two] narrow purpose[s] of allowing a party 'to correct manifest errors of law or

fact or to present newly discovered evidence.'" *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).  A Rule 59 motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir.2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

To the extent the Post-Hearing Memorandum is, in essence, a motion pursuant to Rule 59 of the Federal Rules of Civil Procedure and Bankruptcy Rule 9023, the court finds the arguments made in the Post-Hearing Memorandum insufficient to suggest a manifest error of law or fact; nor do the arguments present newly discovered evidence. As such, the court denies any motion brought pursuant to Rule 59 and Bankruptcy Rule 9023 to reconsider the Order Staying the Adversary Proceeding made through the Post-Hearing Memorandum. Therefore, it is

**ORDERED** that, to the extent counsel for CLO Holdco, Ltd. and Highland Dallas Foundation, Inc. seeks to bring a motion pursuant to Rule 59 of the Federal Rules of Civil Procedure and Bankruptcy Rule 9023 to reconsider or rehear the Order Staying the Adversary Proceeding, it is hereby **denied**.

#### END OF ORDER ####