SIDLEY AUSTIN LLP
Penny P. Reid
Paige Holden Montgomery
Juliana L. Hoffman
2021 McKinney Ave., Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

Matthew A. Clemente (admitted pro hac vice)
Dennis M. Twomey (admitted pro hac vice)
Alyssa Russell (admitted pro hac vice)
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

*Counsel for the Official Committee of Unsecured Creditors*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) ) ) | |
| Debtor, | ) ) | Case No. 19-34054-SGJ11 |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Adversary Proceeding No. 20-03195 |
| CLO HOLDCO, LTD., CHARITABLE DAF HOLDCO, LTD., CHARITABLE DAF FUND, LP, HIGHLAND DALLAS FOUNDATION, INC., THE DUGABOY INVESTMENT TRUST, GRANT JAMES SCOTT III IN HIS INDIVIDUAL CAPACITY, AS TRUSTEE OF THE DUGABOY INVESTMENT TRUST, AND AS TRUSTEE OF THE GET GOOD NONEXEMPT TRUST, AND JAMES D. DONDERO, | ) ) ) ) ) ) ) ) ) ) ) ) | |

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725).  The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

Defendants.

## THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION TO FURTHER EXTEND THE STAY OF THE ADVERSARY PROCEEDING THROUGH OCTOBER 15, 2021

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtor and debtor in possession (the "Debtor") hereby moves the Court for entry of an order under section 105 of title 11 of the United States Code (the "Bankruptcy Code") to further extend the stay of the above-captioned adversary proceeding through October 15, 2021 (the "Motion").  In support of this Motion, the Committee respectfully states as follows:[2]

### Background

1.      On October 16, 2019, the Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code.  Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor is continuing to operate its businesses and manage its properties and assets as debtor in possession.

2.      On October 29, 2019, the Office of the United States Trustee held a meeting to appoint the Committee pursuant to section 1102 of the Bankruptcy Code (the "Formation Meeting").  At the Formation Meeting, the Committee selected Sidley Austin LLP as its counsel. At its formation, the Committee consisted of the following four members: (a) Redeemer Committee of Highland Crusader Fund ("Redeemer"); (b) Meta-E Discovery; (c) UBS Securities LLC and UBS AG London Branch (together, "UBS"); and (d) Acis Capital Management, L.P. and Acis Capital Management GP, LLP (together, "Acis").  Acis and Redeemer resigned from the Committee effective as of April 15, 2021 and April 30, 2021, respectively.  The Committee therefore currently consists of Meta-E Discovery and UBS.

---

[2] This Motion is supported by the Declaration of Marc S. Kirschner (the "Kirschner Decl."), attached hereto and incorporated herein as **Exhibit 2.**

3.      On December 4, 2019, the Delaware Court entered an order transferring venue of the Debtor's Bankruptcy Case to this Court [Docket No. 186].

4.      On January 9, 2020, the Court approved the *Motion of the Debtor for Approval of Settlement with the Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course* [Docket. No. 28], approving a settlement between the Debtor and the Committee concerning, among other things, governance of the Debtor and the pursuit of claims held by the Debtor.  The approved settlement was embodied in a term sheet filed on the docket [Docket No. 354] (the "Term Sheet").  Pursuant to the Term Sheet, the Committee was granted standing to pursue the "Estate Claims," defined as "any and all estate claims and causes of action against Mr. Dondero, Mr. Okada, other insiders of the Debtor, and each of the Related Entities, including promissory notes held by any of the foregoing."  (Term Sheet at 4.)

5.      On December 17, 2020, pursuant to the Court's *Order Denying Motion for Remittance of Funds Held in Registry of Court* [Docket No. 825][3] and the Term Sheet, the Committee commenced the above-captioned adversary proceeding against defendants (the "Adversary Proceeding").

