**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 19-34054-sgj11** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § § | **Chapter 11** |
| | § | |
| **Debtor** | § | |

| | | |
|---|---|---|
| **OFFICIAL COMMITTEE OF UNSECURED CREDITORS,** | § § § § | **Adversary No. 20-03195** |
| **Plaintiff,** | § § | |
| **vs.** | § § | |
| **CLO HOLDCO, LTD., CHARITABLE DAF HOLDCO, LTD., CHARITABLE DAF FUND, LP, HIGHLAND DALLAS FOUNDATION, INC., THE DUGABOY INVESTMENT TRUST, GRANT JAMES** | § § § § § § | |

| | |
|---|---|
| **SCOTT III IN HIS INDIVIDUAL CAPACITY, AS TRUSTEE OF THE DUGABOY INVESTMENT TRUST, AND AS TRUSTEE OF THE GET GOOD NONEXEMPT TRUST, AND JAMES D. DONDERO,** | § § § § § § § |
| **Defendants.** | |

# STIPULATION AND ORDER REGARDING REGISTRY FUNDS AND DISMISSAL OF MOTION FOR PRELIMINARY INJUNCTION

CLO HoldCo, LTD. ("CLO HoldCo") a defendant herein and Marc S. Kirschner, as Litigation Trustee (the "Litigation Trustee") of the Litigation Sub-Trust (the "Trust") established pursuant to the Fifth Amended Plan of Reorganization (the "Plan") of Highland Capital Management L.P. (the "Debtor") [Bankruptcy Case, Dkt. No. 1472], which is substituted as plaintiff ("Plaintiff") pursuant to the Plan, hereby submit this stipulation and order ("Stipulation and Order") to the Court for approval (CLO HoldCo and Plaintiff are sometimes referred to collectively as the "Parties").

1. Currently the Registry of the Court contains the principal amount of Two Million Four Hundred Fourteen Thousand Four Hundred Twenty-Nine and 91/100ths Dollars ($2,414,429.91) (together with earnings thereupon in an unknown amount), pursuant to the Court's *Order Denying Motion for Remittance of Funds Held in Registry of Court* [Bankruptcy Case, Dkt. No. 825] ("Registry Funds").

2. On July 29, 2021, the Plaintiff filed the *Motion to Further Extend the Stay of the Adversary Proceeding through October 15, 2021* [Dkt. No. 70] (the "Second Motion to Stay").

3. At the August 19, 2021 hearing, the Court granted the Second Motion to Stay, in substantial part. The Court ruled that: "There is no stay with regard to motions, applications pertaining to the

money in the registry of the court . . . the stay will not apply with regard to that being teed up."

Transcript, August 19, 2021, p. 47:18-48:4

4. The Court entered the jointly submitted order on August 23, 2021 (the "Order Granting the Second Motion to Stay"). Dkt. No. 84. The Order Granting the Second Motion to Stay states that:

> The Litigation Trustee (as defined in the Plan), which is substituted as plaintiff ("Plaintiff"), and defendant CLO HoldCo, Ltd. ("CLO HoldCo") shall meet and confer in an effort to resolve any disputes concerning monies held in the Court's registry (the "Registry Funds") pursuant to the Court's Order Denying Motion for Remittance of Funds Held in Registry of Court [Docket No. 825]. If Plaintiff and CLO HoldCo are unable to reach resolution concerning the Registry Funds, then, notwithstanding Paragraph 2 of this Order, the Stay shall not affect the rights of Plaintiff or CLO HoldCo with respect to the Registry Funds, and either shall be free to seek further relief from this Court relating to the Registry Funds.

Order Granting the Second Motion to Stay, ¶3.

5. CLO HoldCo and Plaintiff have met and conferred, and have reached this Stipulation and Order to be submitted to the Court for approval.

6. The Registry Funds are to be paid to CLO HoldCo, Ltd., less any applicable fees charged against interest earnings as provided for by this Court's fee schedule promulgated pursuant to 28 U.S.C. §1930. CLO HoldCo discloses and asserts that upon its receipt of the Registry Funds, it intends to transfer the Registry Funds up through its affiliates to the Highland Dallas Foundation and that the Highland Dallas Foundation will pledge the entirety of the Registry Funds for charitable purposes.