6.      In a bench ruling issued on February 8, 2021, and supplemented by an order entered on February 22, 2021 [Docket No. 1943], the Court confirmed the Debtor's *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* (the "Plan").[4]

---

3 The Court ordered the Committee to commence an adversary proceeding against defendant CLO Holdco, Ltd. ("CLO Holdco") by December 17, 2020 in order to keep certain funds in the Court's registry from being disbursed to CLO Holdco, an entity that has been one of the main subjects of the Committee's Estate Claims investigation  to date [Docket No. 825].
4 Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

7.       Upon the effective date of the Plan, a Litigation Sub-Trust, created for the benefit of the holders of claims and interests in the Debtor, will be vested with certain claims and causes of action of the Debtor, including the Estate Claims (the "Causes of Action").  Pursuant to the Plan, Marc S. Kirschner, Senior Managing Director of Teneo, will be appointed as Litigation Trustee (the "Future Litigation Trustee") and will be tasked with, among other things, investigation and monetization of the Causes of Action.  Therefore, upon the effective date of the Plan, the responsibility for prosecution of this Adversary Proceeding will transfer to the Future Litigation Trustee.

8.       On March 1, 2021, Highland Capital Management Fund Advisors, L.P. and NexPoint Advisors, L.P. (together, the "Advisors") filed a notice of appeal of the order confirming the Plan to the United States District Court of the Northern District of Texas (the "Confirmation Appeal") [Docket No. 1957].  On April 1, 2021, the Advisors filed the *Motion for Stay Pending Appeal* Civ. Act. No. 3:21-cv-00538-N, [Docket No. 3] and The Dugaboy Investment Trust ("Dugaboy") and Get Good Trust ("Get Good") filed the *Motion for Stay Pending Appeal*, Civ. Act. No. 3:21-cv-00550-L, [Docket No. 6] with the District Court for the Northern District of Texas, both seeking a stay of the effectiveness of the Plan pending resolution of the Confirmation Appeal.[5]  On June 2, 2021, the Fifth Circuit Court of Appeals granted the requests of, *inter alia*, the Advisors, Dugaboy, Get Good, and Dondero for leave to file a direct appeal under 28 U.S.C. § 128(d).  On June 21, 2021, the Fifth Circuit denied the appellants' motion for a stay pending appeal of the Debtor's confirmed plan.  (Docket No. 21-10449).  The Confirmation Appeal remains pending.

---

5 Dondero filed for similar relief with the District Court for the Northern District of Texas, which was consolidated with the Advisors' and Dugaboy and Get Good's actions for purposes of considering any motion for stay pending appeal of the Confirmation Order.  No. 3:21-cv-00546-N [Docket No. 8].

9.     On April 14, 2021 and April 26, 2021, the defendants in the Adversary Proceeding filed various motions to dismiss the Adversary Proceeding for failure to state a claim [A.P. Docket Nos.  22, 23, 25, 30, 32] (collectively the "Motions to Dismiss").   Defendants CLO Holdco, Highland Dallas Foundation, Inc., James D. Dondero, Get Good, and Dugaboy also filed motions to withdraw the reference [A.P. Docket Nos. 24, 33, 37] (collectively the "Motions to Withdraw the Reference").  The Committee's responses to the Motions to Dismiss and Motions to Withdraw the Reference were due on May 21, 2021, and a status conference for the Motions to Withdraw the Reference was noticed for June 3, 2021 [A.P. Docket Nos. 28, 38, 39].

10.     Because the effective date of the Plan and formation of the Litigation Sub-Trust have been delayed, on May 14, 2021, the Committee filed its *Application for Order Pursuant to Section 1103 of the Bankruptcy Code Authorizing the Employment and Retention of Teneo Capital, LLC as Litigation Advisor to the Official Committee of Unsecured Creditors Effective April 15, 2021* [Docket No. 2306] (the "Litigation Advisor Motion") to retain and employ Teneo Capital LLC ("Teneo") and the Future Litigation Trustee pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code to perform litigation advisory services for the Committee in this chapter 11 case, including this Adversary Proceeding, on an interim basis until the formation of the Litigation Sub-Trust under the Plan.  (Kirschner Decl. ¶ 5).  Given the statute of limitations for certain potential claims and the current status of the Adversary Proceeding, the Committee sought to retain Teneo and the Future Litigation Trustee until the effective date of the Plan and formation of the Litigation Sub-Trust to ensure that the Causes of Action, including those set forth in the Adversary Proceeding, were investigated and pursued in a timely and efficient manner.  On June 8, the Committee filed a Certification of No Objection to the Litigation Advisor Motion, and an order approving the Litigation Advisor Motion was entered on June 11 [Docket No. 2443].