7. CLO HoldCo shall, and represents that it will, in the ordinary course of its business, maintain within the United States assets of a value equal to the amount of the Registry Funds paid to it pursuant to this Stipulation. Plaintiff has requested that CLO HoldCo disclose the assets that CLO HoldCo intends to maintain within the United States, CLO HoldCo's view of the value of

3

such assets, and the underlying support for such valuation. CLO HoldCo submits that it will maintain interests in real property assets of an unencumbered value of at least the amount of the Registry Funds ("CLO Asset Value"), and further that undersigned counsel for CLO HoldCo shall provide counsel for the Trust with a quarterly certification of Mark Patrick confirming the maintenance of the CLO Asset Value, in the form of a declaration under 28 U.S.C §1746.

8. Plaintiff hereby withdraws the *Motion for Preliminary Injunction* [Dkt. No. 7] (the "Motion for Preliminary Injunction") and those portions the *Adversary Complaint* [Dkt. No. 6] (the "Complaint") which move for injunctive relief as to the Registry Funds, and the withdrawal is approved.

9. The Parties agree that all rights and defenses of each of the Parties regarding this captioned adversary proceeding and any and all motions, responses, of either of the Parties and such other proceedings as may arise within this adversary proceeding or otherwise, excepting the requests for injunctive relief withdrawn herein, including Plaintiff's rights to challenge CLO HoldCo's transfer of the Registry Funds, and the defenses of CLO HoldCo or any other party, including without limitations, defendants in this Adversary Proceeding or otherwise, and any failure to maintain within the United States assets of a value equal to the amount of the Registry Funds, are otherwise reserved in all respects, and this Stipulation and Order shall be an order of this Court directing and recognizing such reservations of rights.

10. The Parties agree and this Stipulation and Order shall constitute a final order of this Court under and as required by 28 U.S.C. §2042 and Federal Rule of Bankruptcy Procedure 7067.

#### End of Stipulation and Order ####

**AGREED AS TO FORM, ENTRY, AND SUBSTANCE:**

| | |
|---|---|
| **SIDLEY AUSTIN LLP** | **KELLY HART PITRE** |
| */s/ Paige Holden Montgomery* | */s/ Louis M. Phillips* |
| Paige Holden Montgomery | **Louis M. Phillips (#10505)** |
| Penny P. Reid | One American Place |
| Juliana L. Hoffman | 301 Main Street, Suite 1600 |
| 2021 McKinney Avenue | Baton Rouge, LA 70801-1916 |
| Suite 2000 | Telephone: (225) 381-9643 |
| Dallas, Texas 74201 | Facsimile: (225) 336-9763 |
| Telephone: (214) 981-3300 | Email: louis.phillips@kellyhart.com |
| Facsimile: (214) 981-3400 | Amelia L. Hurt (LA #36817, TX #24092553) |

-and-

Matthew A. Clemente (admitted *pro hac vice*)
Dennis M. Twomey (admitted *pro hac vice*)
Alyssa Russell (admitted *pro hac vice*)
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

400 Poydras Street, Suite 1812
New Orleans, LA 70130
Telephone: (504) 522-1812
Facsimile: (504) 522-1813
Email: amelia.hurt@kellyhart.com

And

**KELLY HART & HALLMAN**
Hugh G. Connor II
State Bar No. 00787272
hugh.connor@kellyhart.com
Michael D. Anderson
State Bar No. 24031699
michael.anderson@kellyhart.com
Katherine T. Hopkins
Texas Bar No. 24070737
katherine.hopkins@kellyhart.com
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500

-and-

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Susheel Kirpalani
Deborah J. Newman
Benjamin I. Finestone
51 Madison Avenue
Floor 22
New York, NY 10010
Telephone: (212) 849-7000

*Counsel for Marc S. Kirschner, as Litigation Trustee of the Highland Capital Management, L.P. Litigation Sub-Trust*

*Counsel for CLO Holdco, Ltd.*

5