11.     On May 18, 2021, the Committee filed an Emergency Motion to Stay the Adversary Proceeding for 90 Days [A.P. Docket No. 46] (the "Initial Stay Motion"), seeking to provide the Litigation Advisor with the necessary time to familiarize itself with the Adversary Proceeding, so as to adequately and efficiently defend the Motions to Withdraw the Reference, the Motions to Dismiss, and to effectively manage the litigation of the Adversary Proceeding in its entirety. (Kirschner Decl. ¶ 6).    At the time of that hearing, two of the defendants in the Adversary Proceeding, both Cayman Island entities, had not yet been served due to procedural delays under the Hague Convention.

12.     On May 20, 2021, the Court held a hearing on the Initial Stay Motion, and issued an oral ruling granting the Committee's Motion for a 90-day stay of the Adversary Proceeding. [A.P. Docket No. 55].  On May 21, defendants CLO HoldCo Ltd. and Highland Dallas Foundation, Inc. filed a Post Hearing Memorandum Suggesting Error by the Court [A.P. Docket No. 57].  On May 24, 2021, the Court entered the Order Granting the Official Committee of Unsecured Creditors' Emergency Motion to Stay the Adversary Proceeding for Ninety Days [A.P. Docket No. 62].  On May 27, 2001, the Court entered an Order Addressing Post Hearing Memorandum Suggesting Error By The Court [A.P. Docket No. 57], in which it held that that, to the extent counsel for CLO Holdco, Ltd. and Highland Dallas Foundation, Inc. sought to bring a motion pursuant to Rule 59 of the Federal Rules of Civil Procedure and Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to reconsider or rehear the Order Staying the Adversary Proceeding, the motion was denied [A.P. Docket No. 67].

13.     On July 29, 2021, in recognition of the fast approaching expiry of certain statutes of limitations, the Committee filed a motion (the "Rule 2004 Motion") pursuant to sections 105 and 1103 of the Bankruptcy Code, Bankruptcy Rules 2004 and 9016, and Local Rule 2004-1 of the Local Bankruptcy Rules for the Northern District of Texas (the "Local Rules") for entry of an

order authorizing and directing discovery relating to the Examination Topics listed in Section V of the Rule 2004 Motion from the corresponding parties listed in that Section (collectively, the "Rule 2004 Parties"), in order to ensure that all of the Debtor's meritorious Causes of Action are properly and efficiently investigated and prosecuted. The Rule 2004 Parties include the defendants to the Adversary Proceeding in some instances, but the Committee has no intention of seeking any discovery related to the facts giving rise to the Adversary Proceeding through the Rule 2004 Motion. The Examination Topics relate to relationships and transactions that are not implicated in the Adversary Proceeding, and the proposed requested documents all have been drafted with multiple carveouts intended to exclude discovery related to the CLO Holdco Transaction. (Kirschner Decl. ¶ 7).[6]

### Relief Requested

14.    In order to protect all rights of the Committee, Litigation Sub-Trust, Future Litigation Trustee, and all unsecured creditors, and to promote judicial efficiency, by this Motion, the Committee seeks a further stay of the entirety of the proceedings of the Adversary Proceeding through October 15, 2021 pursuant to section 105 of the Bankruptcy Code, to provide the Future Litigation Trustee and Litigation Sub-Trust the additional necessary time to determine whether to seek leave to amend the complaint filed in the Adversary Proceeding (the "Complaint"), and/or file additional Causes of Action, add other parties, or add factual allegations unrelated to the current subject of the Adversary Proceeding to the Complaint, and to ensure that the Complaint or any amended complaint and any additional Causes of Action that may be commenced may be litigated on a consolidated basis.

---

[6] For example, all discovery intended for Adversary Proceeding defendants includes an instruction directing the defendant to exclude any information related to the CLO Holdco Transaction from the Requests. Where appropriate, date ranges and carve outs have been included and certain requests have been made inapplicable to the Adversary Proceeding defendants.

**Argument and Authorities**

15.     Pursuant to section 105(a) of the Bankruptcy Code, the Court "may issue any order

. . . that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."    11

U.S.C. § 105(a).  Moreover, the Supreme Court has held:

> [T]he power to stay proceedings is incidental to the power inherent in every court
> to control the disposition of the causes on its docket with economy of time and
> effort for itself, for counsel, and for litigants.  How this can be done calls for the
> exercise of judgment, which must weigh competing interests and maintain an even
> balance.

*Landis v. N. Am. Co.,* 299 U.S. 248, 254-55 (1936).  This Court possesses broad discretion to grant

stays, particularly where doing so is unlikely to cause harm to any other party.  *See, e.g., Fishman*

*Jackson PLLC v. Israely*, 180 F. Supp. 3d 476, 483 (N.D. Tex. 2016) ("Courts have 'broad'

discretion to grant stay … especially when there is not a 'fair possibility' that the stay 'will work

damage to someone else.'"); *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) ("The stay of a

pending matter is ordinarily within the trial court's wide discretion to control the course of

litigation …. This authority has been held to provide the court the 'general discretionary power to

stay proceedings before it in control of its docket and in the interests of justice.'").  However, stays

should "not be immoderate or of an indefinite duration."  *Fishman*, 180 F. Supp. 3d at 483.

16.     Here, a further stay of the Adversary Proceeding is in the interests of judicial

economy and efficiency, and in the interests of the Debtor's estate.  The Committee filed the

Original Stay Motion in order to ensure that the Future Litigation Trustee—who will be tasked

with managing the Adversary Proceeding and other Causes of Action for the benefit of the

Debtor's creditors upon the imminent effective date of the Plan—had sufficient time to gain an

understanding of the facts underlying the Adversary Proceeding, the Debtor's incredibly complex

structure, and the potential Causes of Action that may exist, and to enable him to best protect the

rights of the Litigation Sub-Trust and maximize claims for the benefit of all creditors.  As this

Court is aware, the Debtor's byzantine structure and intertwining transactions among an elaborate web of over 2000 entities are extraordinarily complex. The Future Litigation Trustee has utilized the time since the Original Stay Order was entered to familiarize himself with the Adversary Proceeding and the transactions underlying it, and to investigate the Debtor's byzantine structure and other transactions relating to the Debtor and its myriad Related Entities—many of which are the subject of the Committee's Estate Claims investigation and the Rule 2004 Motion. Indeed, in conducting this investigation, Teneo's forensic and litigation support professionals spent over 1,200 hours between April 15 and June 30, 2021 investigating myriad potential claims and causes of action for the benefit of all unsecured creditors, including claims relating to the Adversary Proceeding. The Future Litigation Trustee personally spent over 180 hours during this period directing the overall strategy and approach to this investigation. This work has continued at an active pace to date. Yet, additional time is necessary to complete this overall investigation, including to implement discovery under the Rule 2004 Motion to ensure maximum recoveries for the benefit of all unsecured creditors in an efficient and effective manner. (Kirschner Decl. ¶ 8). The Committee requests the additional time afforded by the stay requested herein so that the Committee and Future Litigation Trustee may determine whether to seek leave to amend the Complaint, and/or to file additional Causes of Action against the defendants in the Adversary Proceeding, their related parties, or others.

17. A grant of the requested stay will enable the Adversary Proceeding and any additional Causes of Action that may be commenced to proceed in the most efficient manner possible, rather than on a piecemeal basis. For example, the stay will ensure that the parties do not engage in needless litigation of the pending Motions to Withdraw the Reference and Motions to Dismiss the Adversary Proceeding with respect to a Complaint that may be superseded by an amended complaint. And the stay will also enable any additional Causes of Action commenced

by the Litigation Sub-Trust to be consolidated with the Adversary Proceeding, and to proceed on a coordinated, rather than piecemeal, track, thereby conserving both estate and judicial resources. (Kirschner Decl. ¶ 9).

18.     As the Court is aware, the two-year anniversary of the commencement of this bankruptcy case is fast approaching.  As a result, the Litigation Trustee is facing a limited time period in which to assert a potentially expansive number of claims.  For that reason, and because the two-year anniversary is less than two months after the current stay is scheduled to expire, the requested extension will allow the Future Litigation Trustee to proceed in an orderly fashion with regard to all Estate Claims, rather than litigating the Adversary Proceeding piecemeal.

19.     As of the date of filing of this Motion, the two Cayman Island entities that are defendants in the Adversary Proceeding have still not been served and, therefore, are not yet involved in this litigation.

20.     In sum, the short stay of an additional 57 days—which is neither "immoderate" nor "of an indefinite duration"—falls within this Court's broad discretion. *Fishman*, 180 F. Supp. 3d at 483; *see also McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982) (vacating indefinite stay that could last for seven years or longer where trial court "gave no reason for such a protected stay").  Rather, the requested stay squarely serves the interests of judicial economy, will ensure the most efficient execution of the Adversary Proceeding and any other Causes of Action that may be commenced, and is in the best interests of the Debtor's estate and ultimate potential recovery for the Debtor's creditors.  The Committee's Motion is not submitted for purposes of delay, but rather so that justice may be served and judicial and estate resources may be preserved.  (Kirschner Decl. ¶ 9).  Moreover, the brief extension of the stay is not burdensome to the Adversary Proceeding Defendants, as there are no additional costs incurred by those entities pursuant to the stay.

## CONCLUSION

For the foregoing reasons, the Committee respectfully requests the Court grant an Order further staying all proceedings in the Adversary Proceeding through October 15, 2021, including, without limitation, any response deadlines and pending hearing dates. The Committee will endeavor to set a hearing on the Motion prior to the expiration of the current stay, however, to the extent the Motion cannot be heard before expiration of the current stay, the Committee respectfully requests the stay be extended through the earlier of (1) the date the Court enters an order granting the Motion or (2) seven days after the Motion is heard. The Committee further requests the Court grant the Committee such other and further relief as to which it may be justly entitled.

Dated: July 29, 2021

SIDLEY AUSTIN LLP

*/s/ Paige Holden Montgomery*

Penny P. Reid
Paige Holden Montgomery
Juliana L. Hoffman
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

Matthew A. Clemente (admitted pro hac vice)
Dennis M. Twomey (admitted pro hac vice)
Alyssa Russell (admitted pro hac vice)
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

*Counsel for the Official Committee of Unsecured Creditors*

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that, on July 29, 2021 and July 30, 2021, undersigned counsel for the Official Committee of Unsecured Creditors conferred with counsel for the Debtor, U.S. Trustee, Grant James Scott III, CLO Holdco, Ltd., Highland Dallas Foundation, Inc., James D. Dondero, The Dugaboy Investment Trust, and the Get Good Nonexempt Trust regarding the relief sought in this motion. Counsel for the Debtor and the U. S. Trustee do not oppose the relief sought in this motion. Counsel for James D. Dondero, The Dugaboy Investment Trust, the Get Good Nonexempt Trust, and Grant James Scott III had not yet responded to the Official Committee of Unsecured Creditors' inquiry at the time the Motion was filed. The Committee assumes these parties are opposed to the requested relief. Counsel for CLO Holdco, Ltd. and Highland Dallas Foundation, Inc. oppose the relief sought in this motion.

/s/ *Chandler Rognes*
Chandler Rognes

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document was sent via electronic mail via the Court's ECF system to all parties authorized to receive electronic notice in this case on July 30, 2021.

<u>/s/ *Chandler Rognes*</u>
Chandler Rognes

**EXHIBIT 1**

PROPOSED ORDER

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) |  |
|  | ) |  |
| Debtor, | ) | Case No. 19-34054-SGJ11 |
|  | ) |  |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, | ) |  |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Adversary Proceeding No. 20-03195 |
|  | ) |  |
| CLO HOLDCO, LTD., CHARITABLE DAF HOLDCO, LTD., CHARITABLE DAF FUND, LP, HIGHLAND DALLAS FOUNDATION, INC., THE DUGABOY INVESTMENT TRUST, GRANT JAMES SCOTT III IN HIS INDIVIDUAL CAPACITY, AS TRUSTEE OF THE DUGABOY | ) ) ) ) ) |  |

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

INVESTMENT TRUST, AND AS TRUSTEE OF   )
THE GET GOOD NONEXEMPT TRUST, AND     )
JAMES D. DONDERO,                     )
                                      )
                    Defendants.       )
_____   )

**ORDER GRANTING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'
MOTION TO FURTHER EXTEND THE STAY OF THE ADVERSARY PROCEEDING
<u>THROUGH OCTOBER 15, 2021</u>**

Upon consideration of the official committee of unsecured creditors' (the "<u>Committee</u>")

*Motion to Further Stay the Adversary Proceeding through October 15, 2021* (the "<u>Motion</u>"),

**IT IS HEREBY ORDERED** that:

1. The Motion is **GRANTED.**

2. The Adversary Proceeding,[2] including any current response deadlines and hearing

   dates, is further stayed through October 15, 2021.

3. This Court shall retain jurisdiction over all matters arising from or relating to the

   interpretation or implementation of this Order.


### End of Order ###

---

[2] Capitalized terms used but not defined herein shall have the respective meanings given to them in the Motion.

# **EXHIBIT 2**

DECLARATION OF MARC S. KIRSCHNER

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) | |
| | ) | |
| Debtor, | ) | Case No. 19-34054-SGJ11 |
| | ) | |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 20-03195 |
| | ) | |
| CLO HOLDCO, LTD., CHARITABLE DAF HOLDCO, LTD., CHARITABLE DAF FUND, LP, HIGHLAND DALLAS FOUNDATION, INC., THE DUGABOY INVESTMENT TRUST, GRANT JAMES SCOTT III IN HIS INDIVIDUAL CAPACITY, AS TRUSTEE OF THE DUGABOY INVESTMENT TRUST, AND AS TRUSTEE OF THE GET GOOD NONEXEMPT TRUST, AND JAMES D. DONDERO, | ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DECLARATION OF MARC S. KIRSCHNER IN SUPPORT OF
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'
MOTION TO FURTHER EXTEND THE STAY OF THE
ADVERSARY PROCEEDING THROUGH OCTOBER 15, 2021**

Pursuant to 28 U.S.C. Section 1746, Marc S. Kirschner declares as follows:

1.     I am a Senior Managing Director with Teneo Capital, LLC ("Teneo"), an international consulting and advisory firm. I submit this Declaration on behalf of Teneo (the "Declaration") in support of the motion to further stay the adversary proceeding through October 15, 2021 (the "Stay Motion") of the Official Committee of Unsecured Creditors (the "Committee")

---

1 The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

of Highland Capital Management, L.P., the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Debtor"). Except as otherwise noted, I have personal knowledge of the matters set forth herein.

2.        My firm and I have a wealth of experience in providing litigation support, investigation and advisory services in restructurings and reorganizations and enjoy an excellent reputation for services we have rendered in chapter 11 cases on behalf of debtors, creditors and trusts throughout the United States.  I have decades of experience as a bankruptcy and restructuring lawyer, distressed debt investor, financial advisor and fiduciary.  I founded and led for 15 years the bankruptcy department in the New York office of the global law firm, Jones Day, until my retirement from the private practice of law.  Thereafter, I was appointed by SDNY Bankruptcy Judge Robert Drain as Chapter 11 Trustee of Refco Capital Markets, a global securities and derivatives dealer, which was one of the largest cases ever for which a Chapter 11 Trustee was appointed and continued post confirmation as Litigation Trustee for two trusts formed under Refco's Plan.  I am recognized as a leading authority in pursuing billion dollar fraudulent conveyance and other claims on behalf of litigation trusts, and am currently serving as Litigation Trustee for Tribune Litigation Trust and Millennium Health Litigation Trusts in Delaware and the 9 West Litigation Trust in New York.  I also served as Litigation Trustee for the SNTL (Superior National Insurance Group) Litigation Trust in Los Angeles, the Yellowstone Mountain Club Litigation Trust in Montana, and the Le-Natures Litigation Trust in the Western District of Pennsylvania.  I am a Fellow of the American College of Bankruptcy.  The Court has previously reviewed my curriculum vitae and concluded that I have "substantial experience in bankruptcy litigation matters,  particularly with respect to [my] prior experience as a litigation trustee for

several litigation trusts as set forth on the record of the Confirmation Hearing and in the Confirmation Brief." [Docket No. 1943 at ¶ 45].

3.      On February 22, 2021 [Docket No. 1943], the Court confirmed the Debtor's *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* (the "<u>Plan</u>").

4.      Upon the effective date of the Plan, a Litigation Sub-Trust, created for the benefit of the holders of claims and interests in the Debtor, will be vested with certain claims and causes of action of the Debtor, including this Adversary Proceeding[3] (the "<u>Causes of Action</u>"). Upon the effective date of the Plan, I will become the trustee of the Litigation Sub-Trust.

5.      Due to the delay in the effective date of the Plan, on Friday, May 14, 2021, the Committee filed its *Application for Order Pursuant to Section 1103 of the Bankruptcy Code Authorizing the Employment and Retention of Teneo Capital, LLC as Litigation Advisor to the Official Committee of Unsecured Creditors Effective April 15, 2021* [Docket No. 2306] to retain and employ my firm pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code to perform litigation advisory services for the Committee in this chapter 11 case, including this Adversary Proceeding (the "<u>Litigation Advisor</u>"), until the effective date of the Plan and creation of the Litigation Sub-Trust.

6.      On May 18, 2021, the Committee filed an Emergency Motion to Stay the Adversary Proceeding for 90 Days [Adv. Pro. Docket No. 46] (the "<u>Initial Stay Motion</u>"), in order to provide me with the necessary time to familiarize myself with the Adversary Proceeding, so as to

---

3   Capitalized terms used but not defined herein shall have the respective meanings given to them in the Stay Motion.

adequately and efficiently defend the Motions to Withdraw the Reference, the Motions to Dismiss, and to effectively manage the litigation of the Adversary Proceeding in its entirety.

7.      In connection with those efforts, I instructed the Committee to file a motion (the "Rule 2004 Motion") for entry of an order authorizing and directing discovery relating to the topics listed in Section V of the Rule 2004 Motion from the corresponding parties listed in that Section (collectively, the "Rule 2004 Parties"), in order to ensure that all of the Debtor's meritorious Causes of Action are properly and efficiently investigated and prosecuted.  The Rule 2004 Parties include the defendants to the Adversary Proceeding in some instances, but I have no intention of seeking any discovery related to the facts giving rise to the Adversary Proceeding through the Rule 2004 Motion.  The Examination Topics relate to relationships and transactions that are not implicated in the Adversary Proceeding, and the proposed requested documents all have been drafted with multiple carveouts intended to exclude discovery related to the CLO Holdco Transaction.

8.      I have used the time since the Original Stay Order was entered to familiarize myself with the Adversary Proceeding and the transactions underlying it, and to investigate the Debtor's byzantine structure and other transactions relating to the Debtor and its myriad Related Entities—many of which are the subject of the Committee's Estate Claims investigation and the Rule 2004 Motion.  Indeed, in conducting this investigation, Teneo's forensic and litigation support professionals spent over 1,200 hours between April 15 and June 30, 2021 investigating myriad potential claims and causes of action for the benefit of all unsecured creditors, including claims relating to the Adversary Proceeding.  I have personally spent over 180 hours during this period directing the overall strategy and approach to this investigation.  This work has continued at an

active pace to date. Yet, additional time is necessary to complete this overall investigation, including to implement discovery under the Rule 2004 Motion to ensure maximum recoveries for the benefit of all unsecured creditors in an efficient and effective manner.

9.     An additional stay of less than two months—through October 15, 2021 (*i.e.*, approximately 2 years after the Petition Date)—is in the best interests of the Debtor's estate and the potential recoveries for the Debtor's creditors, and will promote judicial efficiency by providing me with the necessary time to determine whether to seek leave to amend the complaint filed in the Adversary Proceeding (the "Complaint"), and/or file additional Causes of Action against the defendants to the Adversary Proceeding, their related parties and/or others, and to ensure that the Complaint or any amended complaint and any additional Causes of Action that may be commenced may be litigated on a consolidated basis.

10.     For all of these reasons, I respectfully request the Court grant the Committee's request for an Order further staying all proceedings in the Adversary Proceeding through October 15, 2021.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this _29th_ day of July, 2021

Marc Kirschner
Senior Managing Director
Teneo Capital, LLC